F. #2016R00467

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

NG CHONG HWA,
          also known as "Roger Ng,"

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PROTECTIVE ORDER

Cr. No. <u>18-538 (MKB)</u>

        IT IS HEREBY ORDERED by the Court, pursuant to Federal Rule of Criminal

Procedure 16(d), that:

        1.      All material and information disclosed or produced pursuant to Rule 16 of

the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to <u>Brady</u>

<u>v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), to the

defendant NG CHONG HWA, also known as "Roger Ng" (the "Defendant"), and the

Defendant's counsel ("Defense Counsel"),[1] by the government in the above-captioned case

(hereinafter, the "Discovery Materials") shall be governed by this protective order (the

"Protective Order").

        2.      Discovery Materials, however designated, and any and all copies, notes,

transcripts, documents and other information and materials derived or prepared from the

Discovery Materials, may be used by the Defendant, Defense Counsel and Defense Staff (which

---

[1] Defense Counsel is defined as lawyers for Brafman & Associates P.C.

1

is defined as non-lawyer staff employed by Defense Counsel, as well as expert witnesses, investigators and interpreters retained by Defense Counsel) only for the purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

3.      Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the Defendant and/or Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed, disseminated or discussed by the Defendant, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.

4.      The Defendant, Defense Counsel, and Defense Staff may use Discovery Materials without consent of the government or further order of the Court, so long as any person to whom the Discovery Materials are shown has signed this Protective Order, or has been provided a copy of this Protective Order, signed Attachment A to this Protective Order, and provided the signed copy to Defense Counsel.

5.      Defense Counsel may disclose or discuss Discovery Materials to or with a person who is contacted or interviewed by Defense Counsel or Defense Staff in good faith as a potential witness, as well as that potential witness's counsel without further order of the Court, provided that such potential witness and that potential witness's counsel have been provided with a copy of this Protective Order, signed Attachment A to this Protective Order, and provided the

2

signed copy to Defense Counsel.  Before disclosing Discovery Materials to a witness or potential

witness, Defense Counsel must redact information of the type identified in Rule 49.1(a) of the

Federal Rules of Criminal Procedure.  In no case, however, may Defense Counsel or Defense

Staff allow a potential witness or a potential witness's counsel to retain the Discovery Materials,

other than attorney work product based on Discovery Materials, which work product shall not be

disclosed, disseminated or discussed publicly or with any person not entitled to view the

Discovery Materials under this Protective Order, and may be retained only by a potential

witness.

6.     If a co-defendant has appeared in the above-captioned case, Defense

Counsel may disclose or discuss Discovery Materials to or with a co-defendant, the

co-defendant's counsel, or counsel's staff, irrespective of paragraph 5 above, so long as the

co-defendant and the co-defendant's counsel have either become a party to this Protective Order

or signed a standalone order containing identical protections, and the respective order is filed on

the above-captioned docket.

7.     In the event the Defendant, Defense Counsel and/or Defense Staff wish to

disclose or discuss any portion of the Discovery Materials or any copies, notes, transcripts,

documents, or other information and materials derived or prepared from the Discovery Materials

to or with any individual to whom, or in a manner in which, disclosure is not authorized by this

Protective Order, they may seek the government's agreement to do so.  In the absence of such

agreement, Defense Counsel must (a) provide advance notice to the government or Firewall

Counsel[2] and (b) make an application to the Court for authorization to make such disclosure, which application may be made *ex parte* where necessary to maintain confidentiality of defense strategy. Such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument as to the propriety of such disclosure.

8.     None of the Discovery Materials nor any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

9.     In the event the Defendant, Defense Counsel, Defense Staff or the government wish to attach any portion of the Discovery Materials to public filings made with the Court, Defense Counsel and/or the government must either: (a) file the Discovery Materials under seal and indicate to the Court their position with regard to whether the Discovery Material should remain under seal, such that the government or Defense Counsel may then inform the Court of its position with regard to sealing and the Court can decide whether the filed Discovery Materials should remain sealed; or (b) confer with the opposing party as to whether the Discovery Materials should remain under seal, such that upon agreement of the parties, such restriction may be lifted and the material may be publicly filed without further order of the Court. Additionally, if any portions of the Discovery Materials containing confidential supervisory information of the Board of Governors of the Federal Reserve System ("Board of

---

[2] Government attorneys identified to the Court and to the Defendant will serve as Firewall Counsel. Firewall Counsel will have no role in the investigation and will not share information received from Defense Counsel with the prosecution team.

Governors") are to be attached to public filings or discussed in open court, the parties shall provide the Board of Governors with reasonable advance notice in order to provide the Board with an opportunity to object.

10.     If the Defendant obtains substitute counsel, the Defendant, Defense Staff, or Defense Counsel will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs Attachment A to this Protective Order, and provides a signed copy of Attachment A to the government.

11.     Discovery Materials specifically identified by the government as sensitive discovery material, including documents identified as containing confidential supervisory information of the Board of Governors (the "Sensitive Discovery Material"), and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material, shall not under any circumstances be taken, transmitted or accessed, in whole or in part, outside of the United States of America, except as otherwise provided in this Protective Order.

12.     The Defendant may review the Sensitive Discovery Material only in the presence of Defense Counsel or Defense Staff.  The Defendant is prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material.

13. If Defense Counsel chooses to share the Sensitive Discovery Material in the United States with the Defendant, a witness and/or a witness's counsel ("U.S. Person"), that Sensitive Discovery Material must be shared in the presence of Defense Counsel. Prior to such sharing, the U.S. Person must sign Attachment A to this Protective Order and provide a signed copy of Attachment A to Firewall Counsel. In no case, however, may the Defendant, Defense Counsel, or Defense Staff allow a U.S. Person to retain the Sensitive Discovery Material or any copies thereof. Counsel for a U.S. Person may create and retain work product based on Sensitive Discovery Material, which work product shall not be disclosed, disseminated or discussed publicly or with any person not entitled to view the Sensitive Discovery Material under this Protective Order. All such work product shall not under any circumstances be taken, transmitted or accessed, in whole or in part, outside of the United States.

14. If Defense Counsel seek to share Sensitive Discovery Material with a potential witness who is located abroad ("International Person"), the Defendant will provide notice to the government that the International Person seeks to review Sensitive Discovery Material. Such notice shall identify the International Person but not identify the particular Sensitive Discovery Material at issue. Absent a specific showing by the government as to why the circumstances do not warrant such action, which may be provided to the Court on an *ex parte* basis, the U.S. Attorney's Office for the Eastern District of New York, the Money Laundering and Asset Recovery Section and the Fraud Section in the Criminal Division of the U.S. Department of Justice (collectively, the "Prosecution Team") will, within 14 days, unless good cause is shown to the Court explaining why additional time is required, provide a letter guaranteeing safe passage for the International Person to travel to the United States, certifying

6

that the Prosecution Team will not take any action or cause any government officer or agency to take any action to cause the International Person to be subject to service of process, arrest, or detention, or otherwise pursue any action that would cause the International Person to be prevented from freely entering or freely leaving the United States, except for any action relating to a crime committed during the period of safe passage.  Any disclosure of the Sensitive Discovery Material to individuals who are granted safe passage must comply with Paragraphs 12 and 13 above.

15.     Upon an assessment by both parties that an International Person is unable to travel to the United States, including because of an objective, good faith belief that the International Person may be subject to service of process, arrest or prosecution not covered by a safe passage letter as described in paragraph 14, or if the government does not provide a safe passage letter as described in paragraph 14, the government and Defense Counsel will confer to devise a means for the International Person to review Sensitive Discovery Material outside the United States in the presence of Defense Counsel and counsel for the International Person.  Such disclosure may only be made if the International Person and his/her counsel have been provided with and signed Attachment A to this Protective Order and have provided the signed Attachment A to the government.  The government and Defense Counsel may seek intervention from the Court on an *ex parte* basis or otherwise should the parties be unable to reach an agreement.  In no case, however, may Defense Counsel or Defense Staff allow an International Person or his/her lawyer reviewing the Sensitive Discovery Material outside the United States to retain the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material, except to the extent necessary to

7

review the Sensitive Discovery Material in the presence of Defense Counsel and the

International Person's counsel and transport such work product back to the United States.

16.     All Discovery Material specifically identified by the government as

material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material")

shall be treated as if it had been designated as Sensitive Discovery Material with the additional

limitations discussed in paragraphs 17 and 18 below.

17.     Attorneys' Eyes Only Material may be reviewed only by Defense Counsel

and Defense Staff, as defined in paragraphs 1 and 2 above, respectively, and only if such

Defense Counsel and Defense Staff are citizens of the United States.  Attorneys' Eyes Only

Material may not be disseminated to or reviewed by any other person, including the Defendant.

Attorneys' Eyes Only Material may be shared with the Defendant under the constraints

applicable to Sensitive Discovery Materials two weeks before trial unless the government shows

good cause why it should not be shared.  If the government and Defense Counsel are not able to

reach agreement on the sharing of Attorneys' Eyes Only Materials, the government and Defense

Counsel may seek intervention from the Court on an *ex parte* basis or otherwise.

18.     Attorneys' Eyes Only Material must be maintained on a stand-alone

computer or computers within the office of Defense Counsel, not connected to the internet, and

may not be transported or transmitted from those stand-alone computers without order of this

Court.

19.     Any documents, material, or information may be designated Sensitive

Discovery Material only upon a good-faith belief by the government that such materials contain:

identifying information for any potential witness, victim or individual not a party to this

8

litigation; proprietary or sensitive information of a victim financial institution or of a witness;

national security or law enforcement sensitive information; information that could implicate the

safety of others; information that could impede an ongoing law enforcement investigation;

confidential supervisory information of the Board of Governors; and/or any other information that

the government deems in need of heightened protection under this Protective Order.  If the

government and Defense Counsel do not agree that certain material should be designated as

Sensitive Discovery Material, the Defendant may provide notice to the government and a

reasoned explanation regarding why the Defendant does not believe the materials require

treatment as Sensitive Discovery Material.  To the extent the parties do not agree, the

government may make an application to the Court and seek to establish good cause regarding

why the material should be treated as Sensitive Discovery Material.  The Defendant shall treat the

material as Sensitive Discovery Material pending any determination by the Court.

   20. Any documents, material, or information may be designated Attorneys'

Eyes Only Material only upon a good-faith belief by the government that designation as Sensitive

Discovery Material provides insufficient protection to such materials.  If the government and

Defense Counsel do not agree that certain material should be designated as Attorneys' Eyes Only,

Defense Counsel may provide notice to the government and a reasoned explanation regarding

why Defense Counsel does not believe the materials require treatment as Attorneys' Eyes Only

Material.  To the extent the parties do not agree, the government may make an application to the

Court and seek to establish good cause regarding why the material should be treated as Attorneys'

Eyes Only Material.  Defense Counsel shall treat the material as Attorneys' Eyes Only Material

pending any determination by the Court.

21.      Any documents, material, or  information determined to be  Sensitive Discovery Material or Attorneys' Eyes Only Material may be so designated by stamping the legend "SENSITIVE" or "SENSITIVE-ATTORNEYS' EYES ONLY" on the document or by otherwise indicating the appropriate designation prior to production of the material or information.  While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted.  Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive or Sensitive-Attorneys' Eyes Only material.

22.      The Defendant and Defense Counsel will return to the government the Discovery Materials, the Sensitive Discovery Material and the Attorneys' Eyes Only Material and all copies thereof, whether in the possession of the Defendant, Defense Counsel, Defense Staff or any other signatory to Attachment A to this Protective Order, when the Defendant concludes all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

23.     Nothing in this Protective Order shall preclude the government or the Defendant from seeking a further order pursuant to Rule 16(d) as to particular items of the Discovery Materials.

24.     Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

25.     In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

26.   Upon determination by the Court of a violation of this Protective Order,

the Court may take such action as it deems appropriate.

Dated:   Brooklyn, New York
         July ⟋⟍, 2019

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By:

Jacquelyn M. Kasulis
Alixandra E. Smith
Drew G. Rolle
Assistant U.S. Attorneys

ROBERT ZINK
Acting Chief, Fraud Section, Criminal
Division
U.S. Department of Justice

By:

Katherine A. Nielsen
Nikhila Raj
Trial Attorneys

DEBORAH L. CONNOR
Chief, Money Laundering and Asset
Recovery Section, Criminal Division
U.S. Department of Justice

By:

Jennifer E. Ambuehl
Woo S. Lee
Mary Ann McCarthy
Kyle Freeny
Trial Attorneys

12



NG CHONG HWA
Defendant

Brafman & Associates P.C.
Marc Agnifilo
Teny Geragos
Jacob Kaplan

SO ORDERED:

_____
THE HONORABLE MARGO K. BRODIE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

**Attachment A to Protective Order**

I have reviewed the Protective Order in <u>United States v. Ng Chong Hwa</u>, 18-CR-538 (MKB) and agree to comply with all of the terms and conditions therein.

| Full Legal Name | Title and Organization | Signature | Date |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |