# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY & CA
STUART GOLD

March 20, 2020

<u>VIA ECF</u>
The Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>United States v. Ng Chong Hwa a.k.a Roger Ng</u>, 18 Cr. 538 (MKB)

Dear Judge Brodie:

      We represent Defendant Roger Ng in the above-referenced case and write with the consent of the government regarding a modification of the Protective Order. (Dkt. 26.) On July 23, 2019, this Court signed the agreed-upon proposed Protective Order. (<u>Id.</u>) Among other provisions, this Protective Order allows the Defendant to "review the Sensitive Discovery Material only in the presence of Defense Counsel or Defense Staff."[1] Accordingly, the terms of the Order do not allow him to review discovery at home. (<u>Id.</u> ¶ 12.) Currently, Mr. Ng is permitted to review discovery at our office weekdays from 10:00 am to 6:00 pm. (<u>See</u> Dkt. 34; 2/5/20 Order.)

      Discovery in this matter is voluminous—the government has produced over 808 gigabytes of data equaling over 1,200,000 documents. In order to be ready for our mid-September 2020 trial, Mr. Ng must continue to review the discovery without interruption between now and the trial date. In light of the Governor of New York State's official policy that

---

[1] The vast majority of the Discovery consists of "Sensitive Discovery Material" as defined by the Protective Order in paragraph 11 and as designated by the government in Rule 16 Discovery Letters.

BRAFMAN & ASSOCIATES, P.C.

he announced today requiring 100% of the workforce to work from home (except essential services), we ask the Court to suspend that portion of the Protective Order requiring Mr. Ng to review Sensitive Discovery Material only in the office in the presence of a member of his legal team. Instead, counsel requests that the Defendant be allowed to review discovery at home while connected via tele-conference with counsel.

      A proposed order is attached hereto as Exhibit A. Thank you for your time and attention to this matter.

      Respectfully submitted,

Marc A. Agnifilo, Esq., *Of Counsel*
Teny R. Geragos, Esq.
Jacob Kaplan, Esq.

cc:    Counsel for the government (via ECF)

Brafman & Associates, P.C.

Brafman & Associates, P.C.