UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- v. -<br><br>NG CHONG HWA a.k.a. Roger Ng,<br><br>　　　　　　　　　Defendant. | No. 18-cr-538 (MKB)<br><br>Date of service: October 30, 2020<br><br>**NOTICE OF MOTION**<br><br>**ORAL ARGUMENT REQUESTED** |

     PLEASE TAKE NOTICE that, upon the annexed Memorandum of Law, dated October 30, 2020, Defendant Roger Ng, through the undersigned attorney, Marc A. Agnifilo, moves the Honorable Margo K. Brodie, for an Order granting the following relief:

1. Dismissing the Indictment for lack of venue over the charged conduct;

2. Dismissing Count One of the Indictment because it eliminates an essential element of the offense;

3. Dismissing Count Two of the Indictment because it fails to allege that the defendant conspired to circumvent a set of internal accounting controls cognizable under the FCPA;

4. Dismissing Count Three of the Indictment because it fails to provide notice of Money Laundering pursuant to Federal Rule of Criminal Procedure 7(c)(1);

5. Modifying the Deferred Prosecution Agreement entered into in United States v. Goldman Sachs Group Inc;

6. Ordering the prompt production of Brady materials, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including Giglio v. United States, 405 U.S. 150 (1972), and United States v. Bagley, 473 U.S. 667 (1985), the Fifth and Sixth Amendments to the Constitution of the United States and applicable law;

7. Ordering the Government to change the designation of more than 110,000 "Attorney's Eyes Only" items to "Sensitive Discovery Material";

8.  And for such further relief as the Court may deem proper.

Pursuant to Paragraph 9 of the Protective Order, which requires the parties to file "Discovery Materials under seal," counsel is filing the accompanying memorandum of law under seal out of an abundance of caution. (Dkt. 26 ¶ 9.) However, it is counsel's position the memorandum (with the exception of Point Seven above) should be unsealed. (Id., noting that defense counsel should "indicate to the Court their position with regard to whether the Discovery Material should remain under seal.")

Dated:      October 30, 2020
            New York, NY

                                             Respectfully submitted,

                                             /s/
                                             Marc A. Agnifilo, Esq., *Of Counsel*
                                             Zach Intrater, Esq., *Of Counsel*
                                             Teny R. Geragos, Esq.
                                             Jacob Kaplan, Esq.

                                             **BRAFMAN & ASSOCIATES, P.C.**
                                             767 Third Avenue, 26th Floor
                                             New York, NY 10017
                                             (212)750-7800

cc:     Counsel for the Government (via ECF and email)