# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ZACH INTRATER
OF COUNSEL

ANDREA L. ZELLAN

JOSHUA D. KIRSHNER

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

November 23, 2020

VIA ECF

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Ng Chong Hwa a.k.a Roger Ng, 18 Cr. 538 (MKB)

Dear Judge Brodie:

We submit this brief reply to the Government's letter (dkt. 49) in response to defendant Roger Ng's request to unseal his memorandum in full (dkt. 45). The Government "seeks to keep under seal portions of pages 4, 5, 92 and 98" in the memorandum supporting the Ng's motions (dkt. 46).[1] (Dkt. 49, Gov't Response at 1.) The Government submits that for the reasons set forth in an ex parte letter, public disclosure of the redacted memorandum "implicates sufficiently higher values" that warrant continued sealing. (Id.) (quoting United States v. Alcantara, 396 F.3d 189, 199 (2d Cir. 2005).)

Ng raises four primary issues. First, that any ex parte submissions concerning ▮▮▮▮▮ be provided to defense counsel. Second, that the issue the Government seeks to prevent the public from knowing is something the public already knows. Third, that ▮▮▮▮▮

---

[1] For the sake of completeness, the defense agrees to continue to redact the materials provided under the "Attorney Eyes Only" provision. The disputed redactions relate only to certain statements regarding ▮▮▮▮▮

BRAFMAN & ASSOCIATES, P.C.

is central to Ng's motions. Fourth, that there is no known threat to any person justifying continued sealing.

1. The Government Should Not Communicate Ex Parte With the Court About ▬▬

As an initial matter, Ng contends that any correspondence to the Court concerning ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ – should be provided to counsel. The Government should not be permitted, most respectfully, to provide information to the Court about such a central issue in this case without it also be made available to Ng, whose liberty hangs in the balance. For the Government to communicate with the Court privately is unwarranted and unfair. Accordingly, as an initial request, defense counsel asks that we be provided with whatever communications the Government has provided to the Court about ▬▬▬▬▬▬.

2. The Public Already Knows That Which the Government Seeks to Conceal

There has been extensive news reporting concerning ▬▬▬▬▬▬▬▬▬▬ – a fact that Ng seeks to unseal. Indeed, none of this is news at all.[2] What's more, Ng is aware ▬▬▬▬▬ ▬▬▬▬▬ not because it was learned in discovery, but because it is readily apparent from documents that have been publicly-filed.[3] Therefore, the Government seeks to keep from public view aspects of the motions that have indeed already been made public.

3. ▬▬▬▬ Status Is Central to Certain Defense Motions

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ is not an incidental fact. Rather, it is a central aspect of this case and it is an issue that is at the heart of one of the Ng's motions, specifically the

---

[2] Nicole Hong, Justice Department Charges Ex-Goldman Bankers in Malaysia 1MDB Scandal, WALL STREET JOURNAL (Nov. 1, 2018), https://www.wsj.com/articles/justice-department-to-charge-former-goldman-bankers-in-malaysia-1mdb-scandal-1541077318; Bradley Hope, U.S. Investigating Deutsche Bank's Dealings With Malaysian Fund 1MDB, WALL STREET JOURNAL (July 10, 2019) https://www.wsj.com/articles/u-s-investigating-deutsche-bank-s-dealings-with-malaysian-fund-1mdb-11562798907; Bradley Hope, Malaysia's Missing Billions, WALL STREET JOURNAL (July 28, 2020), https://www.wsj.com/articles/malaysias-missing-billions-11595617242?page=1; Dave Michaels, Goldman Sachs to Pay $2.8 Billion, Admit Wrongdoing to Settle 1MDB Charges, WALL STREET JOURNAL (Oct. 20, 2020), https://www.wsj.com/articles/goldman-sachs-to-pay-2-8-billion-admit-wrongdoing-to-settle-1mdb-charges-11603202983?page=1.

[3] ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

BRAFMAN & ASSOCIATES, P.C.

motion to gain access to the communications between ▮▮▮▮▮▮ counsel and the prosecution.[4] To keep parts of this motion sealed, therefore, is inconsistent with the Court's historic and Constitutional role as being public, especially when an issue has been raised ▮▮▮▮▮ ▮▮▮ to be relevant to these motions.

    4.    <u>There Is No Safety Concern</u>

The Government seeks to keep part of Ng's motion from public view, but has not disclosed its basis to seek such an unusual remedy. Again, we have not been provided with the Government's communications with the Court in this regard. Therefore, based on the facts known to Ng, we assert that there is no factual basis in the form of a threat or other urgency to justify the relief the Government seeks here. <u>See e.g.</u>, <u>United States v. Key</u>, 2010 WL 3724358, at *2 (E.D.N.Y. Sept. 15, 2010) (the safety of a cooperating defendant can constitute a compelling interest that may be weighed against a First Amendment presumption of access); <u>United States v. Amodeo</u>, 71 F.3d 1044, 1050 (2d Cir. 1995) (holding that if release of information "is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access."); <u>see also</u> Order to Show Cause at 3–4, <u>In re Motion for Civil Contempt by John Doe</u>, 16–mc–0706 (E.D.N.Y. March 14, 2016) (noting a unique interest in maintaining documents regarding cooperation even after an investigation ends in order not to "hinder the Government's efforts to obtain future cooperation from others"). Rather, the law is clear that under these circumstances, the entirety of the Ng's motion papers (other than, as noted, the Attorney Eyes Only materials) be made public.

For these reasons, the redacted portions of pages 4, 5, 92 and 98 should be unredacted. We thank the Court for its attention to this matter.

    Respectfully submitted,

    *[signature]*

    Marc A. Agnifilo, Esq., *Of Counsel*
    Zach Intrater, Esq., *Of Counsel*
    Teny R. Geragos, Esq.
    Jacob Kaplan, Esq.

cc:    Counsel for the Government (via ECF)

---

[4] As argued in Ng's Motion and supporting papers, Ng requested these communications from the Government and the Government did not provide them. This necessitated filing a motion for these communications.