# EXHIBIT B

EXTRADITION TREATY

BETWEEN

THE GOVERNMENT OF THE UNITED STATES OF AMERICA

AND

THE GOVERNMENT OF MALAYSIA

## TABLE OF CONTENTS

Article 1      Obligation to Extradite

Article 2      Extraditable Offenses

Article 3      Nationality

Article 4      Political and Military Offenses

Article 5      Prior Prosecution

Article 6      Capital Punishment

Article 7      Extradition Procedures and Required Documents

Article 8      Admissibility of Documents

Article 9      Translation

Article 10     Additional Documentation

Article 11     Provisional Arrest

Article 12     Decision and Surrender

Article 13     Temporary and Deferred Surrender

Article 14     Requests for Extradition Made By Several States

Article 15     Seizure and Surrender of Property

Article 16     Rule of Specialty

Article 17     Waiver of Extradition Proceedings

Article 18     Transit

Article 19     Representation and Expenses

Article 20     Consultation

Article 21     Application

Article 22     Entry into Force

Article 23     Termination

The Government of the United States of America and

the Government of Malaysia


Recalling the Extradition Treaty applicable between the Contracting States, signed at London December 22, 1931;

Noting that both the Government of the United States of America and the Government of Malaysia currently apply the terms of that treaty; and

Desiring to provide for more effective cooperation between the two States in the suppression of crime, and, for that purpose, to conclude a new treaty for the extradition of offenders;

Have agreed as follows:

- 2 -

## Article 1

### Obligation to Extradite

The Contracting States agree to extradite to each other, pursuant to the provisions of this Treaty, persons whom the authorities in the Requesting State have accused or convicted of an extraditable offense.

## Article 2

### Extraditable Offenses

1. An offense shall be an extraditable offense if it is punishable under the laws in both Contracting States by deprivation of liberty for a period of more than one (1) year, or by a more severe penalty.

2. An offense shall also be an extraditable offense if it consists of an attempt or a conspiracy to commit, aiding or abetting, counselling, causing or procuring the commission of or being an accessory before or after the fact to, any offense described in paragraph (1).

3. For the purposes of this Article, an offense shall be an extraditable offense:

- 3 -

    (a)   whether or not the laws in the Contracting States place the offense within the same category of offenses or describe the offense by the same terminology; or

    (b)   whether or not the offense is one for which United States federal law requires the showing of such matters as interstate transportation, or use of the mails or of other facilities affecting interstate or foreign commerce, such matters being merely for the purpose of establishing jurisdiction in a United States federal court.

4.   If the Requested State considers that the offense was committed within its jurisdiction, it may deny extradition.  For purposes of this paragraph, jurisdiction means the territory of the Requested State, its air space and territorial waters, and any vessels or aircraft registered in that State if such aircraft or vessel is on the high seas or in flight.  If extradition is denied pursuant to this paragraph, the Requested State shall submit the case to its competent authorities for the purpose of prosecution.

5.   If the offense has been committed outside the territory of the Requesting State, extradition shall be granted if the laws of the Requested State provide for punishment of an offense committed outside its territory in similar circumstances, and if the requirements of extradition under this Treaty are otherwise

- 4 -

met.   If the laws of the Requested State do not so provide, the executive authority of the Requested State may, in its discretion, deny extradition.

## Article 3
### Nationality

1.   Neither Contracting State shall be bound to extradite its own nationals but the executive authority of the Requested State shall have the power to extradite such persons if, in its discretion, it be deemed proper to do so.

2.   If extradition is not granted for an offense pursuant to paragraph (1), the Requested State shall, at the request of the Requesting State and if the laws of the Requested State so allow, submit the case to its competent authorities for the purpose of prosecution.

## Article 4
### Political and Military Offenses

1.   Extradition shall not be granted if the offense for which extradition is requested is a political offense.

- 5 -

2. For the purposes of this Treaty, the following offenses shall not be considered to be political offenses:

    (a) the murder or other willful crime against the person of a Head of State of one of the Contracting States, or a member of the Head of State's family;

    (b) an offense for which both Contracting States have the obligation pursuant to a multilateral international agreement to extradite the person sought or to submit the case to their competent authorities for decision as to prosecution; or

    (c) an attempt or conspiracy to commit, or aiding or abetting, counselling or procuring the commission of or being an accessory before or after the fact to, such offenses.

3. Notwithstanding the terms of paragraph (2) of this Article, extradition shall not be granted if the executive authority of the Requested State determines that the request was politically motivated.

4. The executive authority of the Requested State may refuse extradition for offenses under military law which are not offenses under ordinary criminal law.

- 6 -

## Article 5

### Prior Prosecution

1.    Extradition shall not be granted when the person sought has been convicted or acquitted in the Requested State for the offense for which extradition is requested.

2.    Extradition shall not be precluded by the fact that the authorities in the Requested State have decided not to prosecute the person sought for the acts for which extradition is requested, or have decided to discontinue any criminal proceedings which have been instituted against the person sought for those acts.

## Article 6

### Capital Punishment

In cases in which a person could be subject to capital punishment in the Requesting State but would not be subject to capital punishment in the Requested State for the same offense under the law of the Requested State, no request for extradition shall be submitted without prior consultation and agreement by both States to make such a request.

- 7 -

Article 7

Extradition Procedures and Required Documents

1.    All requests for extradition shall be submitted through the diplomatic channel.

2.    All requests shall be supported by:

    (a)   documents, statements, or other types of information which describe the identity and probable location of the person sought;

    (b)   information describing the facts of the offense and the procedural history of the case;

    (c)   a statement of the provisions of the law describing the essential elements of the offense for which extradition is requested;

    (d)   a statement of the provisions of law describing the punishment for the offense; and

    (e)   the documents, statements, or other types of information or evidence specified in paragraph (3) or (4) of this Article, as applicable.

3.    A request for extradition of a person who is sought for prosecution shall also be supported by:

    (a)   a copy of the warrant or order of arrest, if any, issued by a judge or other competent authority;

    (b)   a copy of the charging document; and

- 8 -

    (c)   such evidence as would justify committal for extradition under the laws of the Requested State, provided that neither State shall require, as a condition to extradition pursuant to this Treaty, that the other State prove a prima facie case against the person sought.

4.   A request for extradition relating to a person who has been found guilty of the offense for which extradition is sought shall also be supported by:

    (a)   a copy of the judgment of conviction, or, if such copy is not available, a statement by a judicial authority that the person has been found guilty;

    (b)   information establishing that the person sought is the person to whom the finding of guilt refers; and

    (c)   a copy of the sentence imposed, if the person sought has been sentenced, and a statement establishing to what extent the sentence has been carried out.

## Article 8

### Admissibility of Documents

The warrant of arrest, or the judicial document establishing the existence of the conviction, and any deposition or statement or other evidence given on oath or affirmed before any competent

- 9 -

authority or any certified copy thereof, shall be received in evidence in any proceedings for extradition:

    (a)   if authenticated in the case of a warrant by being signed, or in the case of any other original document by being certified by a judge, magistrate, or other competent authority of the Requesting State; or in the case of a copy by being certified to be a true copy of the original; and

    (b)   where the Requesting State is the United States of America, by being sealed with the official seal of the Attorney General of the United States or some other Minister of State; and where the Requesting State is Malaysia, by being certified by the principal diplomatic or consular officer of the United States resident in Malaysia, as provided by the extradition laws of the United States; or

    (c)   if it is authenticated in such other manner as may be permitted by the law of the Requested State.

## Article 9

### Translation

All documents submitted by the Requesting State shall be translated into the language of the Requested State unless this requirement is waived by the Requested State.

- 10 -

Article 10

Additional Documentation


1.    If the Requested State considers that the documents
furnished in support of the request for the extradition of a
person sought are not sufficient to fulfill the requirements of
this Treaty, that State shall request the submission of necessary
additional documents.  The Requested State may set a time limit
for the submission of such documents, and may grant a reasonable
extension of the time limit upon application of the Requesting
State setting forth reasons therefor.


2.    If the person sought is in custody and the additional
documents submitted are not sufficient, or if such documents are
not received within the period specified by the Requested State,
that person may be discharged from custody.  Such discharge shall
not prejudice the rearrest and the extradition of the person if
the additional documents are subsequently received.


Article 11

Provisional Arrest


1.    In case of urgency, a Contracting State may request the
provisional arrest of the person sought pending presentation of
the request for extradition.  A request for provisional arrest

- 11 -

may be transmitted through the diplomatic channel or directly
between the United States Department of Justice and the Attorney-
General's Chambers, Malaysia.  The facilities of the
International Criminal Police Organization (INTERPOL) may be used
to transmit such a request.


2.    The application for provisional arrest shall contain:

    (a)    a description of the person sought;

    (b)    the location of the person sought, if known;

    (c)    a brief statement of the facts of the case, including,
        if possible, the time and location of the offense;

    (d)    a description of the laws violated;

    (e)    a statement of the existence of a warrant of arrest or
        a finding of guilt or judgment of conviction against
        the person sought; and

    (f)    a statement that a request for extradition for the
        person sought will follow.


3.    On receipt of the application, the Requested State shall
take appropriate steps to secure the arrest of the person sought.
The Requesting State shall be notified without delay of the
disposition of its application and the reasons for any denial.


4.    A person who is provisionally arrested may be discharged
from custody upon the expiration of sixty (60) days from the date
of provisional arrest pursuant to this Treaty if the executive

- 12 -

authority of the Requested State has not received the formal request for extradition and the supporting documents required in Article 7.  Upon the application of the Requesting State, this period may be extended for up to an additional thirty (30) days after the expiration of the sixty (60) day period.

5.    The fact that the person sought has been discharged from custody pursuant to paragraph (4) of this Article shall not prejudice the subsequent rearrest and extradition of that person if the extradition request and supporting documents are delivered at a later date.

## Article 12
### Decision and Surrender

1.    The Requested State shall promptly notify the Requesting State of its decision on the request for extradition.

2.    If the request is denied in whole or in part, the Requested State shall provide an explanation of the reasons for the denial. The Requested State shall provide copies of the pertinent judicial decisions regarding the case upon request.

- 13 -

3.    If the request for extradition is granted, the authorities of the Contracting States shall agree on the date and place for the surrender of the person sought.

4.    If the person sought is not removed from the territory of the Requested State within the time prescribed by the law of that State, that person may be discharged from custody, and the Requested State may subsequently refuse extradition for the same offense.

5.    Upon the completion of the proceedings against a person surrendered to the Requesting State, the State shall upon request inform the Requested State of the outcome of such proceedings and upon request provide it with a copy of the final court decision.


## Article 13

### Temporary and Deferred Surrender

1.    The Requested State may postpone the extradition proceedings against a person who is being prosecuted or who is serving a sentence in that State.  The postponement may continue until the prosecution of the person sought has been concluded or until such person has served any sentence imposed.

- 14 -

2.    If the extradition request is granted in the case of a person who is being proceeded against or is serving a sentence in the territory of the Requested State, the Requested State may temporarily surrender the person sought to the Requesting State for the purpose of prosecution.  The person so surrendered shall be kept in custody in the Requesting State and shall be returned to the Requested State after the conclusion of the proceedings against that person, in accordance with conditions to be determined by agreement of the Contracting States.


### Article 14

### Requests For Extradition Made By Several States


If the Requested State receives requests from the other Contracting State and from any other State or States for the extradition of the same person, either for the same offense or for a different offense, the executive authority of the Requested State shall determine to which State it will surrender the person.  In making its decision, the Requested State shall consider all relevant factors, including but not limited to:

     (a)   whether the requests were made pursuant to any treaties;

     (b)   the place where each offense was committed;

     (c)   the respective interests of the Requesting States;

     (d)   the gravity of the offenses;

- 15 -

(e)   the nationality of the victim;

(f)   the possibility of further extradition between the
      Requesting States; and

(g)   the order in which the requests were received from the
      Requesting States.


## Article 15

### Seizure and Surrender of Property

1.   To the extent permitted under its law, the Requested State
may seize and surrender all articles, documents, and evidence
connected with the offense in respect of which extradition is
granted.  The items mentioned in this Article may be surrendered
even when extradition cannot be effected due to the death,
disappearance, or escape of the person sought.


2.   The Requested State may condition the surrender of the
property upon satisfactory assurances from the Requesting State
that the property will be returned to the Requested State as soon
as practicable.  The Requested State may also defer surrender of
such property if it is needed as evidence in the Requested State.


3.   The rights of third parties in such property shall be duly
respected.

- 16 -

Article 16

Rule of Specialty

1.   A person extradited under this treaty may not be detained,
tried, or punished in the Requesting State except for:

> (a)   the offense for which extradition has been granted or
> any lesser offense proved by the facts on which the
> first mentioned extradition was grounded;

> (b)   any offense committed after the extradition of the
> person; or

> (c)   an offense for which the executive authority of the
> Requested State has consented to the person's
> detention, trial, or punishment.  For the purpose of
> this subparagraph:

>> (i)   the Requested State may require the submission of
>> the documents specified in Article 7; and

>> (ii)  the person extradited may be detained by the
>> Requesting State for ninety (90) days, or for such
>> longer time as the Requested State may authorize,
>> while the request is being processed.

2.   A person extradited under this Treaty shall not be
extradited to a third state for an offense committed prior to his
surrender unless the surrendering state consents.

- 17 -

3.    Paragraphs (1) and (2) of this Article shall not prevent the detention, trial, or punishment of an extradited person, or the extradition of that person to a third state, if:

(a)   that person leaves the territory of the Requesting State after extradition and voluntarily returns to it; or

(b)   that person does not leave the territory of the Requesting State within fifteen (15) days of the day on which the person is free to leave.

## Article 17

### Waiver of Extradition Proceedings

1.    If the person sought consents to return to the Requesting State after personally being advised by a competent judicial authority of the effect of such consent under the law of the Requested State, the Requested State may surrender him without further proceedings.

2.    The Requested State may require that surrender pursuant to this Article shall be subject to Article 16.

- 18 -

Article 18

Transit

1.    Either Contracting State may authorize transportation through its territory of a person surrendered to the other State by a third State.  A request for transit shall be made through the diplomatic channel or directly between the United States Department of Justice and the Ministry of Home Affairs, Malaysia. The facilities of INTERPOL may be used to transmit such a request.  It shall contain a description of the person being transported and a brief statement of the facts of the case.  A person in transit may be detained in custody during the period of transit.

2.    No authorization is required where air transportation is used and no landing is scheduled on the territory of the Contracting State.  If an unscheduled landing occurs on the territory of the other Contracting State, the other Contracting State may require the request for transit as provided in paragraph (1).  That Contracting State shall detain the person to be transported until the request for transit is received and the transit is effected, so long as the request is received within ninety-six (96) hours of the unscheduled landing.

- 19 -

Article 19

Representation and Expenses

1.   The Requested State shall advise, assist, appear in court on behalf of the Requesting State, and represent the interests of the Requesting State, or otherwise make the necessary arrangements for the Requesting State's legal representation, in any proceedings arising out of a request for extradition.

2.   The Requesting State shall bear the expense related to the translation of documents and the transportation of the person surrendered.  The Requested State shall pay all other expenses incurred in that State by reason of the extradition proceedings.

3.   Neither State shall make any pecuniary claim against the other State arising out of the arrest, detention, examination, or surrender of persons sought under this Treaty.

Article 20

Consultation

The United States Department of Justice and the Attorney-General's Chambers of Malaysia may consult with each other directly or through the facilities of INTERPOL in connection with the processing of individual cases and in furtherance of

- 20 -

maintaining and improving procedures for the implementation of this Treaty.


## Article 21

## Application


This Treaty shall apply to offenses committed before as well as after it enters into force.


## Article 22

## Entry Into Force


1.   This Treaty, together with an exchange of notes interpreting certain portions of the Treaty, shall enter into force when both parties have notified each other through a further exchange of diplomatic notes of the completion of their respective requirements for entry into force.


2.   Upon the entry into force of this Treaty, the Extradition Treaty between the United States of America and Great Britain, signed at London December 22, 1931, shall cease to have effect between the United States and Malaysia.  Nevertheless, the prior treaty shall apply to any extradition proceedings in which the

- 21 -

extradition documents have already been submitted to the courts
of the Requested State at the time this Treaty enters into force.


### Article 23

### Termination


Either Contracting State may terminate this Treaty at any
time by giving written notice through the diplomatic channel to
the other Contracting State, and the termination shall be
effective six (6) months after the date of such notice.


IN WITNESS WHEREOF, the undersigned, being duly authorized
by their respective Governments, have signed this Treaty.


DONE at    Kuala Lumpur    this 3rd    day of   August    , 1995,
in duplicate, in the English and Malay languages, both texts
being authentic and, in the case of divergence of interpretation,
the English text being the text that shall prevail.


FOR THE GOVERNMENT OF THE                FOR THE GOVERNMENT OF
UNITED STATES OF AMERICA:                MALAYSIA

August 3, 1995

Excellency:

I have the honor to refer to the Extradition Treaty signed today between the United States and Malaysia and to propose that the Treaty be interpreted and applied in accordance with the provisions set forth in this note.

Article 6 of the Treaty requires that in cases in which a person could be subject to capital punishment in the Requesting State but would not be subject to capital punishment in the Requested State for the same offense under the law of the Requested State, no request for extradition will be submitted without prior consultation and agreement by both States to make such a request. A consultation between the Contracting States would not constitute a consultation within the meaning of Article 6 and any agreement reached between the Contracting States as a result of such consultation would not be binding if there has been any non-disclosure of relevant facts during the consultation, whether the non-disclosure was deliberate or otherwise and

His Excellency,
Datuk Abdullah bin Haji Ahmad Badawi
Minister of Foreign Affairs
Kuala Lumpur

- 2 -

whether those facts were known or unknown at the time of the consultation. Neither Contracting State shall deny automatically all requests to which Article 6 would apply, nor exercise its discretion under Article 6 based solely on the difference between the applicable punishments.

Article 7(3) of the Treaty requires that a request for the extradition of the person sought for prosecution be supported by, among other things, "such evidence as would justify committal for extradition under the laws of the Requested State." In the case of a request from Malaysia to the United States, Article 7(3)(c) shall be interpreted to require information establishing probable cause to believe that an offense was committed and that the person sought committed the offense. In the case of a request from the United States to Malaysia, Article 7(3)(c) shall be interpreted to require the information specified by section 20 of the Malaysian Extradition Act of 1992, as set forth in the Attachment hereto. Neither State shall require, as a condition of extradition pursuant to this Treaty, that the other State establish a *prima facie* case of the guilt of the person sought.

I have the further honor to propose that this Note and Your Excellency's Note in reply confirming on behalf of the Government of Malaysia the foregoing arrangements shall be regarded as constituting an agreement between the two Governments, which shall enter into force simultaneously with the Extradition Treaty.

- 3 -

I avail myself of this opportunity to renew to Your Excellency the assurances of my highest consideration.

Malaysia                                )
City of Kuala Lumpur                     )
Embassy of the United States )  ss:
of America                               )

I, the undersigned Consular Officer of
the United States of America, duly
commissioned and qualified, do hereby
certify that the foregoing is a true
and faithful copy of the original/
certified copy this one exhibited to
me, the same having been carefully
examined by me and compared with the
said original/certified copy and
found to agree therewith word for
word and figure for figure.

IN WITNESS WHEREOF I have hereunto set
my hand and affixed the seal of the
Consular Service of the United States
of America at Kuala Lumpur, Malaysia
this day  - 4 AUG 1995

Philip C. French
American Consul