# EXHIBIT G



# LAWS OF MALAYSIA

---
REPRINT
---

### Act 479

# EXTRADITION ACT 1992

*Incorporating all amendments up to 1 January 2006*

PUBLISHED BY
THE COMMISSIONER OF LAW REVISION, MALAYSIA
UNDER THE AUTHORITY OF THE REVISION OF LAWS ACT 1968
IN COLLABORATION WITH
PERCETAKAN NASIONAL MALAYSIA BHD
**2006**

2

# EXTRADITION ACT 1992

Date of Royal Assent     ...   ...   ...   ...   ...    30 January 1992

Date of publication in the *Gazette*   ...   ...   20 February 1992

PREVIOUS REPRINT

*First Reprint*     ...     ...     ...     ...     ...     *2001*

3

# LAWS OF MALAYSIA

## Act 479

## EXTRADITION ACT 1992

———————

ARRANGEMENT OF SECTIONS

———————

PART I

PRELIMINARY

Section

1. Short title and application

2. Order of the Minister

3. Special direction of the Minister applying this Act where no order has been made under section 2

4. Direction of the Minister to apply procedure in section 20

5. Interpretation


PART II

EXTRADITION OFFENCE

6. Extradition offence

7. Law of a country


PART III

RETURN OF FUGITIVE CRIMINALS

8. Restrictions on return of fugitive criminals

9. Exceptions to political offences

10. When consent of the Minister is necessary

4 *Laws of Malaysia* Aᴄᴛ **479**

Pᴀʀᴛ IV

PROCEDURE FOR RETURN OF FUGITIVE
CRIMINALS

Section

11.   Liability of a fugitive criminal to be apprehended and returned

12.   Requisition for return of fugitive criminal

13.   Issue of warrants by Magistrate

14.   Magistrate to report issue of provisional warrant to Minister

15.   Procedure in respect of a fugitive criminal apprehended on a warrant issued under paragraph 13(1)*(a)*

16.   Procedure in respect of fugitive criminal apprehended on a provisional warrant

17.   Procedure in respect of a fugitive criminal apprehended on a provisional warrant when order has been received by the Magistrate

18.   Powers and jurisdiction of Sessions Court

19.   Procedure before Sessions Court

20.   Procedure before Sessions Court where a special direction has been given under section 4

21.   Return of fugitive criminal

22.   Waiver of committal proceedings by fugitive criminal

23.   Depositions to be evidence

24.   Authentication of foreign documents

Pᴀʀᴛ V

RETURN OF FUGITIVE CRIMINALS TO BRUNEI
DARUSSALAM AND THE REPUBLIC OF SINGAPORE

25.   Application to Brunei Darussalam and Singapore

26.   Endorsement of warrant issued in Brunei Darussalam or Singapore

27.   Warrant executed in Brunei Darussalam or Singapore deemed to be validly executed in Malaysia

28.   Transfer of persons to Brunei Darussalam or Singapore

*Extradition* 5

PART VI

RETURN OF FUGITIVE CRIMINALS WHO ARE
ALSO PRISONERS TO STAND TRIAL

Section

29. Procedure for return

30. Fugitive criminal ceases to be liable to serve the sentence in Malaysia, time spent in custody in connection with issue of temporary surrender warrant

31. Issue of warrant by Minister


PART VII

RETURN OF ACCUSED OR CONVICTED
PERSONS TO MALAYSIA

32. Extraditable offences

33. Conveyance of accused or convicted person returned

34. Accused or convicted person returned to Malaysia not to be tried for previous offence or returned to another country

35. Persons temporarily returned to Malaysia


PART VIII

*HABEAS CORPUS* AND REVIEW

36. Application for *habeas corpus*

37. Review by High Court


PART IX

MISCELLANEOUS

38. Country includes colonies, dependencies, protectorates, vessels or aircraft

39. Liability of fugitive criminal to be arrested and returned

40. Minister may direct detention of fugitive criminal on transit

41. Appearance on behalf of the Public Prosecutor

42. Jurisdiction as to offences committed at sea or in air

43. Discharge of fugitive criminal if not returned within three months

44. Provisions in the Criminal Procedure Code when applicable

45. Property found on fugitive criminal

46. Forms

6                    *Laws of Malaysia*                    **ACT 479**

Section

47.   Power of Minister to discharge any fugitive criminal in custody

48.   Simultaneous requisitions

49.   Discretion in respect of return of certain fugitive criminals

50.   Taking of evidence for purpose of criminal matters pending in a country

51.   Witnesses to attend and give evidence, *etc.*

52.   Taking of evidence for purpose of return of fugitive criminals to Malaysia

53.   Rules


PART X


54.   Repeal

SCHEDULE

# LAWS OF MALAYSIA

## Act 479

## EXTRADITION ACT 1992

An Act relating to the extradition of fugitive criminals.

[*21 February 1992*]

**BE IT ENACTED** by the Seri Paduka Baginda Yang di-Pertuan Agong with the advice and consent of the Dewan Negara and Dewan Rakyat in Parliament assembled, and by the authority of the same, as follows:

PART I

PRELIMINARY

**Short title and application**

**1.** (1)  This Act may be cited as the Extradition Act 1992 and shall apply throughout Malaysia.

(2)  This Act or any part thereof shall apply to—

    *(a)*  such countries in respect of which the Minister has issued an order under section 2;

    *(b)*  such countries in respect of which the Minister has issued a special direction under section 3:

        Provided that Part V shall apply to Brunei Darussalam and the Republic of Singapore notwithstanding that no order under section 2 or special direction under section 3 has been issued or given by the Minister.

**Order of the Minister**

**2.** (1)  Where a binding arrangement has been entered into between Malaysia and any country for the extradition of fugitive criminals, the Minister may, by order to be published in the *Gazette* reciting

or embodying the terms of such arrangement, direct that the provisions of this Act shall apply to that country subject to any restriction, exception, modification, adaptation, condition or qualification contained in the order.

(2)  Where any arrangement referred to in this section is revoked or lapses, the Minister shall, by order published in the *Gazette*, forthwith certify that fact; and any such order shall be conclusive evidence that the arrangement referred to therein has been revoked or has lapsed, as the case may be, and shall not be questioned in any legal proceedings whatsoever.

(3)  Any order made under this section shall be laid before each House of Parliament as soon as may be after it is made.

(4)  An order made under this section shall be conclusive evidence that the arrangement therein referred to complies with the provisions of this Act, and that this Act applies in the case of the country mentioned in the order, and the validity of such order shall not be questioned in any legal proceedings whatsoever.

**Special direction of the Minister applying this Act where no order has been made under section 2**

**3.**   Where a country in respect of which no order has been made under section 2 makes a request for the extradition thereto of a fugitive criminal, the Minister may personally, if he deems it fit to do so, give a special direction in writing that the provisions of this Act shall apply to that country in relation to the extradition thereto of that particular fugitive criminal.

**Direction of the Minister to apply procedure in section 20**

**4.**   Where the binding arrangement which has been entered into between Malaysia and any country for the extradition of fugitive criminals contains a provision for the *prima facie* requirement to be dispensed with either generally or in relation to a class or classes of offences, the Minister may give a direction in writing that the procedure specified in section 20 shall apply to such cases.

**Interpretation**

**5.**   In this Act, unless the context otherwise requires—

"country" includes a territory of a country which, though not sovereign and independent, is authorized by that country to enter into extradition arrangements with other countries;

"diplomatic representative" means a chief representative or consular officer, as defined in the Diplomatic and Consular Privileges Ordinance 1957 [*Ord. 53 of 1957*]\*;

"extraditable offence" means an offence described in section 32;

"extradition offence" means an offence described in subsection 6(2) or 6(3);

"fugitive criminal" means any person who is accused of or convicted of an extradition offence committed within the jurisdiction of another country and is, or is suspected to be, in some part of Malaysia;

"Magistrate" means a Magistrate of the First Class or a Sessions Court Judge;

"Minister" means the Minister of Home Affairs;

"prescribed" means prescribed by rules made under this Act;

"provisional warrant" means a warrant which is issued under paragraph 13(1)*(b)*;

"surrender warrant" means a warrant which is issued under paragraph 21(2)*(b)*;

"temporary surrender warrant" means a warrant which is issued under paragraph 21(2)*(a)*.

---

\**NOTE*—The Diplomatic and Consular Privileges Ordinance 1957 [*Ord. 53 of 1957*] has been repealed by Diplomatic Privileges (Vienna Convention) (Amendment) Act 1999 [*Act A1064*] –*see* section 5 of Act A1064.

PART II

EXTRADITION OFFENCE

**Extradition offence**

**6.** (1) A fugitive criminal shall only be returned for an extradition offence.

(2) For the purposes of this Act, an extradition offence is an offence, however described, including fiscal offences—

*(a)* which is punishable, under the laws of a country referred to under paragraph 1(2)*(a)* or 1(2)*(b)*, with imprisonment for not less than one year or with death; and

*(b)* which, if committed within the jurisdiction of Malaysia, is punishable under the laws of Malaysia with imprisonment for not less than one year or with death:

Provided that, in the case of an extraterritorial offence, it is so punishable under the laws of Malaysia if it took place in corresponding circumstances outside Malaysia.

(3) An offence shall also be an extradition offence if it consists of an attempt or a conspiracy to commit, or an abetment of the commission of, any offence described in subsection (2).

**Law of a country**

**7.** A reference in this Act to a law of a country includes a reference to a law of, or in force in, a part of that country.

PART III

RETURN OF FUGITIVE CRIMINALS

**Restrictions on return of fugitive criminals**

**8.** A fugitive criminal shall not be surrendered to a country seeking his return—

*(a)* if the offence in respect of which his return is sought is of a political character or he proves to the satisfaction of the Sessions Court before which he is brought or of the

Minister that the warrant for his return has in fact been made with a view to try or punish him for an offence of a political character;

(b) if the request for his surrender although purporting to be made for an extradition offence was in fact made for the purpose of prosecuting or punishing the person on account of his race, religion, nationality or political opinions;

(c) if he might be prejudiced at his trial or punished or imprisoned by reason of his race, religion, nationality or political opinions;

(d) if prosecution for the offence in respect of which his return is sought is, according to the law of that country, barred by time;

(e) unless provision is made by the law of that country, or in the extradition arrangement with that country, that a fugitive criminal who has not had a reasonable opportunity of leaving that country shall not be detained or tried in that country for any offence committed prior to his return, other than the extradition offence proved by the facts on which his surrender or return is based or any lesser offence proved by the facts on which that return was grounded unless the consent of the appropriate authority in the requested country has been obtained; or

(f) unless provision is made by the law of that country, or in the extradition arrangement with that country, that a fugitive criminal who has not had a reasonable opportunity of leaving that country shall not be extradited to another country for trial or punishment for any offence that is alleged to have been committed or was committed before the fugitive criminal's return to the first mentioned country unless the consent of the appropriate authority in the requested country has been obtained.

**Exceptions to political offences**

**9.** (1) For the purposes of paragraph 8*(a)*, any of the following offences shall not be held to be offences of a political character in relation to a country which has made corresponding provisions in its laws:

(a) murder or other wilful crime against the person of a Head of State or a member of the Head of State's immediate family;

   *(b)* an act which, under a multilateral treaty to which Malaysia and the country seeking the return of the fugitive criminal are parties, constitutes an offence for which a person will be extradited or prosecuted notwithstanding the political character or motivation of such act;

   *(c)* any attempt, abetment or a conspiracy to commit any of the foregoing offences.

**When consent of the Minister is necessary**

**10.** (1) Where a fugitive criminal has been returned to a country and the country concerned intends to try him for an extradition offence committed prior to his return other than that for which he was extradited, or to extradite him to another country for trial or punishment for any other offence, it shall make a request for the consent of the Minister through its diplomatic representative and such request shall be accompanied by all relevant information and documents in respect thereof.

   (2) The Minister may call for any additional information or documents as he may require in order that he may be satisfied that the request for his consent under subsection (1) is consistent with the provisions of this Act.

   (3) The Minister shall not give his consent under subsection (1) if he has reasonable grounds for believing that the offence to which the request for consent relates could have been charged prior to the return of such fugitive criminal if due diligence had been exercised.

PART IV

PROCEDURE FOR RETURN OF FUGITIVE CRIMINALS

**Liability of a fugitive criminal to be apprehended and returned**

**11.** Where a fugitive criminal is found in Malaysia, he shall be liable to be apprehended and returned in the manner provided by this Part to the country concerned.

**Requisition for return of fugitive criminal**

**12.** (1) A requisition by any country for the return of a fugitive criminal who is in or suspected of being in Malaysia shall be made to the Minister by a diplomatic representative of that country.

(2) There shall be furnished with any requisition made for the purposes of subsection (1)—

   *(a)* in the case of a fugitive criminal accused of an offence, a warrant for his apprehension issued in that country; or

   *(b)* in the case of a fugitive criminal unlawfully at large after conviction of an offence, a certificate of the conviction and sentence in that country and a statement of the amount, if any, of that sentence which has been served,

together in each case with particulars of the fugitive criminal whose return is requested and of the facts upon which and the law under which he is accused or was convicted, and evidence sufficient to justify the issue of a warrant for his apprehension under section 13.

(3) On receipt of such requisition, the Minister may, by order under his hand and seal, signify to a Magistrate that such requisition has been made and authorize him to issue a warrant for the apprehension of the fugitive criminal.

(4) If the Minister is of the opinion that the offence to which the warrant relates is one of a political character, he may, if he thinks fit, refuse to make any such order, and may also at any time order a fugitive criminal convicted of such offence to be discharged from custody.

**Issue of warrants by Magistrate**

**13.** (1) Where a fugitive criminal is in or suspected of being in or on the way to Malaysia, the Magistrate—

   *(a)* shall, on receipt of an order made under subsection 12(3), issue a warrant for the apprehension of such fugitive criminal; or

   *(b)* may, where no order has been made under subsection 12(3), issue a provisional warrant for the apprehension of such fugitive criminal on such information and evidence

and under such circumstances as would, in his opinion, justify the issue of a warrant if the offence had been committed or the fugitive criminal convicted in Malaysia.

(2) For the purposes of paragraph (1)*(b)*, information contained in an international notice issued by the International Criminal Police Organisation (INTERPOL) in respect of a fugitive criminal may be considered by the Magistrate in deciding whether a provisional warrant should be issued for the apprehension of a fugitive criminal.

**Magistrate to report issue of provisional warrant to Minister**

**14.** (1) A Magistrate issuing a provisional warrant shall forthwith send a report of the issue together with the information or evidence or certified copy thereof to the Minister.

(2) The Minister may, if he thinks fit, order the warrant to be cancelled and the person who has been apprehended on the warrant to be discharged.

**Procedure in respect of a fugitive criminal apprehended on a warrant issued under paragraph 13(1)*(a)***

**15.** A fugitive criminal who is apprehended on a warrant issued under paragraph 13(1)*(a)* shall be brought before any Magistrate who shall order—

    *(a)* that the case be transmitted to the Sessions Court; and

    *(b)* that the fugitive criminal be remanded in custody prior to his appearance before the Sessions Court.

**Procedure in respect of fugitive criminal apprehended on a provisional warrant**

**16.** (1) A fugitive criminal who is apprehended on a provisional warrant shall be brought before any Magistrate who shall, in the case where the Minister has not received any requisition for the return of the fugitive criminal, order that the fugitive criminal be remanded in custody for such reasonable period of time as with reference to the circumstances of the case he may fix, and for this purpose, the Magistrate shall take into account any period in the relevant extradition arrangement relating to the permissible period of remand upon provisional arrest of a fugitive criminal.

(2) Upon receipt of the order of the Minister signifying that a requisition has been made for the return of the fugitive criminal, the Magistrate shall order—

    *(a)* that the case be transmitted to the Sessions Court; and

    *(b)* that his remand under subsection (1) be extended until his appearance before the Sessions Court.

(3) The Magistrate shall, where he has not received from the Minister within such period of time as he may fix under subsection (1) an order signifying that a requisition has been made for the return of the fugitive criminal, order that the fugitive criminal be discharged.

**Procedure in respect of a fugitive criminal apprehended on a provisional warrant when order has been received by the Magistrate**

**17.** Where at the time the fugitive criminal who is apprehended on a provisional warrant is brought before any Magistrate the Magistrate has received an order of the Minister signifying that a requisition has been made for the return of the fugitive criminal, the Magistrate shall order—

    *(a)* that the case be transmitted to the Sessions Court; and

    *(b)* that the fugitive criminal be remanded in custody until his appearance before the Sessions Court.

**Powers and jurisdiction of Sessions Court**

**18.** A Sessions Court shall have the powers and jurisdiction to inquire into an extradition matter brought before it in accordance with the procedure specified under this Act.

**Procedure before Sessions Court**

**19.** (1) Where the fugitive criminal is brought before the Sessions Court, the Sessions Court shall receive any evidence tendered by or on behalf of the fugitive criminal to show—

    *(a)* that he did not do or omit to do the act alleged to have been done or omitted by him;

    *(b)* that he is not the person against whom the warrant was issued in the country which seeks his return;

*(c)* that the alleged act or omission is not an extradition offence in relation to the country which seeks his return;

*(d)* that the offence is of a political character, or that the proceedings are being taken with a view to try or punish him for an offence of a political character;

*(e)* that the offence is an offence under military law which is not also an offence under the general criminal law;

*(f)* that the alleged act or omission does not constitute an offence under the law of Malaysia;

*(g)* that his return would not be in accordance with the provisions of this Act;

*(h)* that he has been previously convicted or acquitted or pardoned by a competent tribunal or authority in the country which seeks his return or in Malaysia in respect of the alleged act or omission; or

*(i)* that the request for his surrender was made for the purpose of prosecuting or punishing him on account of his race, religion, nationality or political opinions, or that he might be prejudiced at his trial or punished or imprisoned by reason of his race, religion, nationality or political opinions.

(2)  Nothing in this section shall limit the power of the Sessions Court to receive any other evidence that may be tendered to show that the fugitive criminal should not be returned.

(3)  For the purposes of paragraph (2)*(d)*, the Sessions Court may receive such evidence as in its opinion may assist it in determining the truth, whether or not such evidence is otherwise legally admissible in a court of law.

(4)  If the Sessions Court is of the opinion that a *prima facie* case is not made out in support of the requisition of the country concerned, the Court shall discharge the fugitive criminal.

(5)  If the Sessions Court is of the opinion that a *prima facie* case is made out in support of the requisition of the country concerned, the Court shall commit the fugitive criminal to prison to await the order of the Minister for his surrender, and shall report the result of its inquiry to the Minister; and shall forward together with such report any written statement which the fugitive criminal may desire to submit for the consideration of the Minister.

*Extradition* 17

**Procedure before Sessions Court where a special direction has been given under section 4**

**20.** (1) Where a direction has been given by the Minister under section 4, the Sessions Court shall—

    *(a)* after hearing any representation made in support of the extradition request;

    *(b)* upon the production of supporting documents in relation to the offence;

    *(c)* upon being satisfied that the alleged act or omission of the fugitive criminal would, if it had taken place in Malaysia, constitute an offence under the laws of Malaysia;

    *(d)* if the fugitive criminal does not satisfy the Court that there are substantial grounds for believing that—

        (i) the offence is an offence of a political character, or that the proceedings are being taken with a view to try or punish him for an offence of a political character;

        (ii) prosecution for the offence in respect of which his return is sought is barred by time in the country which seeks his return;

        (iii) the offence is an offence under military law which is not also an offence under the general criminal law;

        (iv) the fugitive criminal has been acquitted or pardoned by a competent tribunal or authority in the country which seeks his return or in Malaysia;

        (v) the fugitive criminal has undergone the punishment provided by the law of the country which seeks his return or of Malaysia in respect of the extradition offence or any other offence constituted by the same conduct as that which constitutes the extradition offence;

    *(e)* upon being satisfied that the fugitive is not accused of an offence, nor undergoing a sentence in respect of an offence, in Malaysia, other than the extradition offence in respect of which his return is sought,

commit the fugitive criminal to prison to await the order by the Minister for his surrender.

(2)  In the proceedings before the Sessions Court under subsection (1) the fugitive criminal is not entitled to adduce, and the Court is not entitled to receive, evidence to contradict the allegation that the fugitive criminal has done or omitted to do the act which constitutes the extradition offence for which his return is sought.

(3)  In this section, "supporting documents" means—

(a)  any duly authenticated warrant for the arrest of the fugitive criminal issued by the country which seeks his return or any duly authenticated copy of such warrant;

(b)  any duly authenticated document to provide evidence of the fugitive criminal's conviction or sentence or the extent to which a sentence imposed has not been carried out;

(c)  a statement in writing setting out a description of, and the penalty applicable in respect of, the offence and a duly authenticated statement in writing setting out the conduct constituting the offence.

**Return of fugitive criminal**

**21.** (1) If the Sessions Court commits the fugitive criminal to prison pursuant to section 19 or 20, the Court shall also inform such fugitive criminal that he will not be surrendered until after the expiration of such period, not being less than fifteen days, as the Minister may determine and that he has a right to apply to the High Court for a writ of *habeas corpus.*

(2)  Upon the expiration of the period referred to in subsection (1) or, if an application for a writ of *habeas corpus* has been made to the High Court by the fugitive criminal, upon the final determination of such application by the High Court or after such further period as may be allowed in either case by the Minister, the Minister shall—

(a)  in the case of a requisition made under section 29, issue a temporary surrender warrant under his hand and seal; or

(b)  in the case of a requisition made under section 12, issue a surrender warrant under his hand and seal,

to order the fugitive criminal to be surrendered to such person as may in his opinion be duly authorized to receive the fugitive criminal by the country which made the requisition for his return, and such fugitive criminal shall be returned accordingly.

(3) It shall be lawful for any person to whom such warrant is directed and for the person so authorized as aforesaid to receive, hold in custody and convey, within the jurisdiction of the country which made the requisition for his return, the fugitive criminal and if the fugitive criminal escapes out of any custody to which he may be surrendered in pursuance of such warrant, it shall be lawful to retake him in the same manner as any person accused of any crime against the laws of Malaysia may be retaken upon an escape.

**Waiver of committal proceedings by fugitive criminal**

**22.** (1) When the fugitive criminal is brought before the Sessions Court he may inform the Court that he consents to a waiver of the committal proceedings before the Court and the Court shall—

   *(a)* ascertain whether the consent is given voluntarily;

   *(b)* upon being satisfied that such consent is given voluntarily, advise the fugitive criminal that the effect of so consenting will be that—

      (i) he will be committed to prison;

      (ii) he will not be entitled to apply under section 36 for a writ of *habeas corpus* to review the validity of the decision to commit him to prison;

      (iii) upon his return to the country which made the requisition for his return, he shall be tried for the extradition offence in respect of which his extradition was requested or he may be tried for any lesser offence proved by the facts on which that extradition offence was grounded;

      (iv) upon his return to that country, he may also be tried for any other extradition offence in respect of which the Minister so consents under section 10.

(2) If, after the fugitive criminal has been advised in accordance with paragraph (1)*(b)*, the fugitive criminal again consents to the waiver, the Court shall commit the fugitive criminal to prison to await the warrant of the Minister under subsection (3).

(3)  The Minister may, at any time after a fugitive criminal has been committed to prison, issue—

    *(a)* a temporary surrender warrant; or

    *(b)* a surrender warrant,

as the case may be, for the return of the fugitive criminal to the country concerned.

(4)  Section 36 shall not apply to a fugitive criminal committed to prison under this section.


**Depositions to be evidence**

**23.**  Depositions or statements on oath taken in any country and copies of such original depositions or statements, and foreign certificates of or judicial documents stating the fact of a conviction may, if duly authenticated, be received in evidence in proceedings under this Act.


**Authentication of foreign documents**

**24.**  Foreign warrants and depositions or statements on oath and copies thereof, and foreign certificates of or judicial documents stating the fact of a conviction, shall be deemed duly authenticated for the purposes of this Act if authenticated in the manner provided for the time being by law or authenticated as follows:

    *(a)* if the warrant purports to be signed by a Judge, Magistrate or officer of the country where the same was issued;

    *(b)* if the depositions or statements or the copies thereof purport to be certified under the hand of a Judge, Magistrate or officer of the country where the same were taken to be the original depositions or statements, or to be true copies thereof, as the case may require; or

    *(c)* if the certificate of or judicial document stating the fact of conviction purports to be certified by a Judge, Magistrate or officer of the country where the conviction took place;

and if in every case the warrant, depositions, statement, copies, certificates and judicial documents (as the case may be) are authenticated by the oath of some witness or being sealed with the

official seal of the Minister of Justice or some other Minister of State; and all courts in Malaysia shall take judicial notice of such official seal and shall admit the documents so authenticated by it to be received in evidence without further proof.

PART V

RETURN OF FUGITIVE CRIMINALS TO BRUNEI DARUSSALAM AND THE REPUBLIC OF SINGAPORE

**Application to Brunei Darussalam and Singapore**

**25.** (1) This Part applies in relation to Brunei Darussalam and the Republic of Singapore.

(2) In this Part, "offence" means a seizable offence or an offence punishable, on conviction, with imprisonment for a term exceeding six months under the laws of Brunei Darussalam or the Republic of Singapore.

**Endorsement of warrant issued in Brunei Darussalam or Singapore**

**26.** Where, under the provisions of any law in force in Brunei Darussalam or the Republic of Singapore, a judicial authority has issued a warrant authorizing the arrest of a person accused or convicted of an offence and that person is or is believed to be in Malaysia, a Magistrate in Malaysia may, if satisfied that the warrant was duly issued in Brunei Darussalam or Singapore, endorse the warrant, and the warrant may then be executed on that person as if it were a warrant lawfully issued in Malaysia under the provisions of the Criminal Procedure Code [*Act 593*].

**Warrant executed in Brunei Darussalam or Singapore deemed to be validly executed in Malaysia**

**27.** Where, under the provisions of any law in force in Brunei Darussalam or the Republic of Singapore corresponding to section 26, a warrant issued by a Magistrate or a Magistrate's Court in Malaysia has been endorsed by a Magistrate in Brunei Darussalam or the Republic of Singapore and executed on the person named in the warrant, the warrant shall for the purposes of this Act be deemed to have been as validly executed as if the execution had been effected in Malaysia.

**Transfer of persons to Brunei Darussalam or Singapore**

**28.**   Where a warrant has been executed in Malaysia pursuant to section 26, the person arrested shall be produced as soon as possible before a Magistrate in Malaysia, who shall, if satisfied that he is the person specified in the warrant, direct that the arrested person be transferred forthwith in custody to the appropriate court in Brunei Darussalam or the Republic of Singapore; and any such person shall, while in such custody, be deemed for all purposes to be in lawful custody:

   Provided that such Magistrate may, if for reasons to be recorded by him he is satisfied that it is in the interests of justice to do so and if the case is one in which bail may lawfully be granted, release the person arrested on bail conditional on his appearing before the appropriate court in Brunei Darussalam or the Republic of Singapore at a time to be specified in the bond and bail bond.

PART VI

RETURN OF FUGITIVE CRIMINALS WHO ARE ALSO
PRISONERS TO STAND TRIAL

**Procedure for return**

**29.**  (1) A requisition by any country for the return of a fugitive criminal who is serving a sentence or sentences of imprisonment in respect of an offence or offences against a law of Malaysia, for the purpose of a trial against him, shall be made to the Minister by a diplomatic representative of the country concerned.

   (2) There shall be furnished with any requisition made under subsection (1) particulars of the fugitive criminal whose return is requested and of the facts upon which and the law under he is accused as well as adequate undertakings to the effect that—

   *(a)* the fugitive criminal shall be immediately returned to Malaysia upon completion of his trial in the country concerned; and

   *(b)* the country concerned shall—

      (i) be responsible for the custody of the fugitive criminal while travelling to and from, and while in, the country concerned; and

(ii) take all appropriate and necessary measures to ensure his safe return to Malaysia.

(3) Notwithstanding subsection (2), the Minister may require the country concerned to give such other undertakings as he may specify.

(4) Notwithstanding anything in any written law, the Minister, upon being satisfied that the requirements of subsection (2) have been met, may, by order under his hand and seal, authorize that the fugitive criminal be removed from his place of imprisonment and brought before the Sessions Court for an inquiry under section 19.

**Fugitive criminal ceases to be liable to serve the sentence in Malaysia, time spent in custody in connection with issue of temporary surrender warrant**

**30.** (1) Where, while the fugitive criminal is in a country pursuant to a warrant issued under paragraph 21(2)*(a)*, he ceases to be liable to serve the sentence or sentences of imprisonment in Malaysia, the Minister shall inform that country that the undertakings referred to in paragraphs 29(2)*(a)* and *(b)* are no longer required to be complied with.

(2) Any time spent by the fugitive criminal in custody in connection with the warrant issued under paragraph 21(2)*(a)* (including time spent in custody outside Malaysia) shall be counted as time served towards the sentence or sentences of imprisonment referred to in subsection 29(1).

**Issue of warrant by Minister**

**31.** Where—

(a) a fugitive criminal is returned to a country under a temporary surrender warrant and thereafter returned to Malaysia in pursuance of the undertakings referred to in subsection 29(2); and

(b) the country concerned still seeks the return of the fugitive criminal after he has served his sentence in Malaysia,

the Minister may, in his discretion, issue a surrender warrant for the return of the fugitive criminal to that country.

Part VII

RETURN OF ACCUSED OR CONVICTED PERSONS
TO MALAYSIA

**Extraditable offences**

**32.**   In this Part, an extraditable offence is an offence however described, including fiscal offences, which is punishable under the laws of Malaysia with imprisonment for not less than one year or with death.

**Conveyance of accused or convicted person returned**

**33.**   Any person accused of or convicted of an extraditable offence who is returned by a country may, under the warrant of arrest for his return issued in that country, be brought into Malaysia and delivered to the proper authority to be dealt with according to law.

**Accused or convicted person returned to Malaysia not to be tried for previous offence or returned to another country**

**34.**   Whenever any person accused of or convicted of an extraditable offence is returned by a country, that person shall not, unless he has left or has had an opportunity of leaving Malaysia—

   *(a)* be detained or tried in Malaysia for any offence that is alleged to have been committed, or was committed, prior to the return of such person, other than—

      (i) the extraditable offence in respect of which he is returned;

      (ii) any lesser offence proved by the facts on which that return was grounded; or

      (iii) any other extraditable offence in respect of which the country concerned consents to the person being so detained or tried, if such consent is required by that country;

   as the case may be; or

   *(b)* be extradited by Malaysia to another country for trial or punishment for any extradition offence that is alleged to have been committed, or was committed, before the return of the person to Malaysia unless, where so required by the country that returned the person to Malaysia, that country's consent has been obtained.

*Extradition* 25

### Persons temporarily returned to Malaysia

**35.** (1)  Where a person who is serving a sentence of imprisonment in respect of an offence in any country is returned by that country to Malaysia, the person—

    *(a)* shall, while travelling to and from, and while in Malaysia, be kept in custody as the Minister orders in writing and the Minister may make such an order notwithstanding anything in any written law to the contrary; and

    *(b)* shall not be tried in Malaysia in respect of any offence other than an offence proved by the facts on which the return is based or any lesser offence proved by the facts on which that return was grounded or, with the consent of the country which returned him, any other extraditable offence.

  (2)  Where—

    *(a)* a person is held in custody in accordance with an order of the Minister under paragraph (1)*(a)*; and

    *(b)* the country which returned the person informs Malaysia that the person has served his sentence of imprisonment in that country and is no longer required to be returned,

the Minister shall revoke such order.

PART VIII

*HABEAS CORPUS* AND REVIEW

### Application for *habeas corpus*

**36.**  A fugitive criminal who is committed to prison under this Act may apply to the High Court for a writ of *habeas corpus* in accordance with the procedure as provided in the Criminal Procedure Code.

### Review by High Court

**37.** (1)  Where a fugitive criminal is ordered by the Sessions Court to be discharged under subsection 19(4), the Public Prosecutor may, at the request of the country seeking his return, within ten days of the making of the order by the Sessions Court, apply to the High Court for a review of the order of discharge on any question of law, and on such application the High Court may so review the order.

Case 1:18-cr-00538-MKB   Document 59-7   Filed 01/13/21   Page 27 of 43 PageID #: 1039

(2)  Where the Public Prosecutor desires to make such an application, he shall, at the time of the making of the order of discharge by the Sessions Court, give to the Court notice of his intention to apply to the High Court for a review of the order, and such notice shall operate as a stay of the order of discharge by the Sessions Court—

   *(a)*  until the expiration of the period of ten days, beginning with the day on which the order of discharge was made; or

   *(b)*  if an application for a review of the order of discharge is made, until the determination of the application by the High Court.

(3)  Where the Public Prosecutor gives notice of his intention to apply for a review of the order of the Sessions Court, the Court may grant, to the fugitive criminal in respect of whom the order of discharge was made, bail pending the determination by the High Court of the application.

(4)  Upon application for a review of the order of discharge, the Sessions Court Judge shall transmit to the High Court the exhibits tendered before him, the evidence admitted in Court, the reasons for his decision and his finding on any question of law which arose during the inquiry.

(5)  The High Court to which an application is made for a review of an order of discharge may order the release on bail of the fugitive criminal on such terms and conditions as the Court thinks fit pending determination of the application for review.

(6)  The High Court may confirm, vary or quash the order or make a new order in substitution for the order so quashed, and any such order of the High Court shall be final and conclusive.

### Part IX

#### MISCELLANEOUS

**Country includes colonies, dependencies, protectorates, vessels or aircraft**

**38.**  For the purposes of this Act, every constituent part of a country and every colony, dependency and protectorate of, and every vessel or aircraft of, that country shall be deemed to be within the jurisdiction of and to be part of such country.

**Liability of fugitive criminal to be arrested and returned**

**39.**   Every fugitive criminal shall, subject to the provisions of this Act, be liable to be arrested and returned, whether the offence in respect of which the return is sought was committed before or after the commencement of this Act, and whether or not a Court in Malaysia has jurisdiction to try that offence.

**Minister may direct detention of fugitive criminal on transit**

**40.**   Notwithstanding anything in any written law, the Minister may in writing direct that a fugitive criminal who is in Malaysia on transit to a country which requested for his return be detained in custody for such period of time or in such place as he may determine.

**Appearance on behalf of the Public Prosecutor**

**41.** (1)  Any barrister, advocate and solicitor or legal officer in the employment of the government of any country may with the written authorization of the Public Prosecutor appear on his behalf in any proceedings under this Act.

   (2)  Where the Public Prosecutor has issued a written authorization under subsection (1), the provisions in any written law pertaining to the admission of advocates and solicitors and the right of advocates and solicitors to appear in all courts of justice in Malaysia shall not apply to the person named in such authorization.

   (3)  The person named in the written authorization shall comply with any directions that may be issued by or on behalf of the Public Prosecutor.

   (4)  The power given to the Public Prosecutor to issue a written authorization under subsection (1) includes the power to revoke, cancel or suspend such written authorization.

**Jurisdiction as to offences committed at sea or in air**

**42.**   Where the offence in respect of which the return of a fugitive criminal is sought was committed on board any vessel on the high seas or any aircraft while in the air outside Malaysia which comes

into any port or aerodrome in Malaysia, the Minister and any Magistrate having jurisdiction in such port or aerodrome may exercise the powers conferred by this Act.

### Discharge of fugitive criminal if not returned within three months

**43.**   If a fugitive criminal who, in pursuance of this Act, has been committed to prison to await his return to any country is not conveyed out of Malaysia within three months after such committal, or if an application for a writ of *habeas corpus* or for a review has been made to the High Court, after the final determination of such application by the said Court, it shall be lawful for the Minister, upon application made to him by or on behalf of the fugitive criminal, to order such fugitive criminal to be discharged unless sufficient cause is shown to the contrary.

### Provisions in the Criminal Procedure Code when applicable

**44.**   The provisions of the Criminal Procedure Code in relation to matters not covered by this Act shall apply in so far as they are not inconsistent with the provisions of this Act, and in the event of any inconsistency between the provisions of this Act and the Criminal Procedure Code the provisions of this Act shall prevail.

### Property found on fugitive criminal

**45.** (1) Everything found in the possession of a fugitive criminal at the time of his arrest which may be material as evidence in proving the extradition offence may be delivered up with the fugitive criminal on his return, subject to—

> *(a)* a deferment of its delivery if it is needed as evidence in Malaysia;
>
> *(b)* an undertaking for its return to Malaysia upon request;
>
> *(c)* the rights, if any, of third parties with respect thereto.

(2) Everything mentioned in subsection (1) may be delivered even when the extradition of the fugitive criminal cannot be effected due to his death, disappearance or escape subject to the conditions mentioned in that subsection.

**Forms**

**46.**   The Forms set out in the Schedule may be used in the matters to which such Forms refer.

**Power of Minister to discharge any fugitive criminal in custody**

**47.**   If it appears to the Minister that by reason of—

    *(a)* the trivial nature of the case; or

    *(b)* the application for the return of a fugitive criminal not being made in good faith or in the interests of justice or being made for political reasons,

or for any other reason, it would, having regard to all the circumstances, be unjust or oppressive to return the fugitive criminal, he may, by order, at any time, stay any proceedings under this Act and direct any warrant issued or endorsed under this Act to be revoked and the person for whose arrest the warrant has been issued to be discharged.

**Simultaneous requisitions**

**48.** (1) If requisitions for the return of a fugitive criminal are received from more than one country, the Minister may, having regard to the circumstances of the case, return the fugitive criminal to such country as he thinks fit.

  (2) The Minister, in determining to which country the fugitive criminal should be returned, shall consider all the circumstances of the case and in particular—

    *(a)* the relative seriousness of the offence;

    *(b)* the relative dates on which the requests were made; and

    *(c)* the citizenship or other national status of the fugitive criminal and his ordinary residence.

**Discretion in respect of return of certain fugitive criminals**

**49.** (1) The Minister may, in his discretion, refuse the surrender or the return of a fugitive criminal if—

    *(a)* the fugitive criminal is a citizen of Malaysia; or

    *(b)* the extradition offence is one in respect of which the courts in Malaysia have jurisdiction.

(2)  Where extradition is refused under subsection (1), the Minister shall, if courts in Malaysia have jurisdiction over the extradition offence, submit the case to the Public Prosecutor with a view to having the fugitive criminal prosecuted under the laws of Malaysia.

**Taking of evidence for purpose of criminal matters pending in a country**

**50.** (1) The Minister may, by order under his hand and seal, require a Magistrate to take evidence for the purpose of any extradition matter pending in any Court or Tribunal in any country.

(2)  Upon the receipt of such order, the Magistrate shall take the evidence of every witness appearing before him for the purpose referred to in subsection (1) in like manner as if such witness appeared on a preliminary enquiry into the case of a person accused of an offence triable by the High Court and shall certify at the foot of the depositions so taken that such evidence was taken before him and shall transmit the same to the Minister.

(3)  The evidence referred to in subsection (1) may be taken in the presence or absence of the accused person, if any, and the fact of such presence or absence shall be stated in such depositions.

(4)  This section shall not apply in the case of any criminal matter of a political character.

**Witnesses to attend and give evidence,** *etc.*

**51.**   Any person may be compelled for the purposes of section 50 to attend and give evidence and answer questions and produce documents in like manner and subject to the like conditions as he may be so compelled for the purposes of a preliminary enquiry into the case of a person accused of an offence triable by the High Court, and every such person shall in respect of all evidence and answers given by him be legally bound to state the truth.

**Taking of evidence for purpose of return of fugitive criminals to Malaysia**

**52.** (1) Where a warrant has been issued in Malaysia for the apprehension of a person and he is, or is suspected of being, in another country, the Minister may by order in writing authorize a Magistrate to take evidence in Malaysia for transmission to the country concerned for use in any proceedings in that country for the return of that person to Malaysia.

(2) Upon receipt of the order, the Magistrate shall—

  *(a)* take the evidence on oath or affirmation of each witness appearing before him to give evidence in relation to that matter;

  *(b)* cause the evidence to be reduced into writing and certify that the evidence was taken by him; and

  *(c)* cause the evidence so certified to be sent to the Minister.

(3) The person against whom the warrant of arrest has been issued under subsection (1) is not entitled to make any representation or cause any representation to be made in the proceeding under subsection (2).

**Rules**

**53.**   The Minister may make rules generally for carrying this Act into effect, and, in particular and without prejudice to the generality of the foregoing, such rules may provide for—

  *(a)* any matter which is required to be, or may be, prescribed under this Act;

  *(b)* the removal of fugitive criminals accused or in custody under this Act and their control and maintenance until such time as they are handed over to the persons named in the warrants as entitled to receive them;

  *(c)* the seizure and disposition of any property which is the subject of, or required for proof of, any alleged offence to which this Act applies;

  *(d)* the form and manner in which, or the channel through which, a Magistrate may be required to make his report to the Minister; and

  *(e)* the removal and return of fugitive criminals who are also prisoners for their temporary surrender to a country.

PART X

REPEAL

**Repeal**

**54.**   The Extradition Ordinance 1958 [*Ord. 2 of 1958*] and the Commonwealth Fugitive Criminals Act 1967 [*Act 54 of 1967*] are hereby repealed.

Sᴄʜᴇᴅᴜʟᴇ

[Section 46]

Fᴏʀᴍ A

[Section 3]

### SPECIAL DIRECTION OF THE MINISTER

Wʜᴇʀᴇᴀs ................................... has made a request for the extradition thereto of............................ of ............................. accused/convicted* of the commission of the offence of ............................. within the jurisdiction of .............................

Nᴏᴡ, ᴛʜᴇʀᴇғᴏʀᴇ, in the exercise of the powers conferred upon me by virtue of section 3 of the Extradition Act 1992, I ..................................... the Minister of Home Affairs, do hereby direct that the provisions of the said Act be applied in relation to the extradition of that particular fugitive criminal, namely ............................ as if there is in force in respect of ............................ an order made under section 2 of the said Act.

Given under the hand and seal of the undersigned Minister this ............... day of ............................. 20 .............................

(L.S.)

......................................
*Minister*

---

*Delete whichever is not applicable.

Fᴏʀᴍ B

[Section 12]

### ORDER OF THE MINISTER TO A MAGISTRATE

To ........................................... , a Magistrate of the First Class

Wʜᴇʀᴇᴀs a requisition has been made to me, under section 12 of the Extradition Act 1992 by ....................................... , the Diplomatic Representative of ..................................... for the return of ..................................... , of ....................... accused/convicted* of the commission of the offence of ..................................... within the jurisdiction of .....................................

Nᴏᴡ, Tʜᴇʀᴇғᴏʀᴇ, I hereby by this Order under my hand and seal signify to you that such requisition had been made and require you to issue your warrant for the apprehension of such fugitive, provided that the conditions of the Extradition Act 1992 relating to the issue of such warrant are, in your judgement, complied with.

*Extradition* 33

Given under the hand and seal of the undersigned Minister this ......... day of .................... 20 ...............

(L.S.)

...............................
*Minister*

_____

*Delete whichever is not applicable.

FORM C

[Paragraph 13(1)*(a)*]

**WARRANT OF APPREHENSION BY ORDER OF THE MINISTER**

To the Inspector General of the Royal Malaysia Police and all other police officers in Malaysia

WHEREAS the Minister has by Order under his hand and seal signified to me that requisition has been duly made to him for the surrender of ........................................ of ............................................. accused/convicted* of the commission of the offence of ............................... within the jurisdiction of ...........................................

This is therefore to command you forthwith to apprehend the said ............................. pursuant to the Extradition Act 1992 wherever he may be found in Malaysia and to bring him before me or some other Magistrate of the First Class to be further dealt with in accordance with the provisions of the said Act, for which this shall be your warrant.

Given under my hand and seal at .................... this .......... day of ......... 20 .........

(L.S.)

......................................................
*Magistrate of the First Class*

_____

*Delete whichever is not applicable.

34          *Laws of Malaysia*          ACT **479**

FORM D

[Paragraph 13(1)*(b)*]

## WARRANT OF APPREHENSION WITHOUT ORDER OF THE MINISTER

To the Inspector General of the Royal Malaysia Police and all other police officers in Malaysia

WHEREAS it has been shown to the undersigned, a Magistrate of the First Class, that .......................... of .......................... accused/convicted* of the commission of the offence of ..........................within the jurisdiction of ..............................................

This is therefore to command you forthwith to apprehend the said .......................... pursuant to the Extradition Act 1992, wherever he may be found in Malaysia, and to bring him before me or some other Magistrate of the First Class to be further dealt with in accordance with the provisions of the said Act, for which this shall be your warrant.

Given under my hand and seal at ..................... this ......... day of ........ 20 ..........

(L.S.)

.....................................................
*Magistrate of the First Class*

_____

*Delete whichever is not applicable.

FORM E

[Section 19]

## WARRANT OF COMMITTAL

To .......................................... (Police Officer) and to the Officer in Charge of the Prison at .......................................

WHEREAS on this ................ day of .............. 20............ of............................ is brought before me, a Sessions Court Judge, in pursuance of a requisition made by the Government of ........................ , on the ground of his being accused/convicted* of the commission of the offence of ....................................... within the jurisdiction of ........................

AND WHEREAS a *prima facie* case has been made out in support of the requisition made by the Government of ...............................

*Extradition* 35

NOW THEREFORE I, .............................. , the undersigned, do command you, the said Police Officer, forthwith to convey and deliver the said .............................. into the custody of the Officer in Charge of the Prison at .............................. and you, the said Officer in Charge of the Prison, to receive the said .............................. into custody and to keep him there safely until he is delivered pursuant to the provisions of the Extradition Act 1992, for which this shall be your warrant.

Given under my hand and seal at .............................. this .............................. day of ....................... 20 .....................

(L.S.)

..................................................
*Sessions Court Judge*

---

*Delete whichever is not applicable.

FORM F

[Section 20]

**WARRANT OF COMMITTAL**

To .............................. (Police Officer) and to the Officer in Charge of the Prison at ………….................................

WHEREAS on this ..................... day of ............. 20 ................. , ................. of ..................... is brought before me, ........................... a Sessions Court Judge, in pursuance of a request for his extradition made by the Government of ................................. on the ground of his being accused/convicted* of the commission of the offence of .............................. within the jurisdiction of ..............................

AND WHEREAS I am satisfied after hearing representations made in support of the extradition request that the offence of .............................. is an extradition offence.

NOW, THEREFORE, I certify that the conduct which constitutes the offence of .............................. does constitute the offence of .............................. against the law of Malaysia.

AND, THEREFORE, I command you, the said Police Officer, forthwith to convey and deliver the said .............................. into the custody of the Officer in Charge of the Prison at .............................. and you, the said Officer in Charge of the Prison, to receive the said .............................. into custody and to keep him there safely until he is delivered pursuant to the provisions of the Extradition Act 1992, for which this shall be your warrant.

36                    *Laws of Malaysia*                    ACT **479**

Given under my hand and seal at .............................. this ................. day of
................... 20 ....................

(L.S.)

..............................................
*Sessions Court Judge*

---

*Delete whichever is not applicable.

Form G

[Section 21 and Subsection 22(3)]

**WARRANT/TEMPORARY SURRENDER
WARRANT OF THE MINISTER FOR RETURN
OF FUGITIVE CRIMINAL**

To the Officer in Charge of the Prison at ............................................. and to
................................… (Police Officer)

WHEREAS a requisition had been made to me under section 12/29* of the
Extradition Act 1992 by ................................, the Diplomatic Representative
of ……………………………… for the return/temporary return* of
........................................ accused/convicted* of the commission of the offence
of .................................... within the jurisdiction of ..............................

AND WHEREAS ................................. was delivered into the custody of the
Officer in Charge of the Prison at ............................. by warrant dated
............................. pursuant to the Extradition Act 1992.

NOW, THEREFORE, I do hereby, in pursuance of the said Act, order you, the
said Officer in Charge of the Prison, to deliver the said ............................. into
the custody of the said ............................. and I command you, the said
............................. , to receive the said ............................. into your custody
and to convey him to ............................. and there place him in the custody
of ............................. who in my opinion has been duly appointed by the
authorities of ............................. to receive him, for which this shall be your
warrant.

Given under the hand and seal of the undersigned Minister this ....................
day of .................... 20 .................

(L.S.)

....................................
*Minister*

---

*Delete whichever is not applicable.

*Extradition* 37

F ORM H

[Subsection 22(2)]

**WARRANT OF COMMITTAL WHERE
FUGITIVE CRIMINAL CONSENTS TO WAIVER
OF THE COMMITTAL PROCEEDINGS**

To ............................. (Police Officer) and to the Officer in Charge of the
Prison at .............................

W HEREAS on this ................... day of ..................... 20 ..................... , of
............................. is brought before me, a Sessions Court Judge, in pursuance
of a requisition made by the Government of ............................. on the ground
of his being accused/convicted* of the commission of the offence of
............................. within the jurisdiction of .............................

A ND WHEREAS ............................. , after having been advised in accordance
with the provisions of paragraph 22(1)*(b)* of the Extradition Act 1992, consents
to the waiver of the committal proceedings.

This is, therefore, to command you, the said Police Officer, forthwith to
convey and deliver the said ............................. into the custody of the Officer
in Charge of the Prison at ............................. and you, the said Officer in
Charge of the Prison, to receive the said ............................. into custody and
to keep him there safely until he is delivered pursuant to the provisions of the
said Act, for which this shall be your warrant.

Given under my hand and seal at ............................. this .............................
day of ............................. 20 .............................

(L.S.)

..................................................
*Magistrate of the First Class*

_____

*Delete whichever is not applicable.

F ORM I

[Subsection 29(4)]

**ORDER OF THE MINISTER TO PRODUCE
FUGITIVE CRIMINAL**

To the Officer in Charge of the Prison at .............................

W HEREAS ................... was convicted by the ................... Court ........................
on ................................. day of ................................. 20 .................................
for the commission of the offence of ............................. and is now serving
a sentence of ............................. at ............................. Prison.

38　　　　　　　　　*Laws of Malaysia*　　　　　　　**ACT 479**

AND WHEREAS a requisition has been made to me, under section 29 of the Extradition Act 1992, by ............................. , the Diplomatic Representative of ............................................. for the temporary return of ........................................ of ......................................... accused/convicted* of the commission of the offence of ............................... within the jurisdiction of ...............................

NOW, THEREFORE, I by this Order under my hand and seal require you to produce the .............................. before the .............................. Sessions Court for an inquiry under section 19 of the Act.

Given under the hand and seal of the undersigned Minister this .............................. day of .............................. 20 ..............................

(L.S.)

..............................
*Minister*

_____

*Delete whichever is not applicable.

FORM J

[Subsection 31(1)]

**WARRANT OF THE MINISTER FOR
RETURN OF FUGITIVE**

To the Officer in Charge of the Prison at .............................. and to .............................. (Police Officer)

WHEREAS .................................. of ........................................ convicted of the commission of the offence of ................. within the jurisdiction of .............................. and sentenced to .............................. was returned *vide* a temporary surrender warrant under section .............................. of the Extradition Act 1992, dated ..............................

AND WHEREAS .............................. was returned by .............................. to Malaysia on .............................. day of .................... 20 ......................... in pursuance of an undertaking given by ..................... under subsection 29(2) of the said Act.

AND WHEREAS the term of imprisonment of .............................. in Malaysia is to expire on .............................. day of .............................. 20 .............................. and whereas .............................. still seeks his return to ..............................

Now, THEREFORE, I do hereby, in pursuance of the said Act, order you, the said Officer in Charge of the Prison, to deliver the said ............................. into the custody of the said ............................. on ............................. day of ............................. 20 ............................. , and I command you, the said ............................. , to receive the said ............................. into your custody and to convey him to ............................. and there place him in the custody of any person or persons appointed by the authorities of ............................. to receive him, for which this shall be your warrant.

Given under the hand and seal of the undersigned Minister this ............................. day of ................... 20 .................

(L.S.)

.............................
*Minister*

---

*Delete whichever is not applicable.

FORM K

[Section 41]

**AUTHORIZATION TO APPEAR ON
BEHALF OF THE PUBLIC PROSECUTOR**

WHEREAS ........................... has made a request for the extradition thereto of ....................... of .............. accused/convicted* of the commission of the offence of ....................... on .................. within the jurisdiction of .............................

Now, THEREFORE, in exercise of the powers conferred upon me by virtue of section 41 of the Extradition Act 1992, I, ............................. the Public Prosecutor, do hereby authorize ............................. to appear on my behalf in ............................. (proceeding under this Act) for ............................. (period).

Given under my hand and seal at ................... this ................... day of .................. 20 .................

(L.S.)

..........................................
*Public Prosecutor*

---

*Delete whichever is not applicable.

40            *Laws of Malaysia*            ACT **479**

FORM L

[Section 50]

### ORDER OF THE MINISTER REQUIRING THE
### TAKING OF EVIDENCE

To .............................. , a Magistrate of the First Class.

WHEREAS a request has been made by .............................. that evidence be taken in Malaysia for the purpose of ..............................

NOW, THEREFORE, in exercise of the powers conferred upon me by virtue of section 50 of the Extradition Act 1992, I .............................. , the Minister of Home Affairs, by this Order require you to take the above-mentioned evidence in accordance with the said section of the said Act.

Given under the hand and seal of the undersigned Minister this ................ day of ............... 20 .....................

(L.S.)

..............................
*Minister*

FORM M

[Section 52]

### ORDER OF THE MINISTER AUTHORIZING
### THE TAKING OF EVIDENCE

To .............................. , a Magistrate of the First Class

WHEREAS a warrant has been issued in Malaysia for the apprehension of ........................................ accused/convicted* of the commission of the offence of ..............................

AND WHEREAS the said .............................. is or is suspected of being within the jurisdiction of ..............................

NOW, THEREFORE, in exercise of the powers conferred upon me by virtue of section 52 of the Extradition Act 1992, I .............................. the Minister of Home Affairs, by this Order authorize you to take in accordance with the said section such evidence in Malaysia as is produced to you for transmission to .............................. for use in any proceedings in .............................. for the extradition of that person to Malaysia.

Given under the hand and seal of the undersigned Minister this .............................. day of .............................. 20 ..............................

(L.S.)

..............................
*Minister*

*Delete whichever is not applicable.

41

**LAWS OF MALAYSIA**

**Act 479**

**EXTRADITION ACT 1992**

LIST OF AMENDMENTS

| Amending law | Short title | In force from |
|---|---|---|
| | – NIL – | |

_____

42

# LAWS OF MALAYSIA

## Act 479

## EXTRADITION ACT 1992

LIST OF SECTIONS AMENDED

| Section | Amending authority | In force from |
|---------|-------------------|---------------|
| | – NIL – | |

_____

DICETAK OLEH
PERCETAKAN NASIONAL MALAYSIA BERHAD,
KUALA LUMPUR
PNMB BAGI PIHAK DAN DENGAN PERINTAH KERAJAAN MALAYSIA