UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>NG CHONG HWA a.k.a. Roger Ng,<br><br>Defendant. | 18 Cr. 00538 (MKB) (S-1)<br><br>**AFFIRMATION OF**<br>**TENY R. GERAGOS, ESQ.** |

I, TENY R. GERAGOS, hereby declare pursuant to 28 U.S.C. § 1746:

1.     I am an Associate at Brafman & Associates, P.C., counsel to defendant Ng Chong Hwa ("Roger Ng") and am listed as counsel of record in the case of United States v. Ng Chong Hwa together with Marc Agnifilo, Esq., Jacob Kaplan, Esq., and Zach Intrater, Esq. (Dkts. 17, 18, 19, 57).

2.     I make this Affirmation based on my first-hand involvement in the events discussed, a review of court records of proceedings both in the United States and Malaysia, conversations with Ng's Malaysian counsel, Datuk Tan Hock Chuan, and other information.

3.     This Affirmation relates to two telephone calls that Mr. Agnifilo and I had with the United States Attorney's Office on January 23, 2019, and February 7, 2019, prior to Mr. Ng's extradition to the United States to fight the charges brought against him.

4.     On January 23, 2019, I joined Mr. Agnifilo for the first phone call with Assistant United States Attorney Jacquelyn Kasulis. During our phone call with Ms. Kasulis, I took simultaneous notes of the conversation, which is part of my regular practice for all of my cases. These notes are attached as Exhibit 1. This conversation took place in the weeks before Mr.

Agnifilo traveled to Kuala Lumpur, Malaysia, to meet with Mr. Ng a second time to facilitate Mr. Ng's extradition to the United States.

5. During this phone call, Mr. Agnifilo and Ms. Kasulis discussed, among other topics, potential suretors to secure Mr. Ng's bail in the United States.

6. Next, and most relevant here, Ms. Kasulis explained the mechanics of Mr. Ng's extradition. Ms. Kasulis stressed to Mr. Agnifilo that the extradition "would have to be a waiver" and not "consent because under the treaty, [if Mr. Ng consented] he would have to remain in custody." (Exhibit 1 at 1.)

7. Mr. Agnifilo responded that he would be traveling to Kuala Lumpur for the February 15, 2019, court hearing and that he intended to go to Malaysia the week prior to the hearing to sort out the mechanics of the extradition. Mr. Agnifilo also asked Ms. Kasulis if that U.S. Attorney's Office would consider "that the rule of specialty would apply even if [Mr. Ng] waives [extradition]." Ms. Kasulis responded that she would have to take that back, but that she would get back to us. (Id.)

8. On February 7, 2019, Mr. Agnifilo and I had a telephone call with the Department of Justice, with Ms. Kasulis and Katherine Nielson, Trial Attorney in the DOJ Fraud Section. (See Ex. 2, 2/7/19 Notes.) This call was organized by Ms. Kasulis who emailed Mr. Agnifilo asking: "Do you have time this afternoon or tomorrow morning to walk through over the phone the agreement that we're working on regarding Roger's waiver of extradition?" (Agnifilo Affirmation, Ex. 1 at p. 2 (Kasulis 2/7/19 9:18 AM EST Email).) As is my regular practice with all cases (as stated above), I simultaneously took notes of this phone call.

9. This call began at approximately 2:30 PM EST, with Ms. Nielsen speaking for the DOJ. She stated that the agreement that the DOJ (meaning the Eastern District of New York and

2

the Money Laundering and Fraud Section of the DOJ) was willing to enter into with Mr. Ng required him to "waiv[e] extradition before [the] 15th of February." (Ex. 2.) My shorthand notes read "not detained, tried, punished only ind. On Oct. 15th." (Id.) Though my notes are shorthand, I understand my notes to mean that Ms. Nielsen was promising that Mr. Ng would further "not [be] detained" and would only be "tried [and] punished only on" the Original Indictment in this case, which was unsealed in October 2018. Ms. Nielsen further stated that Mr. Ng could be tried on any offense Mr. Ng committed within the EDNY after he was extradited here. Ms. Nielsen further stated that if Mr. Ng left after the waiver and voluntarily returned, then the agreement between DOJ and him would be void. (Id.)

10. The government went on to discuss Mr. Ng's terms of detention. Ms. Nielsen ended the conversation by telling Mr. Agnifilo that the "waiver of ext[radition]" needed to be "on the record in court in [Kuala Lumpur]." (Id.)

Dated:   January 22, 2021
         New York, NY

_____
Teny R. Geragos, Esq.

3