# Brafman & Associates, P.C.

ATTORNEYS AT LAW

256 FIFTH AVENUE, 2ND FLOOR

NEW YORK, NEW YORK 10001

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN
———
MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ZACH INTRATER
OF COUNSEL

ANDREA L. ZELLAN

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

January 27, 2021

VIA ECF
The Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    United States v. Ng Chong Hwa a.k.a Roger Ng, 18 Cr. 538 (MKB)

Dear Judge Brodie:

    We submit this letter to request a modification to Roger Ng's bail conditions. Mr. Ng—who has been on home detention with an ankle monitor for 20 months without incident—respectfully requests that this Court remove his current restrictions of home detention and ankle monitoring and leave the condition of travel within the EDNY and SDNY in place.

    Mr. Ng is currently able to leave his apartment only to travel to his lawyer's office between the hours of 10 am to 6 pm on weekdays. In addition, he is permitted to leave his apartment to run outdoors on Tuesday and Thursday from 7:30 pm to 8:30 pm, Saturday from 4:30 pm to 5:30 pm and Sunday from 1 pm to 2 pm. For the vast majority of the year that COVID-19 has been raging, Mr. Ng has been confined to his apartment. Finally, he has signed a personal recognizance bond in the amount of $20 million that is secured by $1 million currently on deposit with the EDNY clerk.

    We ask that the $20 million bond secured by the $1 million on deposit remain in place. However, we also ask that in lieu of the current release conditions, a curfew be imposed as directed by Pretrial Services, and that he be released from electronic monitoring. As before, his travel will be limited to the SDNY and EDNY and he will be subject to pretrial supervision. For the reasons

BRAFMAN & ASSOCIATES, P.C.

set forth below, we believe these conditions are reasonable in light of the current circumstances and due to Mr. Ng's 20 month history of compliance with the established conditions.

We have spoken with Pretrial Services Officer Bianca Carter who has no objection to this request. The Government objects to this request.

**Procedural Background**

Mr. Ng was charged in a sealed indictment on October 3, 2018, which was unsealed on October 31, 2018. Mr. Ng was arrested on a provisional arrest warrant based on the October indictment (See Dkt. 61 ¶2.) In addition to this indictment, Mr. Ng was charged by the Malaysian Attorney General's Chambers on December 19, 2018, relating to the same underlying conduct. (Id. ¶3.) He was incarcerated in Kuala Lumpur, Malaysia, for seven months due solely to the U.S. indictment (he was granted bail on the Malaysian charges) between his October arrest and his initial appearance in the Eastern District of New York on May 6, 2019. On February 15, 2019, Mr. Ng appeared in the Sessions Court in Kuala Lumpur and waived extradition—agreeing to leave his home country and fight charges here (Id. ¶16.)

On May 6, 2019, Mr. Ng appeared in the EDNY and was released on agreed-upon bail conditions: $20 million bail secured by $1 million in cash, home detention and travel restrictioed to the EDNY and SDNY. (See Dkt. 23.)

Mr. Ng's trial was originally scheduled to begin on May 11, 2020. (See 7/18/2019 Order.) On January 31, 2020, at the request of the defense and with the government's consent, the trial was adjourned to September 14, 2020. (See 1/31/2020 Order.) On June 4, 2020, the parties against requested to adjourn the trial date and this court set jury selection for January 19, 2021. (See 6/4/2020 Order.) On August 13, 2020, this Court informed the parties that due to court closures the trial would likely not proceed on January 19, 2021. (See 8/13/2020 Order.) On October 10, 2020, the Court informed the parties that the trial has been scheduled to proceed on March 8, 2021. (See 10/20/2020 Order.) The Court will confirm by the end of this month if this trial date will move forward. (See 12/10/2020 Order.)

**Mr. Ng's Conditions Should Be Modified**

Mr. Ng respectfully requests that this Court modify his bail conditions and release him of home detention and ankle monitoring, as his presence is sufficiently secured by $20 million bail and he is not a flight risk.

At the time the parties reached Mr. Ng's bail agreement, after a series of discussions between January and February 2019, prior to Mr. Ng's extradition waiver, the parties could not foresee that due to a world-wide pandemic, trials in this District, and in all Districts, would be delayed for months, if not more than a year. Between Mr. Ng's arrival in the United States in early May 2019 and the present, he has abided by all terms of release. He truly does nothing other than remain alone in his leased apartment (with his wife and now 9-year-old daughter unable to leave

BRAFMAN & ASSOCIATES, P.C.

Malaysia) and leave his apartment to come to our office to review the millions of pages of discovery under our supervision, per the protective order. As noted above, for five and a half hours a week, he is permitted to shop for groceries and go outside for exercise. Being alone, away from one's family, in a foreign country is difficult under the best of circumstances. It is considerably harder when the only activities in which one can engage consists of sitting with his lawyers, buying groceries and doing one's laundry.

Given the lengthy track record of strict compliance, there is no reason to fear that Mr. Ng is a danger to the community or a risk of flight. As to the latter issue, it is worth noting that he possesses no travel documents. Also, even if he could leave the U.S. (which he cannot), as a citizen of Malaysia, the only place to which he could conceivably travel and remain is Malaysia. However, he is currently facing criminal charges there. Also, he already waived extradition from Malaysia to come here. So, there is no reasoned basis to fear that Mr. Ng would, or could, leave the U.S., and that even if he did, he would have some other place to go.

Moreover, the $20 million bond, and the $1 million in the Court's possession, each of which would remain in place, amount to a powerful incentive for Mr. Ng to continue to abide by his obligations to this court, as he has consistently for the last twenty months. Mr. Ng voluntarily waived extradition to come to the United States and defend himself against these charges. There is simply no reason to think that he would flee at this point (and he has nowhere else to go), and there was never any reason to think he was a danger to anyone.

We thank the Court for your consideration.

Respectfully submitted,

Marc A. Agnifilo, Esq.
Zach Intrater, Esq.
Teny R. Geragos, Esq.
Jacob Kaplan, Esq.

cc:  Counsel for the Government (via ECF and email)
     Pretrial Services Officer Bianca Carter (via email)