# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

256 FIFTH AVENUE, 2ND FLOOR

NEW YORK, NEW YORK 10001

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

———

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ZACH INTRATER
OF COUNSEL

ANDREA L. ZELLAN

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

March 12, 2021

VIA ECF
The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    United States v. Ng Chong Hwa a.k.a Roger Ng, 18 Cr. 538 (MKB)

Dear Judge Brodie:

    We write to update the Court on a recent development that is relevant to the Court's consideration of the defendant's motions concerning discovery and Brady material. (See Dkt. Nos. 42, 46, 58, 60, 61, 62.) On February 9, 2021, Government attorneys assigned to the instant case (the "Government") intervened in a civil case concerning Goldman Sachs Group, Inc. and Timothy Leissner in the Southern District of New York to block the decision of Judge Katherine Parker that permitted subpoenas to be issued to Goldman Sachs and Leissner in a Malaysian criminal case against former Malaysian Prime Minister Najib Razak. See Mohd Najib Bin Abd Razak v. Tim Leissner and The Goldman Sachs Group, Inc., S.D.N.Y. Misc. No. 20-387, Dkt. 9 ("Najib Dkt."). The relevance of this development is two-fold.

    First, that the Government would intervene in another District to prevent Goldman Sachs and Leissner from complying with legal process ordered by another Court is clear evidence that Goldman Sachs is a member of the prosecution team, is being actively protected by the Government, and is united in interest with the Government, as contemplated by decisions such as United States v. Stein, 541 F.3d 130 (2d Cir. 2008). If there was any doubt about the nature of the Government's relationship with Goldman Sachs before, even in the face of the remarkable

BRAFMAN & ASSOCIATES, P.C.

issues raised by defendant's motions currently pending before Your Honor, that doubt was eliminated by the prosecutors in a criminal case in the Eastern District of New York intervening as Goldman Sachs's free lawyer in a civil case pending in the Southern District.

Also, the progress of the Southern District civil case shows a close working and strategic relationship between the Government and Goldman Sachs. Specifically, after receiving the subpoena, Goldman Sachs asked for an extension of time to respond until February 9, 2021. (See Najib Dkt. 13.) Then, just one day before the extended return date, on February 8, 2021, the Government filed a motion for an intervention and a stay of Judge Parker's Order. (See Najib Dkt. 18.) Clearly, the Government and Goldman Sachs communicated regarding the subpoena and how it should be handled. Ng therefore requests as discovery all correspondence and documentation between Goldman Sachs and/or its lawyers and the Government regarding this topic. Additionally, Ng requests as discovery all correspondence and documentation between Leissner and/or his lawyers and the Government regarding Leissner's compliance with the subpoena.

Second, Ng has repeatedly asserted that the Government is intentionally withholding exculpatory information in the form of material and representations made by Goldman Sachs to the Government over the course of repeated meetings and presentations. As part of what is an apparent pattern, the Government has intervened in the Southern District civil case solely to ensure that a defendant in a foreign prosecution, namely the former Malaysian Prime Minister, is denied that which a Judge in the Southern District has already ruled he should receive. Specifically, the Government does not want Razak to have discovery provided by Goldman Sachs and Leissner that would indisputably advance Razak's stated factual defense.[1] Due to the Protective Order in the instant case, counsel for Ng is not at liberty to describe the nature of the evidence, and we do not do so. However, counsel is free to say, and may be ethically obligated to say, that Goldman Sachs and Leissner are in possession of material that defendant Razak does not appear to have that would be consistent with his stated defense, as set forth in public documents.[2] Given that the Razak trial is ongoing in Malaysia, there appears to be a time-

---

[1] Based on Najib's submission, it appears that he is specifically asking for evidence that certain members of 1MDB made their own corrupt arrangements with Jho Low or Leissner or others associated with them to show that while there may have been a bribery relationship involving certain people at 1MDB, these were arrangements reached individually by each 1MDB member without the participation of the former Prime Minister. (See Najib Dkt. 1 at ¶ 10.)

[2] To be clear, counsel for Ng have had no discussions or communications of any kind with counsel for Razak.

BRAFMAN & ASSOCIATES, P.C.

sensitivity to him receiving this material.[3] Therefore, by seeking to prevent Razak's lawyers from securing discovery from Goldman Sachs and Leissner, the Government is actively keeping exculpatory evidence from a criminal defendant in the midst of his trial.

Ng has repeatedly raised particularized Brady issues regarding the extraordinary relationship between the Government and Goldman Sachs. Ng has repeatedly asserted that the Government is protecting Goldman Sachs and, in the process, is violating its discovery and Brady obligations. It is a significant development that the Government is now further proving this point by intervening in another District's civil case to do the same thing.

Accordingly, Ng asks for three things. First, that the Court consider this new information in ruling on our motions for Brady material and discovery. The Government and Goldman Sachs are aligned in interest and have taken extraordinary steps to withhold the extent of that alignment from public view in general and from Ng in particular. As we argued in our motions, the Government and Goldman Sachs have engaged in "a course of dealing that includes Rule 16, exculpatory and/or impeachment information – that has been thus far withheld from Ng." (Dkt. 46 at 103.) The Government's recent action to intervene in the S.D.N.Y. and save both Goldman Sachs and Leissner establish what counsel has repeatedly argued – "that Goldman Sachs is clearly part of the 'prosecution team' here." (Id. at 113.) Second, that the Court Order the Government to provide all communications with counsel to Goldman Sachs and Leissner regarding compliance with the subpoena. Third, to the extent that the Government has moved the Court in the Southern District to stay its prior Order and that motion remains unresolved, we ask that the Court modify the Protective Order in the instant case only to the extent that it would permit counsel for Ng to provide the Court in the Southern District alone with the information that appears to be clearly exculpatory.

                                                                           Respectfully submitted,

                                                                           Marc A. Agnifilo, Esq.
                                                                           Zach Intrater, Esq.
                                                                           Teny R. Geragos, Esq.
                                                                           Jacob Kaplan, Esq.

cc:      Counsel for the Government (via ECF)

---

[3] In Najib's filing, he states "[t]here is time pressure to proceed with discovery in this action: the farther the Malaysian Proceeding progresses, the less valuable the discovery from this case becomes." (See Najib Dkt. 36 at 1.)