# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

256 FIFTH AVENUE, 2ND FLOOR

NEW YORK, NEW YORK 10001

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN
———
MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ZACH INTRATER
OF COUNSEL

ANDREA L. ZELLAN

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

March 18, 2021

VIA ECF
The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     United States v. Ng Chong Hwa a.k.a Roger Ng, 18 Cr. 538 (MKB)

Dear Judge Brodie:

Roger Ng respectfully submits this reply to the Government's March 17, 2021 response regarding a civil matter currently pending in the Southern District of New York (the "Najib" case). (Dkt. 68.) The Government made two claims: (1) defense counsel violated this Court's Protective Order in its initial March 12, 2021 letter on this topic (Dkt. 64); and (2) the Government's filings in Najib do not provide further evidence that Goldman Sachs is united in interest with the prosecution team. This reply deals only with the first of the Government's arguments; Mr. Ng relies on his March 12 letter regarding the second point.

Defense counsel did not violate the Protective Order. As we freely acknowledged in our March 12 letter, the Protective Order bars counsel from discussing any evidence in our possession. So, we did not. Rather, we stated merely that counsel was in possession of Brady material, which by its definition is evidence that is favorable to the accused. We did not discuss a single piece of that evidence. Then, defense counsel footnoted a recitation of Najib's stated defense, as described in Najib's publicly-filed petition. The Government claims that defense counsel not only violated the Protective Order, but did so "in a manner that speaks (inaccurately) about the substance of the

BRAFMAN & ASSOCIATES, P.C.

Discovery Materials." (Dkt. 68 at 2.) Well, what substance? The Government cannot point to a single solitary shred of discovery material shared (or even discussed) by defense counsel. This, itself, demonstrates that defense counsel in no way violated the terms of the Order.

Counsel and Mr. Ng have meticulously abided by the terms of the Order since agreeing to be bound by it. To name just a few examples:

- In order for Mr. Ng to view discovery, he has an office directly in view of counsel's office where she can view him and his computer screen at all times.
- In order for Mr. Ng to view discovery from home, he and counsel Zoom at all times so that counsel can view him and his computer screen.
- When filing motions to dismiss in this case, counsel filed the more than 100-page brief *under seal*, so that counsel and the Government could agree on the appropriate redactions for the public docket. (It should be noted that the Government agreed to unsealing wide swaths of the memorandum that included Goldman Sachs emails and the identification of multiple witnesses.)

The Government also stated that defense counsel's "willingness to flout the clear provisions of the Protective Order" should weigh in favor of the denying Mr. Ng's Motion to remove the "Attorney's Eyes Only" designation applied to the Government's production of an electronic device. This is wrong. It also completely misses the mark. The decision to ask permission from this Court to share what we contend is exculpatory material only with the Judge in the Southern District of New York is a decision of the lawyers alone. Counsel, and counsel alone, carefully read the Protective Order, meticulously abided by it while giving this Court a general idea of the information at issue so that this Court could make a knowing decision. Also, the lawyers, and not Mr. Ng, are bound to follow the New York Rules of Professional Conduct which provide in the very Preamble that "as an officer of the legal system, each lawyer has a duty to uphold the legal process; to demonstrate respect for the legal system."

When the Government sought to block a ruling of the Southern District permitting subpoenas to Leissner and Goldman Sachs in a case where we contend there have been, and continue to be, significant and persistent Brady and discovery violations, the Government was not showing respect for that Southern District Judge. And, as officers of the Court, and as a party familiar with the history of Brady and discovery violations in this case, we had an actual duty to ask this Court to communicate with the Southern District Judge presiding over the civil matter, and no one else. Indeed, what we know now, which we did not even know at the time of our March 12 letter, is that the Government knew that Leissner's personal devices were in the possession of Goldman Sachs. Clearly, the Southern District's decision allowing the subpoenas to Leissner and

BRAFMAN & ASSOCIATES, P.C.

Goldman Sachs may well have revealed the existence of Leissner's personal devices which the Government was keeping a secret at the time it intervened in the Southern District action. However, the revelation from two days ago about the devices is only the latest of a long list of significant <u>Brady</u> and discovery violations, which should have been brought to the attention of the Southern District Judge deciding the subpoena issue.

Finally, it is clear that the Government wants to litigate matters relating to its potential <u>Brady</u> and discovery violations in secret. However, if the First Amendment stands for anything it is that matters impacting on the soundness and integrity of our system of justice must not be decided in the dark. The Government's recent letter that counsel has violated the Protective Order is plainly pretextual. The truth is that the Government got caught hiding Leissner's devices. Before getting caught, it wanted to hide them from the Southern District Judge deciding the civil subpoena matter. And, until two days ago, it hid them from Ng's lawyers. Now that the Government got caught, rather than admitting what it did, it is instead complaining that we violated the Protective Order as part of exposing the Government's significant <u>Brady</u> and discovery violations to a Southern District Court, which, without our input, would have no idea of what it was walking into.

Thank you for your continued attention to this matter.

Respectfully submitted,

Marc A. Agnifilo, Esq.
Zach Intrater, Esq.
Teny R. Geragos, Esq.
Jacob Kaplan, Esq.

cc: Counsel for the Government (via ECF and email)