# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

256 FIFTH AVENUE, 2ND FLOOR

NEW YORK, NEW YORK 10001

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ZACH INTRATER
OF COUNSEL

ANDREA L. ZELLAN

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

December 21, 2021

VIA ECF

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Ng Chong Hwa a.k.a Roger Ng, 18 Cr. 538 (MKB)

Dear Chief Judge Brodie:

Yesterday, four-weeks before jury selection and over 30 months since Roger Ng was arraigned, the Government superseded the Indictment. The timing of this is truly remarkable. At the last court conference on December 7, 2021, the undersigned told the Government and the Court on the record that the undersigned was finally able to travel to Singapore and Malaysia to interview witnesses. The undersigned specifically also stated on the record that this would be the one and only time the undersigned was able to travel to Singapore and Malaysia prior to the start of the trial on January 18, 2022, given the severe travel restrictions. The Government said nothing about superseding the Indictment during the December 7, 2021, court conference or at any other time.

Being aware that the undersigned had returned from this one and only trip to Singapore and Malaysia to interview witnesses, the Government superseded the Indictment. The new allegations in the Indictment relate largely to facts and circumstances not charged in the original Indictment that took place almost exclusively in Singapore and Malaysia which, had counsel known of the new allegations, he could have investigated during this trip to the other side of the world during a world-wide pandemic. The new allegations include the creation of a bank account in Singapore by a relative of the defendant, money transfers made and/or received by people in Singapore and Malaysia, the flow of funds between bank accounts in Hong Kong and Singapore by people in China, Singapore and elsewhere. These allegations appear for the first time in an

BRAFMAN & ASSOCIATES, P.C.

Indictment that the Government filed only after it knew that counsel had returned from the places where these events occurred. What the Government is doing is clear: it is using the travel restrictions of the pandemic strategically to prevent the defendant from conducting the necessary investigation to prepare for trial. It is bad enough that the Government has indicted the defendant in Brooklyn, over twelve time zones from where these actions occurred; however, the Government is utilizing the unprecedented consequences of a world-wide pandemic to prevent the defendant from conducting a necessary defense investigation into these events occurring entirely in different countries.

Along these same lines, the Government has also not provided any 3500 material as a matter of clear litigation strategy. The Government has seen fit to provide counsel with the prior statements of several people, none of whom appear are likely to be witnesses. However, providing reams of statements that are not 3500 material is not a substitute for providing the actual 3500 material, which is the prior statements of <u>witnesses</u>. That the Government would provide non-witness statements while withholding witness statements is clearly strategic on the Government's part. The longer it waits, the less effective the defense will be at ferreting out and bringing to the Court's attention potential co-conspirator statements or at conducting factual investigation during a time of severely limited travel. Just as the Government timed the superseding Indictment strategically, it is doing so with the 3500 material.

In light of this, the defense requests that the Government provide all 3500 material immediately. The Government need only attach electronic files to an email and hit "send." There are no copy machines involved anymore. The transfer is electronic and takes minutes. The reason they have not done it is because they want the advantage of not doing it, even though this Court has already urged them to do it six weeks before trial.

In addition, the defense believes that the Government made substantial changes to the money laundering count in response to Fifth Amendment issues raised by defense counsel at the last Court conference. The Government has refused to confirm this supposition, claiming that to do so would violate Rule 6(e). Accordingly, the defense requests that the Court direct the Government to provide to counsel those Grand Jury materials relating to the Grand Jury's vote on the money laundering count, including the legal instructions as well as any evidence of or reference to the violation of one or more Malaysian statutes as part of the money laundering offense. This request applies to each of the three Grand Jury votes corresponding to the three Indictments returned against Mr. Ng.

The relevance of this request is that if the Government added Malaysian statutory charges to the money laundering count, the Government may have violated the terms of the written agreement between the parties. As the Court will recall, the first time the Government changed the Indictment, on December 9, 2020, the Court ruled that "the Government merely added <u>facts</u> to the Superseding Indictment and did not change the <u>statutory charges</u> on which Ng was extradited." However, now the Government may have done just that. While the Government did not add a count to the Indictment, it appears to have changed the very substance of the money laundering count by charging for the first time that the defendant violated specific Malaysian criminal laws as part of the money laundering offense. Therefore, the Government may have

**BRAFMAN & ASSOCIATES, P.C.**

violated the agreement it reached with defense counsel to try the defendant only on "the offenses charged in the Indictment returned on October 3, 2018." In order to compile a complete record of these facts for the purpose of a motion that may be made promptly to the Court is to have access to the Grand Jury materials referred to above.

In closing, the defense emphasizes yet again that it intends to proceed to trial as scheduled on January 18, 2022. While the Government's recent superseding Indictment and strategic non-disclosure of 3500 material present significant hardships to trial preparation given the ongoing world-wide pandemic, the defendant remains resolute that he wants his trial as soon as possible. Therefore, we ask the Court's assistance in prevailing on the Government to provide ALL 3500 material immediately, and likewise immediately providing counsel with the Grand Jury materials referred to above so that counsel can make a prompt motion, if necessary, to the Court.

Thank you for your consideration.

Respectfully submitted,

Marc A. Agnifilo, Esq.
Zach Intrater, Esq.
Teny R. Geragos, Esq.
Jacob Kaplan, Esq.

cc: Counsel for the Government (via ECF and email)