# Brafman & Associates, P.C.

ATTORNEYS AT LAW

256 FIFTH AVENUE, 2ND FLOOR

NEW YORK, NEW YORK 10001

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

———

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ZACH INTRATER
OF COUNSEL

ANDREA L. ZELLAN

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

December 31, 2021

VIA ECF
The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: United States v. Ng Chong Hwa a.k.a Roger Ng, 18 Cr. 538 (MKB)

Dear Chief Judge Brodie:

  We are in possession of the Government's letter dated earlier today in which they request an adjournment of the trial date. (See Dkt. 108.) As the Government noted, we respectfully object to the Government's adjournment request. We note that the Court appears to be well-versed on navigating the COVID pandemic and how it impacts the Court and juries, and we very much support the Court's efforts to maintain the current trial date. As the Court and the Government are aware, Mr. Ng has been separated from his wife and child for over three years, and in the United States for over two and a half years. Indeed, by the end of next month, he will have been in the U.S. for 1,000 days awaiting his day in Court.

  The defense has told the Government that we will endeavor to be as reasonable as possible with respect to accommodating foreign witnesses to testify via videoconference. But the Government will not engage in discussions with defense counsel regarding which witnesses may not be willing to travel.

  Rather, the Government appears to be seeking a last-minute adjournment in an effort to not comply with the Court's Order to produce the remaining 3500 and witness list to the defense by today. As today is the last day of December 2021, we note that the Court has ordered that

BRAFMAN & ASSOCIATES, P.C.

**"[t]he Government will produce its witness list and 3500 material, with the exception of certain sensitive material, by the end of December**." (See 12/9/2021 Order, emphasis added.) As of today, the Government has produced no statements to law enforcement, notes, or 302 reports of its cooperating witness. The Government likewise has not produced a witness list, and on a joint call yesterday refused to even discuss with defense counsel which Government witnesses may want to testify remotely.

We will start with the witness list. On a call last week, the Government informed defense counsel that it intended to call at least five witnesses by way of video teleconference. The defense indicated that it was likely to have no objection so long as the reasons for the witnesses not traveling were sound and the witnesses did not comprise the core of the Government's case. Toward that end, the defense asked what witnesses the Government was considering calling by way of video teleconference. The Government said that it did not have the list of witnesses at hand, but the Government did give the name of one witness which it said it might call by video teleconference.

On yesterday's call, the Government indicated that one ground for its adjournment request related to witness travel. Again, the defense asked which witnesses the Government was referring to, and the Government refused to provide any names at all. We are willing to work with the Government relating to remote testimony of certain witnesses under certain circumstances. But it is December 31, 2021, and we have no witness list, we have no indication still of which witnesses the Government seeks to call by way of video teleconference, and the Government is declining to discuss their witness preferences with us.

Even more problematic is the Government's refusal to provide any statements, notes, reports, interview memoranda or any such materials concerning its cooperating witness. During yesterday's call, the Government indicated that in addition to 3500 material concerning the cooperator, the Government was also in possession of material it characterized as "Giglio" material concerning the cooperator. With our trial date firmly scheduled for jury selection 18 days from today, and with today being the deadline for 3500 material, it is gravely problematic that the Government is withholding the cooperator's Giglio material.

"The basic rule of Brady is that the Government has a constitutional duty to disclose favorable evidence to the accused where such evidence is "material" either to guilt or to punishment. Favorable evidence includes . . . evidence that is useful to impeach the credibility of a government witness." United States v. Coppa, 267 F.3d 132, 139 (2d Cir. 2001) (citing Brady v. Maryland, 373 U.S. 83, 87 (1963) and Giglio v. United States, 405 U.S. 150, 154 (1972).)

This case, like Giglio itself, is largely a one-witness case centered on a cooperator. That cooperator's credibility is a central, critical question in the case. The Government has now acknowledged that the material it possesses, but is refusing to release, impacts the credibility of

BRAFMAN & ASSOCIATES, P.C.

that cooperator. Most likely, this means that the cooperator has said different things at different times about the same events. Because the "longstanding constitutional principle" is that the defendant must "possess[] Brady evidence in time for its effective use," the defense is required to have enough time to examine the material for its impeachment value. Coppa, 267 F.3d at 144. The Government's cooperator in this case played a central role in a multi-billion-dollar theft, committed numerous complex crimes over a lengthy period, and has been cooperating for years. The defense is entitled to the Giglio material immediately.

Moreover, there are numerous ways to ameliorate the Government's concerns that that the worsening COVID conditions will negatively impact the availability of prospective jurors. First, the parties can select several more alternates to ensure that if a sitting juror gets sick, there are options to replace the juror without the possibility of a mistrial. Second, the CDC has decreased isolation time from ten days to five days, which will provide less significant delays.

It was the Government that indicted this case in this District only because an electrical impulse passed under New York harbor on its way from Asia to Manhattan. The Government should not be heard to complain that its case is now hard to prove because its witnesses are all over the world. Mr. Ng came here voluntarily. So can their witnesses. Mr. Ng has waited nearly three years for his trial date and we would like to keep it. We are entitled to the Government's witness list, the cooperator's 3500 and Giglio material and we would like to have it immediately.

Thank you for your consideration.

Respectfully submitted,

Marc A. Agnifilo, Esq.
Zach Intrater, Esq.
Teny R. Geragos, Esq.
Jacob Kaplan, Esq.

cc:   Counsel for the Government (via ECF and email)