# Brafman & Associates, P.C.

ATTORNEYS AT LAW

256 FIFTH AVENUE, 2ND FLOOR

NEW YORK, NEW YORK 10001

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

———

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ZACH INTRATER
OF COUNSEL

ANDREA L. ZELLAN

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

January 3, 2022

VIA ECF

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     United States v. Ng Chong Hwa a.k.a Roger Ng, 18 Cr. 538 (MKB)

Dear Chief Judge Brodie:

We are in receipt of the Government's letter dated January 1, 2022. (Dkt. 110, 111.)  The Government's letter raises two separate issues: the first related to an Order by this Court that is plainly not being followed by the Government, and a second related to adjourning the trial date.

First, this Court ordered that aside from certain sensitive materials, all 3500 material was to be disclosed by the end of December 2021. (See 12/9/2021 Order.) The Court did not order "most" or "some" of the 3500 to be disclosed; it ordered all of it to be disclosed, save certain sensitive materials. As of January 3, 2022, with jury selection 15 days away, we have not received any interview notes, interview reports, 302s or any such material for the cooperator. ████████████████████████████████████████████████████ ████████████        It simply cannot be that every single interview note, interview report or 302 relating to this known cooperator during that span is legitimately deemed "sensitive."[1] In truth,

---

[1] In addition to not receiving these government-generated 3500 materials, counsel is also uncertain as to whether we have been provided with all other documents, devices or recordings that would constitute 3500 materials in this case.

BRAFMAN & ASSOCIATES, P.C.

the Government is simply violating the Court's very clear order without offering an excuse or explanation and with apparent impunity.

As to the electronic devices the Government has turned over, the Government agreed over the course of the prosecution to turn this material over when the defense pointed out that the cooperator's cell phones, laptop and other devices were likely to show that the cooperator and others (but not the defendant, Mr. Ng) engaged in the activities and perpetuating these crimes. As a result, the defense has always taken the position that these electronic devices re material to the defense's position, as contemplated under Rule 16, and that the cooperator and others may have committed these crimes, but not our client. ████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████.

As noted, we have received interview notes and reports for ████ people, a small number of whom may be witnesses. We have received NO such material for the cooperator. This is especially significant given certain conversations we have had with the Government. For instance, ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████ hat would not only undermine the credibility of the cooperator but would be affirmative evidence of his motive to testify falsely against this particular defendant, and therefore in the nature of <u>Brady</u> material. ████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████.

We believe moreover that the cooperator has made material false statements to the Government about many central facts, and that by continuing to withhold this particular 3500 material, in violation of the Court's order, that the Government is now intentionally withholding Brady material from the defense.[2]

---

[2] We note that the Eastern District of New York's Discovery Policy states, "[i]f there are no security concerns, consider disclosing the material earlier than a week before trial. In white collar cases where the disclosure can be substantial and security issues are not significant, it should be made further in advance of trial. If there are security issues or concerns in your case, you can seek to disclose the information at a later date, such as in a rolling production during trial, or in compliance with the statute after the witness testifies on direct examination." (https://www.justice.gov/sites/default/files/usao/pages/attachments/2015/04/01/nye_discovery_policy.pdf at p. 28.) Here, there are no security concerns, and any that the Government can try to

BRAFMAN & ASSOCIATES, P.C.

Accordingly, we again ask that the Court order the Government to follow the Court's order.  This Court has the right and the authority to enter orders that will facilitate a fair trial, and to have those orders followed by the Government. (See Dkt. 89, Ng Motion in Limine at 14-17.) We are now fifteen days prior to jury selection with no witness list (ordered on 12/9/21), no government exhibits, and no 302s from the Government's cooperator.

Second, the Government has requested an adjournment to the trial "to mitigate the risks posed by the ongoing surge in COVID-19 cases." (Dkt. 110 at 1.) The Government has put forward no reason for this trial to be moved.  In fact, the Government continues to recite a litany of purported reasons why it cannot start on January 18th: witnesses are coming from other places, concern for safety of the participants, and most recently, specific COVID issues (which it set forth in its partially sealed letter), but none mandate moving the trial. Each of these concerns can be managed. ███████████████████████████████████████████████ ████████████████████████████████████████████████████████ And, as stated, we have already indicated that the defense is willing to consent to certain witnesses testifying by video teleconference, for instance. We want to be sensitive to matters of health and wellbeing, as does the Court. But, given the Court's schedule for other trials, we respectfully ask to begin our trial on schedule. We know Your Honor, especially as the Chief Judge for the District, is attempting to accommodate many trials, and we recognize the disruption caused by moving any one of them. Therefore, as to the trial date, we support the Court's efforts to keep our date.

However, the issue of the Government continuing to refuse to provide any of the cooperator's interview reports and notes is a drastically different matter. We respectfully insist that the Government provide all such materials immediately. The Court already ordered this to be done, and the Government refuses still to do so.

Thank you for your consideration.

Respectfully submitted,

Marc A. Agnifilo, Esq.
Zach Intrater, Esq.
Teny R. Geragos, Esq.
Jacob Kaplan, Esq.

cc:     Counsel for the Government (via ECF and email)

---

come up with, can be ameliorated by "Attorney's Eyes Only" designation up until the time of trial.