F. #2016R00467

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA          Docket No. 18 CR 538 (S-2) (MKB)

    - against -

NG CHONG HWA,
    also known as "Roger Ng,"

        Defendant.

– – – – – – – – – – – – – – – – – – X

### THE GOVERNMENT'S PROPOSED STATEMENT OF THE CASE, VOIR DIRE REQUESTS, AND LIST OF PERSONS AND ENTITIES

BREON PEACE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

PRELIMINARY STATEMENT

The following is the government's proposed statement of the case, voir dire and list of persons and entities. As an initial matter, the government respectfully requests that the Court inform jurors about safety procedures and protocols that the Court has established in response to the COVID-19 pandemic, to assuage any concerns that potential jurors may feel about their service.

STATEMENT OF THE CASE

The defendant Ng Chong Hwa, also known as "Roger Ng," is charged with participating in a scheme to unlawfully divert funds raised for the benefit of the people of Malaysia to various improper recipients, including himself, his co-conspirators, foreign officials and relatives of those individuals. Specifically, the government alleges that between 2009 and 2014, the defendant conspired (or agreed) with others to pay bribes to foreign officials and their relatives in exchange for business advantages, and to induce those foreign officials to influence the decisions of their government offices and government instrumentalities to obtain and retain business for a financial institution called The Goldman Sachs Group, Inc. and its subsidiaries and affiliates (collectively, "Goldman"), where the defendant was employed as a senior investment banker.

The government alleges that at the center of the scheme was three bond transactions Goldman handled in 2012 and 2013 for 1Malaysia Development Berhad ("1MDB"), a Malaysian strategic investment and development company wholly owned and controlled by the government of Malaysia that was created to pursue investment and development projects for the economic benefit of Malaysia and its people. These bond transactions raised more than $6 billion for 1MDB and brought Goldman over $600 million in fees and revenue. Although the

2

funds were supposed to be for energy-related projects designed to benefit the Malaysian people, the government alleges that the defendant, together with his co-conspirators, distributed many of the funds to themselves, their associates, and foreign officials. Specifically, the government alleges that defendant, together with others, conspired to facilitate bribe payments to officials at 1MDB and the Malaysian and Abu Dhabi governments in exchange for, among other things, their assistance in awarding 1MDB bond transactions to Goldman. The government also alleges that the defendant and others conspired to provide false information to and/or conceal information from Goldman's control functions to ensure that the bond transactions would be authorized by Goldman's management. Then, after Goldman approved the 1MDB bond transactions and the transactions were completed, the government alleges that the defendant, together with others, conspired to launder billions of dollars of the proceeds into accounts controlled by the defendant, his co-conspirators, and government officials in Malaysia and Abu Dhabi, as well as relatives of those individuals.

Based on the allegations described above, the defendant is charged in a three-count indictment with: (1) conspiracy to violate the anti-bribery provisions of the Foreign Corrupt Practices Act ("FCPA"); (2) conspiracy to circumvent the internal accounting controls provision of the FCPA; and (3) conspiracy to commit money laundering.

This is just a summary of the charges to give you some background on the case. The Court will instruct the jury as to the elements of the crimes charged and the applicable law at a more appropriate time during trial. A few basic principles of law bear mention now. The indictment is simply the means by which the government gives the defendant notice of the charges against him and brings them before the court. The indictment is merely an accusation, and nothing more; it is not evidence and is not to be considered by the jury in arriving at a

verdict. In response to the indictment, the defendant pleaded "not guilty." The defendant is presumed innocent until the jury unanimously decides the government has proven his guilt beyond a reasonable doubt.

PROPOSED VOIR DIRE REQUESTS

In accordance with Rule 24(a) of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court ask the following questions in jury selection for this case, in addition to the Court's usual voir dire.

A.  Case Specific Questions

1.  As an initial matter, have you heard or read anything about this case? If yes, have you formed an opinion about the case?

2.  Does the fact that the charges involve alleged acts of corruption and money laundering affect your ability to render a fair and impartial verdict?

3.  I expect that some of the evidence in this case will concern actions taken abroad. Do any of you believe that actions taken abroad should not be prosecuted in a United States court? Does anything about the fact that this case concerns actions taken, at least in part, outside the United States affect your ability to render a fair and impartial verdict?

4.  Have any of you ever been involved or accused of being involved in an offense involving corruption? Money laundering? Conspiracy to commit any of these offenses? Have any of your relatives, close friends, or associates been involved or accused of being involved in such an offense?

5.  This case is the result of an investigation by federal law enforcement authorities, including the Federal Bureau of Investigation ("FBI"), the Internal Revenue Service ("IRS"), the United States Attorney's Office for the Eastern District of New York, and the Money Laundering and Asset Recovery Section and Fraud Section of the Department of

Justice's Criminal Division. Have you or anyone you know had any experience with the FBI, the IRS, the U.S. Attorney's Office, the Money Laundering and Asset Recovery Section, the Fraud Section, or the Department of Justice more broadly? If so, please describe the nature of that experience, and whether you considered it positive or negative. Would that experience affect your ability to be fair and impartial in this case?

6. Have you had any other experiences with law enforcement that might affect your ability to be fair and impartial in this case?

7. You may hear testimony during the trial from members of law enforcement or regulatory agencies. Because a witness may be a government employee or member of law enforcement does not mean that his or her testimony is entitled to any greater weight by reason of his or her employment. By the same token, his or her testimony is not entitled to less consideration simply because he or she is a government employee. You should consider the testimony of members of law enforcement just as you would consider any other evidence in the case and evaluate their testimony just as you would that of any other witness. Would you have any difficulty following this rule?

8. You may hear testimony during this trial from witnesses who have entered into agreements with the government to testify in exchange for not being charged with a crime. The government is permitted to enter into these kinds of agreements. The jury may take the terms of such agreements into account, together with the other factors which bear on the issue of credibility, in evaluating the witness's testimony. Is there anyone here who has any strong opinions about such agreements or about the testimony of such a witness? Is there anything about the fact that a witness may testify pursuant to such an agreement that would prevent you

from being a fair and impartial juror in this case?  Will you be able to follow the Court's instructions about how to evaluate the credibility of such a witness?

9. You may hear or see evidence in this case that has been translated into English.  Would you have any trouble accepting and relying on English translations as the evidence in this case, rather than your own translation of such evidence?

10. You will hear testimony regarding investment and development projects in the country of Malaysia in Southeast Asia.  The defendant is also a citizen of Malaysia.  Do you have any strongly held opinions or feelings about people from Malaysia or from Southeast Asia more generally?  As a result, would you be unable to render a fair and impartial verdict?

11. You will also hear testimony regarding conduct in Abu Dhabi, which is a state, or "emirate," in the country of the United Arab Emirates, or UAE, which is in the Middle East.  Do you have any strongly held opinions or feelings about people from Abu Dhabi, the UAE or the Middle East more generally?  As a result, would you be unable to render a fair and impartial verdict?

12. Have you, any member of your family, or any close friend ever done business or attempted to do business in Malaysia or Abu Dhabi?

13. Have you, any member of your family, or any close friend ever traveled to Malaysia or Abu Dhabi?

14. Do any of you have experience with Malaysian or Abu Dhabi law?

15. You may hear evidence about the transmission of money internationally via wire transfer.  Have you, any member of your family, or any close friend ever been involved in processing international wires?

  16. Have you, any member of your family, or any close friend ever had business dealings internationally?

 B. <u>Other Questions</u>

  1. Have you, or a family member, or a close friend ever been arrested, charged with a crime, the subject of a criminal investigation, or the victim of a crime? Would that experience affect your ability to be fair and impartial in this case?

  2. Have you served on a jury before? Grand jury or trial jury? Criminal or civil? Was that jury able to reach a verdict? Does that experience affect your ability to be fair and impartial in this case?

  3. Is there any juror who feels that, even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

  4. Is there any reason that you would have difficulty passing judgment on another person?

  5. Will you be able to accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberations of the jurors as to whether a defendant on trial here is guilty?

  6. Do you have any biases or prejudices against members of racial, ethnic, national or religious groups that would make it difficult for you to be fair and impartial? Do you have any knowledge about the parties or the case that might influence you in deciding the case? Would you be able to set aside any sympathies or biases you may have for any of the parties in reaching a verdict?

      7.      Is there anything that we have not directly addressed that would make it difficult for you to be a fair and impartial juror in this case?

      8.      Is there any reason why you would not be willing to comply with the Court's instructions concerning social distancing, mask-wearing and other precautions related to the COVID-19 pandemic?

    C.    <u>Questions About Jurors' Background</u>

The government respectfully requests that the Court inquire about the following:

1. Educational background;
2. Military background;
3. Present employment and job duties;
4. Significant past employment;
5. General area of residence;
6. People who live with juror and their occupation(s);
7. Marital status;
8. Parental status, and if any children, provide their education and employment status;
9. From where each juror obtains news, including specific online sources, newspapers and/or periodicals;
10. Television shows regularly watched; and
11. Leisure activities

LIST OF NAMES AND PLACES

Is anyone familiar with any of the individual or entities listed in Attachment A? If so, how?

\*\*\*\*

The government respectfully requests that the Court include the foregoing during jury selection. The government also requests permission to supplement or amend this request.

Dated:   Brooklyn, New York
         January 26, 2022

                                    Respectfully submitted,

                                    BREON PEACE
                                    United States Attorney

                              By:          /s/
                                    Alixandra E. Smith
                                    Drew G. Rolle
                                    Dylan A. Stern
                                    Assistant U.S. Attorneys
                                    (718) 254-7000

DEBORAH L. CONNOR                   JOSEPH BEEMSTERBOER
Chief, Money Laundering and Asset   Acting Chief, Fraud Section
Recovery Section, Criminal Division Criminal Division
U.S. Department of Justice          U.S. Department of Justice

s/                                  s/
Jennifer E. Ambuehl                 Brent Wible
Trial Attorney                      Trial Attorney


cc:   Clerk of Court (MKB) (by ECF, with Attachment A by email)
      All counsel of record (by ECF, with Attachment A by email)