UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- v. -<br><br>NG CHONG HWA a.k.a. Roger Ng,<br><br>                Defendant. | No. 18-CR-538 (S-2) (MKB) |

## DEFENDANT ROGER NG'S PROPOSED VOIR DIRE QUESTIONS

**BRAFMAN & ASSOCIATES, P.C.**

256 Fifth Avenue, 2nd Floor
New York, NY 10001
(212) 750-7800

Marc A. Agnifilo, Esq.
Zach Intrater, Esq.
Teny R. Geragos, Esq.
Jacob Kaplan, Esq.
    *Of Counsel*

*Attorneys for Defendant Roger Ng*

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, Roger Ng respectfully submits the following preliminary proposed questions to be answered by prospective jurors. We will work with the Government in the coming weeks to reach agreement as to the questions to be posed to the jurors.

### Statement of the Case

We are about to start jury selection in a criminal case. The name of this case is the <u>United States of America against Ng Chong Hwa, also known as Roger Ng</u>. As in all criminal cases in this District, the Government is represented by the United States Attorney for the Eastern District of New York. I will introduce you now to the representatives of the Government.

The defendant, Mr. Ng, is represented by counsel. I will introduce you now to his lawyers.

I will now introduce you to Mr. Ng.

Mr. Ng has been charged by an Indictment with three crimes. An Indictment is not evidence of anything. Rather, it is merely the way that the prosecution has brought this case to trial. The Indictment has three counts, each relating to a different crime.

The first count charges Mr. Ng with a conspiracy to violate something called the Foreign Corrupt Practices Act. More specifically, count one charges that Mr. Ng conspired with others to bribe officials of foreign countries in exchange for the bank where he worked, Goldman Sachs Group, Inc, which I will refer to as Goldman Sachs, getting and retaining business opportunities.

The second count charges Mr. Ng with conspiring to circumvent or intentionally evade the accounting or protocols of Goldman Sachs. In this count, the Government alleges that Goldman Sachs has certain accounting controls and that Mr. Ng agreed with others to circumvent those accounting controls.

The third count charges Mr. Ng with conspiracy to commit money laundering.

Mr. Ng has pleaded not guilty and he disputes these allegations. Mr. Ng is presumed innocent and remains innocent unless the jury unanimously decides the government has proven his guilt beyond a reasonable doubt. We are about to pick a jury that will decide if the government has proven the charges in the Indictment beyond a reasonable doubt. I will ask you a series of questions. These questions are intended to help the lawyers and the court determine if you are an appropriate juror for this particular case.[1]

## The Proposed Questions

1. How old are you?

2. Where did you grow up?

3. What town or neighborhood do you live it?

4. How long have you lived at your current address?

5. Who do you live with?

6. Do you have children?
    a. If so:
        i. How many and how old?
        ii. Are they living in your home?
        iii. If of working age, what do they do for a living?

7. Are you currently working outside the home?
    a. If so:
        i. what sort of work do you do?

8. Who is your employer?

9. How long have you done this type of work?

10. How long have you worked with this employer?

11. If you are living with other people, what sort of work do they do?

---

[1] The defense objects to the Statement of the Case provided by the Government as it focuses solely on the government's view of the facts, lacks balance and contains factual and legal inaccuracies. (*See* Dkt. 120.)

3

12. What is your educational background?

13. Where did you attend high school?

14. Did you go to college?
    a. If so:
        i. Where did you go?
        ii. What did you study?
        iii. Why did you choose that area of study?

15. What newspapers or news websites, if any, do you read?

16. What television shows, if any, do you enjoy?

17. What was the last book you read?

18. What do you like to do in your spare time?

19. Have you or anyone close to you had training or work experience in the following fields:
    a. Investment Banking
    b. Finance
    c. Financial Services
    d. Accounting
    e. Real Estate
    f. Bookkeeping
    g. Auditing

20. Have you or anyone close to you ever worked for any of the following agencies:
    a. The U.S. Attorney's Office;
    b. U.S. Department of Justice;
    c. A District Attorney or other prosecutor's office;
    d. A Federal Court;
    e. A State, County or local court;
    f. A Federal law enforcement agency, such as the FBI, DEA, ATF or another agency;
    g. A Police Department;
    h. A Sheriff's Department;
    i. State Police;
    j. A Probation or Parole Office;
    k. A Correctional Facility;
    l. A foreign law enforcement agency.

21. Have you or anyone close to you ever been convicted of a crime?

22. Have you or anyone close to you ever been the victim of a crime?

4

23. Have you or anyone close to you ever been investigated by a law enforcement agency?

24. Have you or anyone close to you ever been sued civilly?

25. Have you or anyone close to you ever sued another person civilly?

26. If yes to any of the above 4 questions, do you think that this experience with the justice system will influence you as a juror in this case

27. Do you own your own home or do you rent?

28. If you own, do you have a mortgage?

29. Do you have more than one mortgage?

30. Mr. Ng was a Managing Director at a company called Goldman Sachs, which is a large company that provides financial services in many different countries. Is there anything about the fact that Mr. Ng worked at Goldman Sachs that leads you to believe that you may not be a fair juror in this case?

31. Have you or anyone close to you had any dealings with Goldman Sachs that may impact your view of this case or of Mr. Ng?

32. Do you any view about Goldman Sachs?

33. If so, is that view favorable or unfavorable?

34. This case involves the business of banks and banking. Is there anything about the fact that this case is about bankers and banking that leads you to believe that you may not be a fair juror in this case?

35. Have you or anyone close to you had any dealings with a bank or financial institution that may impact your view of this case or of Mr. Ng?

36. Do you have any particular view about bankers or banking?

37. If so, is that view favorable or unfavorable?

38. The allegations involve corruption by public officials in, among other places, the country of Malaysia. Do you have any views about Malaysia and corruption that may lead you to believe that you may not be a fair juror in this case?

39. Do you have any family or work ties to Malaysia?

5

40. The allegations also involve corruption by public officials in, among other places, the United Arab Emirates, or UAE. Do you have any views about the United Arab Emirates or UAE that may lead you to believe that you may not be a fair juror in this case?

41. Do you have any family or work ties to the United Arab Emirates?

42. You may hear that one or more people in this case have business interests in China. Would the fact that a person has a business interest in China cause you to have a favorable or unfavorable view of this person?

43. As I mentioned, one of the counts of the Indictment charges the crime of bribery, specifically bribery of a foreign official. Is there anything about the fact that this case involves allegations of bribery that may lead you to believe that you may not be a fair juror in this case?

44. How about the fact that the bribery at issue in this case is the bribery of a foreign official, does the fact that this is charged in this case lead you to believe that you may not be a fair juror in this case?

45. As I mentioned, one of the counts of the Indictment relates to an allegation that Mr. Ng circumvented the accounting controls of the company for which he worked, specifically Goldman Sachs. Is there anything about this allegation that leads you to believe that you may not be a fair juror in this case?

46. As I also mentioned, one of the counts relates to an allegation of money laundering. Is there anything about this allegation that leads you to believe that you may not be a fair juror in this case?

47. You may hear evidence that a county other than the United States has investigated some of the activity at issue in this case. Would you be able to put this out of your mind and decide this case only on the facts?

48. The Government alleges that the crimes in this case involve billions of dollars. Would the alleged size of this crime alone cause you to believe that the defendant was guilty?

49. Have you heard of this case?

50. Have you ever heard of Roger Ng?

51. Have you heard or read anything about this case?

52. Do you have any problem with the legal proposition that the prosecution must prove a defendant guilty beyond a reasonable doubt in order for that person to be found guilty?

53. Do you think the standard of proof should be lower than that?

54. Have you served on a jury in the past?
    a. If yes, was it a criminal or a civil jury?
    b. Without telling us what the verdict was, did you reach a verdict?

55. Have you served on a grand jury in the past?
    a. For those of you who have served on a grand jury, can you accept the proposition that the standard of proof in a criminal trial is proof beyond a reasonable doubt, and not merely by a preponderance of the evidence?

56. Do you have any problem with the legal proposition that a defendant must be presumed to be innocent?

57. Do you have any problem presuming that Roger Ng is innocent as he sits here today?


Dated:      January 26, 2022
            New York, New York

                                            Respectfully submitted,

                                            /s/
                                            Marc A. Agnifilo, Esq.
                                            Zach Intrater, Esq.
                                            Teny R. Geragos, Esq.
                                            Jacob Kaplan, Esq.

                                            **BRAFMAN & ASSOCIATES, P.C.**
                                            256 Fifth Avenue, 2nd Floor
                                            New York, NY 10001
                                            (212) 750-7800