

U.S. Department of Justice

United States Attorney
Eastern District of New York

F. #2016R00467

271 Cadman Plaza East
Brooklyn, New York 11201

February 17, 2022

By ECF and Email

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ng Chong Hwa
              Criminal Docket No. 18-538 (S-2) (MKB)

Dear Chief Judge Brodie:

      The government respectfully submits this letter to request that the Court (1) preclude the defense from making certain improper arguments that were made in its opening statements at any other point in the trial, whether on cross-examination or in closing arguments; and (2) allow the government to offer evidence to rebut testimony elicited by defense counsel concerning the defendant's character,[1] as provided by the Federal Rules of Evidence.[2]

---

    [1]    As requested by the Court, the government and defense counsel conferred regarding these issues and could not come to an agreement as to how to proceed.

    [2]    The government has filed limited portions of this letter and one of the accompanying exhibits under seal (the "Redacted Information"). While courts recognize a "qualified First Amendment right" to access judicial documents and proceedings and a presumptive right of access to judicial documents under the common law, Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119, 120 (2d Cir. 2006) (quoting Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004)), those rights may be overcome in certain circumstances, including where a court makes "specific, on the record findings" "demonstrating that closure [or sealing] is essential to preserve higher values and is narrowly tailored to serve that interest," United States v. Alcantara, 396 F.3d 189, 199 (2d Cir. 2005). See also United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). In making that determination, courts apply a balancing test. United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995). Here, because the Redacted Information contains anticipated cooperator testimony and inflammatory information, public disclosure at this juncture implicates sufficiently "higher values" that warrant sealing. The government therefore requests that the Court make specific findings, in accordance with Doe, that sealing the Redacted Information is both essential to preserve compelling interests and

I.  **Defense Counsel Should be Barred from Repeating Improper Arguments Made During His Opening Statement**

In his opening statement, defense counsel encouraged the jury to consider why the defendant was being prosecuted rather than other individuals implicated in the charged conspiracies, and told the jury that the government's witness Tim Leissner wanted to "use" the defendant to serve Leissner's jail time. These arguments are entirely improper and contrary to the law. The defendant should therefore be precluded from suggesting, either during cross-examination of the government's witnesses or during closing arguments, that (1) the jurors should speculate as to why the defendant is on trial instead of other co-conspirators, and (2) if the jurors reach a guilty verdict in this case, it will result in the defendant serving jail time instead of Leissner.

First, the Court should preclude argument that the jury should consider why the defendant appears alone before them for the charged crimes. In opening, defense counsel stated:

> We've talked about this massive series of bond deals, we talked about Goldman Sachs. You might be sitting here thinking, who is Roger at Goldman Sachs. He must be really important to be bearing the full weight of all that we heard in the Government's opening. He must be a very important person at Goldman Sachs. Is he the chief executive officer? No. Is he the chief finance officers? No. He's not a chief of anything. He's not even a partner. . . . They didn't ever make him a partner. Leissner's a partner. You're going to hear a lot of partners from Goldman Sachs doing a lot of things. One man here. One. This man. Not a partner. One of the reasons you guys are all on this jury is you guys can figure stuff out. You can size people up, you can figure out situations, and you'll reach your own conclusion about why he is the only one here.

Trial Transcript ("Tr.") at 36:2-24. This argument runs afoul of longstanding precedent and the Court's anticipated instruction to the jury that it may not draw any inference from the fact that certain persons are not on trial, nor may it speculate as to the reasons these other people are not on trial.³ See, e.g., Jury Charge, United States v. Li, 2019 WL 8165509 (E.D.N.Y. Nov. 25, 2019); Jury Charge, United States v. Suarez, 2019 WL 7865187 (E.D.N.Y. May 21, 2019); Jury

---

narrowly tailored to serve those interests. Alcantara, 396 F.3d at 199 (internal quotation marks omitted). The government further requests that the Court's findings be made ex parte and under seal.

³  Indeed, in rejecting the defendant's earlier request to introduce evidence or argument during trial regarding whether co-defendant Jho Low "fled" from prosecution in the United States, the Court has already stated that "I would instruct the jury that they're not to consider the status of any co-conspirator who's not on trial." Jan. 26, 2022 Status Conf. Tr. at 14:7-9.

2

Charge, United States v. Napout, 2017 WL 8293314 (E.D.N.Y. Dec. 26, 2017); see also United States v. Farhane, 634 F.3d 127, 138 (2d Cir. 2011) ("[D]ue process require[s] that any conviction be supported by evidence of personal guilt." (emphasis in original)). The defense should therefore be barred from encouraging the jury to consider the guilt of individuals not on trial and speculating as to why the defendant "is the only one here." Tr. at 36:24.[4]

Second, the defense should be precluded from arguing to the jury in cross-examination and closing, as he did in his opening statement, that Leissner is testifying so that the defendant can take his place in jail. Defense counsel opened to the jury as follows:

> Leissner uses people. You will see that time and time again. He uses women, he uses false intimacy, and here he is trying to use my client. And what he's trying to use my client to do is to serve his jail time. That is what he is trying to use Roger to do.

Tr. at 61:12-16. This argument is wholly inappropriate and completely out of bounds, as it specifically invites the jury to consider the punishment that the defendant may face if he were to be convicted. Invocation of punishment "invites [jurors] to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion." Shannon v. United States, 512 U.S. 573, 579 (1994). We also anticipate that the Court will provide a standard instruction to the jury that the question of punishment is not of its concern and should not enter into its deliberations. In fact, the defendant himself has recognized that evidence or argument concerning the consequences of conviction "certainly tends to be inadmissible at trial." ECF No. 94 at 44. In stating that Leissner is "trying to use [the defendant] to serve his jail time," see Tr. 61:14-15, defense counsel is telling the jury that the defendant will go to jail if he is convicted. That is wrong and should not be permitted.

II. The Government Should Be Permitted to Offer Evidence to Rebut Testimony About the Defendant's Character

In his examination of government witness Andy Tai, defense counsel elicited, over the government's objection, that the defendant was gentle, open-minded and kind. In doing so, defense counsel plainly offered evidence regarding the defendant's character. The Federal

---

[4] As the government noted for the Court immediately after openings, the context for this statement also suggested that defense counsel was inviting the jury to consider whether the government is prosecuting the defendant because of his nationality. See Tr. at 63:11-15. Indeed, leading up to this statement, which occurred in the first few minutes of his opening, defense counsel had already told the jury twice that the defendant was from Malaysia. See id. at 30:16, 34:18-20. It is highly prejudicial—and completely false—to insinuate that the defendant is being prosecuted because he is Malaysian. See, e.g., Fed. R. Evid. 403; United States v. Kaufman, 2021 WL 51521, at *2 (S.D.N.Y. Jan. 6, 2021) (precluding evidence and argument "concerning defendant's family background, health conditions, other personal factors unconnected to guilt or innocence"). Defense counsel also acknowledged before trial that such argument would be improper and that he "ha[d] no intent of making that argument, that somehow there's an anti-Malaysian animus to the prosecution." Dec. 21, 2021 Status Conf. Tr. at 11:15-16. The defense should be held to this representation moving forward.

Rules of Evidence provide that, where the defense offers such evidence, the government is entitled to rebut it. And for good reason: the jury should be permitted to fully and fairly evaluate the defendant's character if the defendant has put it in issue.

Defense counsel sought in his questioning of Tai to draw a contrast between Leissner and the defendant. In the course of this line of questioning, the following exchange took place:

> Q: Fair to say that -- and you worked with Roger Ng quite a bit as well; correct?
>
> A: That's correct.
>
> Q: Fair to say Roger Ng was a far less aggressive business person than Tim Leissner?
>
> A: In -- yes -- yes, more approachable.
>
> Q: Roger was more approachable?
>
> A: Yes. So -- yes.
>
> Q: Okay. What do you mean by that? When you say that Roger was more approachable, just tell the jury what you're talking about.
>
> A: So I think in terms of wanting to meet clients, they were -- probably, you know, have the drive to want to meet clients and find businesses. Where I think the difference, from my perspective, was, Tim was more insistent in terms of tone and, kind of, talking to people; whereas, Roger was more thoughtful and, I would say, gentle. Maybe the right way is gentle. That's why I'm saying more approachable.
>
> Q: You use the word "gentle." Tell us how Roger was gentle in your experience.
>
> [Government objection overruled]
>
> A: Roger was more gentle in the sense that he was not too -- he liked to seek opinions. He was thoughtful and -- he didn't just stamp down his -- you know, his own kind of thoughts.
>
> Q: He was open-minded?
>
> A: He was open-minded, yes.
>
> Q: He would talk to a lot of people?

4

| | | |
|---|---|---|
| A: | | He would talk to a lot of people. |
| Q: | | In your experience, was he kind? |
| A: | | He was kind, yes. |

Tr. at 209:9-210:19.  Defense counsel went far beyond eliciting from Tai the contrasting business styles of the defendant and Leissner.  Instead, defense counsel seized on one portion of Tai's answer and asked about it repeatedly, framing each question more and more broadly, until he had elicited information about the defendant's general character for being "gentle," "open-minded" and "kind."  Because the defense affirmatively put the defendant's character in issue, the government should now be permitted to rebut this evidence by introducing its own evidence.[5]

        Under Rule 404(a), when a defendant offers evidence of the defendant's "pertinent trait, and . . . the evidence is admitted," the government "may offer evidence to rebut it."  Fed. R. Evid. 404(a)(2)(A).  Similarly, where evidence of character is admitted by way of testimony as to reputation, Rule 405(a) permits cross-examination "into relevant specific instances of conduct." Fed. R. Evid. 405(a).  While "[t]he Federal Rules of Evidence allow a defendant to put his good character in issue as part of his defense to criminal charges . . . [o]nce a defendant offers character testimony, the prosecution is afforded substantial latitude to rebut such evidence."  United States v. Russo, 110 F.3d 948, 952 (2d Cir. 1997); see also United States v. Damblu, 134 F.3d 490, 494 (2d Cir. 1998) ("Fed. R. Evid. 404(a)(1) permits a criminal defendant to put his good character in issue.  Once the defendant has done so, the prosecution is entitled to rebut that evidence and cross-examine the defense's character witnesses."); United States v. Bonner, 302 F.3d 776, 781 (7th Cir. 2002) (explaining that evidence of a defendant's character becomes admissible "where the defendant has introduced evidence aimed at portraying his own character in a positive light, and the prosecution is merely trying to counter the inferences to be drawn from such statements").

        Here, the defendant has put his good character at issue as part of his defense, and the government should be permitted to rebut such evidence.  Specifically, the government should be permitted to introduce evidence of an incident at Goldman Sachs in 2012 that directly rebuts the character testimony elicited and emphasized by the defense.  During that incident, the defendant was at a work-related event and got into a verbal altercation with a colleague.  Following an investigation, Goldman Sachs concluded that the defendant "used inappropriate language and acted in a confrontational manner towards a colleague at a work-related event," and the defendant was counseled that his behavior and language were unacceptable.  See GS-1MDB-02919976 (Exhibit 1).[6]

---

[5]    As noted previously, the government expects that the defendant will argue in closing that he is in fact a "gentle," "open-minded" and "kind" person, and will cite Tai's testimony in support of these arguments.

[6]    The government does not intend to elicit the specifics of the altercation during its case-in-chief, but provides those details here for context. ███████████████████

As demonstrated above, the defendant affirmatively elicited evidence regarding his character; the government should therefore be permitted—in accordance with the rules of evidence and Second Circuit precedent—to introduce evidence rebut it.

III.   Conclusion

For the reasons set forth above, the government respectfully submits that the Court should (1) preclude the defense from arguing to the jury that it should consider why the defendant is alone on trial and invoking the consequences of conviction—including, but not limited to, in the context of Leissner's testimony; and (2) permit the government to offer evidence to rebut testimony elicited by the defense about the defendant's character.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   s/
Alixandra E. Smith
Drew G. Rolle
Dylan A. Stern
Assistant U.S. Attorneys

DEBORAH L. CONNOR
Chief, Money Laundering and Asset
Recovery Section, Criminal Division
U.S. Department of Justice

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

s/
Jennifer E. Ambuehl
Trial Attorney

s/
Brent Wible
Trial Attorney

cc:   Counsel for the defendant (via ECF and email)

Enclosures