

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

F. #2016R00467

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 18, 2022

By ECF

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ng Chong Hwa
              Criminal Docket No. 18-538 (S-2) (MKB)

Dear Chief Judge Brodie:

      The government respectfully submits this letter to notify the Court of the status of the government's efforts to determine whether the defendant's wife, ███████ is subject to a travel ban and, if so, how this ban may be lifted for purposes of having her testify at this trial.

      As brief background, on January 26, 2022, the defendant filed a motion in limine requesting that defense witnesses ███████ and ███████ (the defendant's brother-in-law) be allowed to testify remotely via CCTV. ECF No. 122 ("Ng Br."). In support of his argument that ███████ was unavailable to testify in person, the defendant argued that Malaysia had prohibited her from traveling to the United States. Ng Br. at 4-5. The government opposed the defendant's motion, arguing that any purported unavailability of ███████ may be obviated. ECF No. 128 ("Gov't Opp.") at 2. In particular, the government noted that it was in conversations "with Malaysian authorities to determine whether any travel restriction remains in effect and, if so, whether it may be lifted for the purpose of allowing ███████ . . . to testify at trial." Gov't Opp. at 2. On February 11, 2022, the Court entered an order finding that ███████ "unavailability [had] not been established at this time" and deferring a decision pending the resolution of governmental discussions with Malaysia regarding any travel restrictions. ECF No. 138 ("Order") at 4-5.[1]

---

[1] The defendant also argued that ███████ has significant concerns about traveling to Brooklyn because of the pandemic. Ng Br. at 5. In its Order, the Court noted that the mandatory quarantine upon ███████ return to Malaysia would obviate the concerns about

The government has now confirmed that certain travel restrictions have been imposed for ███ by Malaysia.² As of February 17, 2022, the government's Malaysian counterparts were unaware of any request by ███ or the defendant to have these restrictions lifted for the purpose of having ███ testify in this proceeding. Based on recent discussions, the government understands that the relevant Malaysian authorities will consider any defense request to lift the travel restrictions for the purposes of testifying in this proceeding and, if agreed, the restrictions could be lifted expeditiously. The government has expressed to its counterparts in Malaysia its support for the lifting of the travel restrictions for ███ in light of the Court's Order. If such restrictions were lifted, the government would give her safe passage for the limited purpose of appearing in this proceeding.

The government provided this update to defense counsel by phone on February 18, 2022. In addition, the government further offered to transmit a copy of any defense letter to the Malaysian authorities in the hopes of expediting the process of getting the restrictions lifted.

This court has properly recognized a witness's "[u]navailability is to be determined according to the practical standard of whether under the circumstances the [movant] has made a good-faith effort to produce the person to testify at trial." See Order at 4 (quoting United States v. Johnpoll, 739 F.2d 702, 709 (2d Cir. 1984)). The defendant's failure to request that this restriction be removed is particularly inexcusable here, where he contemplated calling ███ for more than a year before notifying the government and the

---

exposing her family to infection. Order at 4. The government agrees with the Court and does not believe the pandemic separately establishes ███ unavailability.

² The defendant similarly sought the remote testimony of his brother-in-law, ███. See Ng Br. The Court found that, in addition to failing to establish ███ unavailability, the defendant has also failed to establish the materiality of ███ testimony and denied the defendant's motion without prejudice. Order at 7. The government has also confirmed that certain Malaysia travel restrictions have been imposed on ███ Should the defendant renew his motion for ███ testimony, he should be required to demonstrate to the Court that he has sought the lifting of these restrictions for ███ prior to the Court allowing any remote testimony by ███ Moreover, he would need to demonstrate the materiality of ███ testimony, which, as the Court properly concluded, is absent from the current record.

Court. See Gov't Mot. at 4. For this reason, the government respectfully continues to request that the Court deny any request to have ▮▮▮▮ testify remotely.[3]

Respectfully submitted,

BREON PEACE
United States Attorney

By: s/
Alixandra E. Smith
Drew G. Rolle
Dylan A. Stern
Assistant U.S. Attorneys

DEBORAH L. CONNOR
Chief, Money Laundering and Asset
Recovery Section, Criminal Division
U.S. Department of Justice

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

s/
Jennifer E. Ambuehl
Trial Attorney

s/
Brent Wible
Trial Attorney

cc:   Counsel for the defendant (via email)

---

[3] In addition, it is the government's continued position that ▮▮▮▮ testimony, as currently proffered by the defendant, is not material because the defendant claimed in his January 26, 2022 filing that the money received in the Silken Waters account was "sent to ▮▮▮▮ family," and it did not appear that ▮▮▮▮ had personal knowledge about the reason for the transfers (as opposed to information about the transfers that she ostensibly learned from her mother, which would be inadmissible hearsay). See Dkt. No. 123 at 8. However, it is difficult for the government to determine exactly what ▮▮▮▮ testimony will consist of since the proffer from the defendant's initial filing – that the money was sent to ▮▮▮▮ family – differs both from the information the defendant provided about the payment in his motions to dismiss (in which the defendant stated that "Judy Chan Leissner's relative(s) owed a debt to Ng's relative(s)," see Dkt. No. 46 at 115) and the information defense counsel provided about the payment in his opening statement (in which defense counsel stated that ▮▮▮▮ herself invested her family money with Ms. Leissner, and then Ms. Leissner requested that ▮▮▮▮ withdraw that investment, see Tr. 40-41). If the travel restrictions on ▮▮▮▮ are not lifted, the government will seek a detailed proffer of ▮▮▮▮ testimony, and may seek reconsideration of the Court's Order based on that proffer.