# Brafman & Associates, P.C.

ATTORNEYS AT LAW

256 FIFTH AVENUE, 2ND FLOOR

NEW YORK, NEW YORK 10001

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

———

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ZACH INTRATER
OF COUNSEL

ANDREA L. ZELLAN

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

February 19, 2022

VIA ECF
The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    United States v. Ng Chong Hwa a.k.a Roger Ng, 18 Cr. 538 (MKB)

Dear Chief Judge Brodie:

We write to correct aspects of the government's letter filed yesterday concerning the ongoing efforts to secure the live trial testimony of ▉▉▉▉▉▉▉ (Dkt. 145.) As an initial matter, the government misunderstands the process of lifting the travel ban. The defense team has been told in the clearest terms that the only way that Malaysia will lift the travel ban is if the United States government makes such a request. Indeed, on February 3, 2022, the United States government represented to the Court and counsel that it was making such a request, a fact that corroborated the information told to counsel.

On a phone call on February 18, 2022, the government for the first time said that the onus to lift the travel ban is on the person banned, which is, we believe, incorrect and inconsistent with the information provided to us and to the Court. Nonetheless, we will be making a formal request to the Malaysian Attorney General's chamber when that office opens on Monday morning (Malaysia time) to lift the travel ban for ▉▉▉▉▉ However, without the meaningful input of the government, we are assured that any request by ▉▉▉▉▉ alone will be unsuccessful.

Therefore, we also set forth additional details relevant to the travel ban and related issues that both the government and the Court should know. This will permit the government to be

BRAFMAN & ASSOCIATES, P.C.

more effective hopefully in prompting the Malaysian government to lift the travel ban and in securing ▇▇▇▇ testimony at this trial.

In assisting the defense in lifting the travel ban, the government should know that the ban has been put into place by two different law enforcement entities in Malaysia, each of which would have to agree to lift the ban for it to effectively be removed. First, the Commercial Crimes Investigation Department (CCID) must agree to lift the ban. Second, the Malaysian Anti-Corruption Commission (MACC) must also agree to lift the ban. Securing the agreement of one agency without the other will cause the ban to remain, we are told. Therefore, any efforts at lifting the ban must be directed at both the CCID and the MACC.

The second issue is that ▇▇▇▇ passport expired in November 2021. While the government seems to want the Court to believe that the defense has been dilatory, the fact is — as we told the government on the February 18 phone call, but which they left out of their letter to the Court — ▇▇▇▇ already went to the Immigration Department to secure a new passport for the explicit purpose of traveling to testify at this trial. ▇▇▇▇ was told, however, that due to the travel ban imposed by the Malaysian Government that the Immigration Department would not issue her a new passport. In practical terms, this means that we must remove the travel ban in sufficient time to allow ▇▇▇▇ to then appear at the Immigration Department, once the ban has been lifted, to secure a new passport. We are told this can happen, under normal circumstances, within a number of days.

The third issue is that Malaysian citizens traveling to the United States for any reason require a Visa. Due to the pending travel ban, ▇▇▇▇ is legally prohibited from applying for a Visa to the United States. Therefore, as with the passport, once the travel ban is lifted, she can apply for a Visa to travel to the U.S., and she will do so. Unlike securing a new passport, which can be done within a matter of days, securing a Visa could take weeks if not longer. Therefore, we will need the government's assistance to expedite the process in securing the visa.

In moving forward, the defense will, as noted, send a letter to the Malaysian Attorney General's Chambers first thing on Monday requesting that the travel ban imposed on ▇▇▇▇ be lifted. After that, the defense is committed to working with the government in whatever way necessary to (1) lift the ban, (2) ensure ▇▇▇▇ secures a new passport, and (3) ensure ▇▇▇▇ secures a Visa in a timely fashion so she can testify at this trial. As noted, we absolutely require the government's assistance with both lifting the ban and getting a visa in a timely manner.

As for that part of the government's letter that seems to just complain, we do feel the need to set the record straight. The defense has been candid with both the Court and the government about the pressing need to secure witnesses and documents from China, Malaysian, Singapore and other locations in the far east. As but a few examples from the record, we include the following:

BRAFMAN & ASSOCIATES, P.C.

- 11/22/19 Tr at 5-6: "The way I see this case, and even though it is six months off, it is never too early to start having these thoughts, is possibly the most challenging issue is that most of the important actions took place overseas. So that raises challenges in terms of making sure that we get the right documentary evidence that we're going to need for the trial, if there are witnesses that are abroad."

- 11/22/19 Tr.: "there's important evidence overseas that we are still trying to get our hands on…I see that being really the crux of it."

- Dkt. 33, 1/30/2020 Letter to the Court at 2: "Given the timing of the government's discovery, we planned on commencing our investigation in Southeast Asia in February 2020. As is well-known, the dire health care situation impacting Southeast Asia and travel to and from there makes this trip objectively unadvisable." Counsel sought an adjournment of the trial date based on this, which was granted.

- 6/4/2020 Minute Order: Counsel again requested an adjournment of trial on June 4, 2020 because of his inability to travel to Southeast Asia. The Court granted this request: "At the Defense counsel request to adjourn the trial date in order to travel to South East Asia to obtain documents and conduct interviews."

- ECF 46, Motion to Dismiss at 35-36: As counsel has indicated repeatedly, there are witnesses and documentation in Malaysia, Singapore and Shanxi Province in China that are directly relevant to the allegations in the Indictment. If the substance of this witness testimony and documentation are as counsel has been led to believe, such information would be not only relevant but potentially dispositive of certain aspects of the charges against Ng. As counsel has stated on the record, due to the Covid-19 pandemic, counsel cannot travel to these locations due to full travel bans imposed by the United States, Malaysia and Singapore. The Malaysian travel ban has been extended until December 31, 2020. As a result of this unprecedented situation where U.S. persons are literally not permitted to travel to the locations where witnesses and documents central to the case are located, the venue issue in this case is far from an academic matter.

Finally, we advised the Court and the Government at the December 7, 2021, status conference that counsel was finally able to travel to Southeast Asia. It is worth noting that there was about a two-week window when the COVID-19 pandemic had abated and just before the Omicron variant emerged, and counsel was able to travel to Asia during this brief period. Before this period, travel to this part of Asia was impossible; and after this period, it would be impossible again. However, as we indicated at the Court conference of December 7th, the

BRAFMAN & ASSOCIATES, P.C.

undersigned traveled to Malaysia during the week of December 12th. Among the interviews conducted was one of ▮▮▮▮▮ and it was tentatively decided that ▮▮▮▮▮ would be a defense witness. Afterward, we advised the government of our intention to call ▮▮▮▮▮.

At about this time, the government indicated to us that it intended to call several witnesses by CCTV. We did not object. Rather, we stated that due to the defendant's Sixth Amendment confrontation rights, we required the government to provide a reason for these witnesses not traveling to the U.S. However, when we indicated that due to the travel ban, ▮▮▮▮▮ would have to testify by CCTV, the government suddenly abandoned its efforts to call witnesses by CCTV themselves. After all, it would be impossible for the government to press for CCTV testimony for its own witnesses while opposing the same for the defense. So, the government appears to have now abandoned its efforts to call witnesses via CCTV. The government also now vehemently opposes CCTV testimony for defense witnesses when only several weeks ago it was asking for no less than five government witnesses to testify in that precise manner.

We put this on the record because we are concerned that the government is attempting to shift the burden of lifting the travel ban on the defense when in fact it is very much in the control of the U.S. government. The defense will do everything in its power to lift the ban, secure a new passport and secure a Visa so that ▮▮▮▮▮ can travel and testify live in this trial. However, we will absolutely require the government's assistance.

In closing, as the U.S. government has now represented in writing that it will grant ▮▮▮▮▮ safe passage for her to travel to the U.S., testify in these proceedings and to travel back to her home (and her nine-year-old daughter) in Malaysia, we ask that the government start the process of securing the necessary safe passage letter from the U.S. government. In our experience, because a safe passage letter is a commitment made by the entirety of the U.S. government, securing one may take a matter of weeks. We ask that the prosecutors here commence that process forthwith so we can have the safe passage letter as soon as possible.

Respectfully submitted,

Marc A. Agnifilo, Esq.
Zach Intrater, Esq.
Teny R. Geragos, Esq.
Jacob Kaplan, Esq.

cc:   Counsel for the Government (via ECF and email)