

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

F.#2016R00467                                    *271 Cadman Plaza East*
                                                *Brooklyn, New York 11201*

February 20, 2022

By ECF

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

           Re:    United States v. Ng Chong Hwa
                  Criminal Docket No. 18-538 (S-2) (MKB)

Dear Chief Judge Brodie:

           The government respectfully submits this letter motion to preclude the defendant
from introducing into evidence a statement contained in a June 13, 2012 Telegraphic Transfer
Application Form from Chiyu Bank documenting the transfer of $17.5 million from the Capital
Place Bank Account[1] to the Silken Waters / Victoria Square Bank Account (the "Chiyu Bank
Transfer Form," attached hereto as Exhibit A). Given defense counsel's opening statement
alluding to a purported "investment" involving the defendant's relatives and Judy Chan Leissner
(the account holder for the Capital Place Bank Account), the government believes that counsel
may attempt to offer the statement from the Chiyu Bank Transfer Form during trial. However,
for the reasons set forth below, the statement from the Chiyu Bank Transfer Form is inadmissible
hearsay, and the defendant should be barred from admitting it.

           The Chiyu Bank Transfer Form documents the remittance of $17.5 million from
the Capital Place Bank Account at Chiyu Bank to the Silken Waters / Victoria Square Bank
Account at UBS Singapore. See generally Ex. A. The Chiyu Bank Transfer Form also includes
a contact telephone number for Tammy Lee, see id. at 3, who worked during the relevant time as
an assistant to Ms. Chan Leissner. On the second page of the document, under the heading
"Remarks," a handwritten notation made by an unknown banker at Chiyu Bank stated in
Chinese, "[Illegible] Accountant Miss Lee and the signatory verified to be investment funds."[2]
Id. at 2. The government believes the defendant may attempt to offer the unknown banker's

---

[1]        Capitalized terms not otherwise defined herein are defined in reference to the
government's November 3, 2021 motions in *limine*, ECF No. 90.

[2]        The original version of this document was written in part in Chinese, and the
portions of the document written in Chinese have been translated into English.

notation for its truth—i.e., that the funds referenced in the Chiyu Bank Transfer Form were, in fact, investment funds. But if offered by the defendant, it would be hearsay—an out-of-court statement that the defendant would seek to admit for its truth. The fact that the statement is contained on a wire transfer form does not insulate it from analysis under the Federal Rules of Evidence, and the defendant should be precluded from introducing it.[3]

  "Each hearsay statement within multiple hearsay statements must have a hearsay exception in order to be admissible." United States v. Cruz, 894 F.2d 41, 44 (2d Cir. 1990) (citing Fed. R. Evid. 805); see also United States v. Singh, 726 F. App'x 845, 848 (2d Cir. 2018) ("Hearsay and hearsay-within-hearsay are inadmissible unless the statement fits within a hearsay exception."). Even if a document is properly characterized as a business record under Rule 803(6), recorded statements of third parties represent a second level of hearsay that must fall under some exception to be admissible. See, e.g., Cruz, 894 F.2d at 41 ("Regardless of the evidentiary rule invoked to assert the admissibility of the reports, the reports contain multiple hearsay and cannot be admitted under any exception to the hearsay rule."); United States v. Bortnovsky, 879 F.2d 30, 34 (2d Cir. 1989) (finding that a proponent of a report that fell under the business record exception must also establish that any hearsay statement within the report also fell under a hearsay exception); United States v. Dixon, 511 F. App'x 48, 53 (2d Cir. 2013) ("[R]egardless of whether the report itself satisfied a hearsay exception, [the declarant's] statements recorded in the report constituted a second level of hearsay that . . . did not fall within an exception permitting their admission."); United States v. Pimentel, 2001 WL 185086, *6 (E.D.N.Y. Jan. 22, 2001) (declining to admit meeting minutes as business records because "many statements within the minutes are hearsay within hearsay and do not fall within an exception to the hearsay rules, pursuant to Rule 805").

  Here, the statement that Ms. Chan Leissner and Ms. Lee "verified" that the $17.5 million transfer was "investment funds" is hearsay for which there is no exception. The defendant would plainly seek to admit the statement for the truth of the matter asserted—namely, to support the defense argument that the criminal proceeds transferred from the Capital Place Bank Account to the Silken Waters / Victoria Square Bank Account were a return on an investment rather than the payment of a kickback. See, e.g., Feb. 14, 2022 Trial Tr. at 42:2-3 (defense counsel's opening statement that "Judy [Chan Leissner] sends her $17.5 million to Hwee Bin [Lim] to start paying down on the investment"). This is barred by the rules of hearsay.

---

   [3] For the same reasons the government cited in moving to admit statements made to bankers at UBS AG in connection with the opening of the defendant's Silken Waters / Victoria Square Account, the statement in the Chiyu Bank Transfer Form would be admissible if offered by the government because it would not be offered for its truth, as the funds were not related to an investment, but rather criminal proceeds of the charged scheme. See United States v. Pedroza, 750 F.2d 187, 203 (2d Cir. 1984) (statement "offered for its patent falsity" is not hearsay). In addition, the government, but not the defendant, would be entitled to offer the statement in the Chiyu Bank Transfer Form as a co-conspirator's statement made in furtherance of the conspiracy (i.e., to conceal the true nature of the funds). See Fed. R. Evid. 801(d)(2)(E).

Even assuming, <u>arguendo</u>, that the Chiyu Bank Transfer Form itself is admissible as a business record,[4] that does not address the hearsay-within-hearsay problem posed by the statement at issue.  The statement in the Chiyu Bank Transfer Form is clearly not covered by any of the hearsay exceptions in Rules 803 or 804.  Nor is it admissible under Rule 807, as any statement made by Ms. Chan Leissner, an unindicted co-conspirator, and her assistant regarding the transfer of $17.5 million in criminal proceeds is far from "particularly trustworthy."  <u>United States v. Morgan</u>, 385 F.3d 196, 208 (2d Cir. 2004); <u>accord</u> <u>United States v. Hill</u>, 658 F. App'x 600, 604 (2d Cir. 2016); <u>see also</u> <u>United States v. Paulino</u>, 445 F.3d 211, 220 (2d Cir. 2006) (the proponent of the hearsay "must point to evidence that corroborates both the declarant's trustworthiness and the truth of the statement").  The defense should therefore be precluded from introducing the statement from the Chiyu Bank Transfer Form about what Ms. Chan Leissner and Ms. Lee purportedly told the unknown third party at Chiyu Bank.

****

---

[4]    The government obtained a certification that the Chiyu Bank Transfer Form was kept in the usual course of business for Capital Place, but was unable to obtain such a certification from Chiyu Bank, which did not retain the Chiyu Bank Transfer Form.  <u>See</u> Ex. B. While the Chiyu Bank Transfer Form itself (as opposed to its contents) may be a business record of Capital Place, the notation of the banker reporting a statement of Ms. Chan Leissner and Ms. Lee is plainly not a business record of Capital Place.  This introduces yet another layer of hearsay and potential unreliability.  For the reasons stated herein, there is no hearsay exception that would allow for the admission of either of these embedded hearsay statements.

        For the reasons set forth above, the Court should preclude the defense from introducing the "Remarks" from the Chiyu Bank Transfer Form into evidence.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    s/_____
Alixandra E. Smith
Drew G. Rolle
Dylan A. Stern
Assistant U.S. Attorneys

DEBORAH L. CONNOR
Chief, Money Laundering and Asset
Recovery Section, Criminal Division
U.S. Department of Justice

s/_____
Jennifer E. Ambuehl
Trial Attorney

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

s/_____
Brent Wible
Trial Attorney

cc:    Counsel for the defendant (via ECF and email)