# Brafman & Associates, P.C.

ATTORNEYS AT LAW

256 FIFTH AVENUE, 2ND FLOOR

NEW YORK, NEW YORK 10001

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

———

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ZACH INTRATER
OF COUNSEL

ANDREA L. ZELLAN

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

February 25, 2022

VIA ECF
The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Ng Chong Hwa a.k.a Roger Ng, 18 Cr. 538 (MKB)

Dear Chief Judge Brodie:

We write in response to the government's February 20, 2022, letter (Dkt. 147) requesting that the Court preclude Mr. Ng from introducing an exculpatory banker's notation contained in a June 13, 2012, Capital Place bank record. This notation was made by a banker as part of the transfer application process after speaking with Judy Chan Leissner and her accountant–who both verified that the $17.5 million transfer from Judy Chan Leissner's Capital Place account at Chiyu Bank to Mr. Ng's relative's Silken Waters account related to investment funds. This notation confirms what counsel has been stating for years in its motion to dismiss, motions *in limine* and opening statement: that the money transferred from the Leissners to Mr. Ng's family were payments for a previous investment and not criminal proceeds.

Continuing their efforts to keep exculpatory information from the jury, the government now moves, after counsel's opening statement and in the middle of trial, to preclude information that it has had in its possession for years and that it had notified the defense in January 2022 that it would be introducing in its case-in-chief at trial. For the reasons stated below, the government's untimely motion should be denied.

BRAFMAN & ASSOCIATES, P.C.

1. **The Government's Untimely Motion Should be Rejected**

On January 18, 2022, the government provided counsel with notice that it intended to offer certain foreign bank records as evidence under F.R.E. 807's residual hearsay exception and pursuant to an 18 U.S.C. § 3505 certification for foreign records of regularly conducted activity. (Ex. 1: Gov't 1/18/22 Letter at 1.) The government's letter listed the records it intended to introduce through Rule 807, including records for Capital Place—a shell company owned and operated by Tim Leissner and his then-wife, Judy Chan Leissner. (*Id*. at 6.) Included in the list of Capital Place records was the June 13, 2012, Telegraphic Transfer Application Form ("TTA Form") from Chiyu Bank relating to a $17.5 million payment from Capital Place to Silken Waters. (Dkt. 147 at Exhibit A.) As the name entails, this is the form that Judy Chan Leissner needed to complete to send out the $17.5 million transfer to Silken Waters.

The January 18th letter also noted that the government would seek at admit "at least some" of the listed records pursuant to certifications under 18 U.S.C. § 3505. Notably, this notification came after the government had previously provided the defense with an undated § 3505 certification signed by Judy Chan Leissner to meet the "foreign certification" requirement of 18 U.S.C. § 3505. (Dkt. 147 at Exhibit B.) This certification specifically included the TTA Form.

As the government was aware at the time of its January 18th letter, the TTA Form included a banker's notation indicating that Capital Place's accountant (Tammy Lee) and its account holder (Judy Chan Leissner) verified to a Chiyu banker at the time of the transfer that the money being transferred to Silken Waters related to "investment funds." The government nonetheless provided notice to counsel that the government was seeking to admit all the listed records, including the TTA Form, as business records under Rule 807, without any limitation relating to the banker's notation in the TTA Form.

At the time of opening statements on February 14, 2022, counsel had every reason to rely on the government's representations in its January 18th letter that the business records listed—including the entire TTA Form—were admissible under Rule 807 without limitation. More than 4 weeks after its letter, and nearly a week after counsel's opening statement, the government now moves for the first time to preclude Mr. Ng from admitting the banker's notation into evidence because it now claims for the first time the notation is hearsay within hearsay.

In explaining the reason for its motion, the government claims that

> Given defense counsel's opening statement alluding to a purported "investment" involving the defendant's relatives and Judy Chan Leissner (the account holder

**BRAFMAN & ASSOCIATES, P.C.**

>for the Capital Place Bank Account), the government believes that counsel may attempt to offer the statement from the Chiyu Bank Transfer Form during trial.

(Dkt. 147 at 1.)

In truth, however, the government has known counsel's argument about the Silken Waters transfers for years. As the government itself noted in a recent filing:

>On June 24, 2019, defense counsel first informed the government that the defendant maintained that the $35 million in criminal proceeds sent to the Silken Waters / Victoria Square Account was from legitimate business transactions.

(Dkt. 140 at 1.) This argument was made by counsel several times before trial:

- October 30, 2020 Motion to Dismiss: "Judy Chan Leissner's relative(s) owed a debt to Ng's relative(s). This debt was wholly unrelated to any of the allegations or events in the Indictment." (Dkt. 46, Memorandum in Support Ng's of Motion to Dismiss at 115.)

- January 7, 2022 Transcript: "So what I expect some of the trial evidence to show is that these funds did not come from Switzerland, for instance, the way that Fanny Khng said; that they were related to investments in China, and that is problematic because of the way that money moves in and out of China, it is very difficult to do that. And it is our contention, and we think the evidence is going to bear out that this money was related to investments in China." (1/7/22 Tr. at 18-19.)

- Motion for CCTV Testimony: "Ms. Lim will testify directly on that issue. Her testimony will directly contradict the government's allegations regarding the $35 million – perhaps the single central issue in the case. Moreover, as this money was sent to Ms. Lim's family, not Mr. Ng, she has greater knowledge of the facts surrounding these transfers than Mr. Ng does." (Dkt. 122 at 6.)

- Affirmation in Support of Motion for CCTV Testimony: "The defense contends that the money sent by Ms. Judy Chan Leissner to the Silken Waters/Victoria Square account is wholly unrelated to the crimes charged, and that indeed these funds relate to a pre-existing debt owed by Judy Chan Leissner to Ms. Lim." (Dkt. 122-1 at 5 ¶17.)

Consequently, the government's claim that this motion is in response to counsel's opening statement is disingenuous, as it knew the significance to the defense of the banker's notation on the TTA Form for years before trial started.

BRAFMAN & ASSOCIATES, P.C.

Rather, the timing of the government's motion was far more deliberate. The government purposely waited until after counsel's opening statement where counsel specifically addressed the true nature of the $35 million that was transferred was a payment of a previous investment. Only then did the government seek to preclude this exculpatory evidence that it has known about for years.

The government's delay in making this motion also served a secondary benefit. As noted in its January 18th letter, the government was giving notice that it would seek to admit some of the listed foreign bank records pursuant to 18 U.S.C. § 3505. The government had previously provided the defense with an undated 18 U.S.C. § 3505 certification signed by Judy Chan Leissner pertaining to Capital Place records, including the TTA Form. (Dkt. 147 at Exhibit B.) Under 18 U.S.C. § 3505, the party opposing admission of the records based on that section must make its opposition motion <u>before trial</u> or the party is deemed to have waived its objection. 18 U.S.C. § 3505(b). Being aware of this rule, the government listed the TTA Form in its entirety as a Rule 807 record without any exception to the banker's notation—knowing that Mr. Ng would not object to its admission via F.R.E. 807 or 18 U.S.C. § 3505 because the form, as a whole, supported Mr. Ng's defense that the Silken Waters transfer was return of investment funds, not criminal proceeds. Once trial started, however, the government moved to preclude admission of the banker's notation because now it is too late for defense counsel to object to the admission of the remainder of the TTA Form via § 3505.

This timing is indefensible. This Court endeavored to address and rule on outstanding motions *in limine* issues prior to the start of the trial so that the parties knew the general state of evidence before opening statements. The government is now attempting to circumvent these efforts by waiting until after defense counsel's opening statement to seek to preclude the banker's notation. The government knew about this issue for years, yet went through two rounds of *in limine* motions before finally raising it after counsel's opening. For this reason alone, the Court should deny the government's untimely motion.

2. **The Banker's Notation is Admissible**

The Court should also deny the government's motion because it is substantively meritless. As the government stated in its January 18, 2022, letter, the foreign bank records listed, including the TTA Form, are admissible under F.R.E. 807's residual hearsay exception. Under this rule otherwise inadmissible hearsay can be admitted where:

> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

-4-

BRAFMAN & ASSOCIATES, P.C.

F.R.E. 807(a). The government also acknowledges in its current letter that the TTA Form may also be admissible as a business record of Capital Place. (Dkt. 147 at 3 & n.4.)

Whether the TTA Form is admissible under the Residual Hearsay Exception or a business record, the government argues that the banker's notation contained in the TTA Form is "hearsay within hearsay," and is therefore not admissible because there is no independent hearsay exception that specifically applies to the banker's notation. (Dkt. 147 at 2–3 & n.4.) This argument fails for two reasons:

### A. The Banker's Notation is Admissible under F.R.E. 803(3)

The Chiyu banker's notation is clear that one the sources of the information that the $17.5 million transfer from Capital Place to Silken Waters related to "investment funds" was Judy Chan Leissner, Capital Place's owner. In making this statement to the Chiyu banker as part of the transfer process, Judy Chan Leissner was declaring her state of mind and intent that she was making this transfer to Silken Waters <u>because it related to investment funds</u>. Under F.R.E. 803(3), a "statement of the declarant's then-existing state of mind (such as motive, intent, or plan)" is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness." *See, e.g., United States v. Lesniewski*, No. 11-CR-1091, 2013 WL 3776235, at *5 (S.D.N.Y. July 12, 2013), *aff'd sub nom. United States v. Rutigliano*, 614 F. App'x 542 (2d Cir. 2015).

As this Court has previously noted, the F.R.E. 803(3) "hearsay exception permits the admission only of statements of future intent." (Dkt. 138 at 27 (quoting *United States v. Best*, 219 F.3d 192, 198 (2d Cir. 2000) ("A declarant's out-of-court statement as to his intent to perform a certain act in the future is not excludable on hearsay grounds.")))[1] Here, Judy Chan Leissner made her statement of intent as part of the transfer process. Consequently, her statement fits squarely within the F.R.E. 803(3) exception to the hearsay rule and is admissible for the truth of the matter asserted.

While the government claims that Judy Chan Leissner's statements are unreliable because she is a co-conspirator (Dkt. 147 at 3), this argument does not affect the admissibility of the banker's notation under the state of mind hearsay exception. As the Second Circuit has noted:

> the likelihood that the declarant is misrepresenting his state of mind is not an additional qualification to the admissibility of state of mind hearsay statements. If

---

[1] F.R.E. 803(3) lists a specific exception that "a statement of memory or belief to prove the fact remembered or believed" is not admissible under this state of mind hearsay exception. This limitation does not apply here because Judy Chan Leissner's statement to the Chiyu banker was made as part of the transfer process and did not refer to a past event.

> a declaration comes within a category defined as an exception, the declaration is admissible without any preliminary credibility finding by the judge, save for the "catch-all" exceptions of Rules 803(24) and 804(5).

*United States v. Cardascia*, 951 F.2d 474, 487 (2d Cir. 1991) (citation and quotation marks omitted). The government's arguments about Judy Chan Leissner's credibility therefore apply only to the weight of the evidence, not its admissibility under F.R.E. 803(3)'s state of mind hearsay exception. It is also particularly rich for the government to claim that Judy Chan Leissner is incredible when the certification it used for these records was signed by none other than Judy Chan Leissner herself. Apparently, for the government, Judy Chan Leissner is credible when it helps them but incredible when it does not. This is hypocrisy and the Court should reject it.

   B. <u>The Banker's Notation is Admissible under F.R.E. 807</u>

  By asserting that the Capital Place records and the TTA Form were admissible under F.R.E. 807's residual hearsay exception, the government acknowledged that these records were "supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement," as required by F.R.E. 807 (a)(1). With respect to the TTA Form, this means that the government must have deemed the entire form—including the banker's notation—to be reliable. That is because if any part of the form (banker's notation or anything else) was not reliable, then the entire form could not be reliable.

  Notwithstanding its position in its January 18th letter that the TTA Form was admissible under F.R.E. 807, the government now argues that the banker's notation portion of the TTA Form should not admissible under F.R.E. 807 because "any statement made by Ms. Chan Leissner, an unindicted co-conspirator, and her assistant regarding the transfer of $17.5 million in criminal proceeds is far from 'particularly trustworthy.'" (Dkt. 147 at 3.) Having relied on Judy Chan Leissner's trustworthiness for their benefit—to obtain an 18 U.S.C. § 3505 certification for her bank records—the government should not be heard now to complain that her statement reflected in the banker's notation was not trustworthy.

  The banker's notation also meets the F.R.E.'s 807's second requirement, *i.e.*, that "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." F.R.E. 807(b). The only more probative evidence for what Judy Chan Leissner told the Chiyu banker about the $17.5 million transfer would be Judy Chan Leissner's actual testimony.[2] Unfortunately, Judy Chan Leissner is not available to the

---

[2] The defense is unable to call the Chiyu bank employee who made the notation because there is no indication who wrote it.

-6-

BRAFMAN & ASSOCIATES, P.C.

defense because she is not subject to this Court's subpoena power as she lives outside the United States.[3] Moreover, she has been deemed a co-conspirator by the government and therefore could not be forced by the defense to testify and waive her Fifth Amendment rights. Absent her testimony, the best evidence for what she told the Chiyu banker is the banker's notation.

3.   **Conclusion**

For the reasons stated above, the government's requests should be denied.

Respectfully submitted,

Marc A. Agnifilo, Esq.
Zach Intrater, Esq.
Teny R. Geragos, Esq.
Jacob Kaplan, Esq.

cc:   Counsel for the government (via ECF)

---

[3] The government has allowed Judy Chan Leissner to travel freely in and out of the United States without alerting the defense as to her whereabouts or compelling her with a subpoena to testify at this trial.