

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

F.#2016R00467

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 27, 2022

By ECF

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ng Chong Hwa
               Criminal Docket No. 18-538 (S-2) (MKB)

Dear Chief Judge Brodie:

      The government respectfully submits this letter in response to the defendant's attempt to (1) obtain certain documents that the prosecution team has never possessed or reviewed and which were designated by an independent privilege review team as attorney-client privileged material on the privilege log provided to the defense on February 25, 2022 (the "Challenged Documents")[1] and (2) use at trial the content of marital communications between Tim Leissner and Kimora Lee Simmons Leissner (the "Marital Communications"). Regardless of whether the Challenged Documents or the Marital Communications are protected by a privilege, it is clear they are cumulative of evidence that has already been produced to the defense and that would be used solely as extrinsic evidence to impeach Leissner on collateral matters. The defendant's challenges should therefore be rejected.[2]

---

[1] This weekend, defense counsel, the privilege team and counsel for Tim Leissner, Kimora Lee Simmons Leissner and Judy Chan discussed the defendant's February 25, 2022 requests and have significantly narrowed the categories of Challenged Documents in dispute; the privilege team is also preparing to release certain documents that were originally listed on the log to the defense team based on those discussions.

[2] Because the prosecution team does not have access to the content of the Challenged Documents on the privilege log, the prosecution team cannot make arguments about why the substance of specific documents on the log are privileged beyond what is evident from the header information on the log (i.e., that attorneys are included on these communications). Substantive arguments can be advanced, as necessary, by the privilege team as well as counsel for the privilege holders on those documents. The prosecution has no objection to the Court reviewing any disputed documents from the privilege log in camera to the extent necessary.

I.  **The Challenged Documents**

Based on defense counsel's representations and because there is no reason to believe that the Challenged Documents relate to the charged offenses against the defendant, the Challenged Documents are being sought for the purpose of impeaching Leissner on collateral matters. Specifically, the government understands that the Challenged Documents relate to (1) communications between Leissner and immigration attorneys and (2) communications between Leissner, Ms. Simmons Leissner and attorneys about the purchase of certain assets, including a yacht and real estate.[3] Leissner either has or will testify about these topics,[4] and the government has already produced to the defense a substantial volume of 3500 material and non-privileged documents on these topics as well.

As this Court has recognized, "Rule 608(b) provides that 'extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.'" ECF No. 138 at 19 (quoting Fed. R. Evid. 608(b)). Thus, even if the defendant were to obtain any of the Challenged Documents, they would be inadmissible as evidence. See id. at 19-20 (citing United States v. Masino, 275 F.2d 129, 133 (2d Cir. 1960)); United States v. Brown, 2009 WL 497606, at *3 (E.D.N.Y. Feb. 26, 2009) ("Because of [Rule 608's] categorical bar on extrinsic evidence of prior instances of conduct, the cross-examiner may not introduce documents or other proof to contradict a witness who denies committing the prior act or does not recall all or some of its details."). Accordingly, at most, the defense could use the Challenged Documents to inform their cross-examination of Leissner.

Given the limits on the use of the Challenged Documents, the Court should reject the defendant's challenge and decline to engage in an unnecessary and time-consuming process of determining whether each of the Challenged Documents is privileged. First, it is undisputed that if a Challenged Document is covered by attorney-client privilege, the Court should not vitiate that privilege to compel production of the document to the defense solely for impeachment purposes. "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law . . . [and] [i]ts purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). By contrast, "[f]or impeachment evidence, 'where ample ammunition exists to attack a witness's credibility, evidence that would provide an additional basis for doing so is ordinarily deemed cumulative and hence immaterial.'" United States v. Muschette, 392 F. Supp. 3d 282, 297 (E.D.N.Y. 2019) (quoting United States v. Orena, 145 F.3d 551, 559 (2d Cir. 1998)). Here, the defense has "ample ammunition" to attack Leissner,

---

[3] In addition, there are two other sets of documents that counsel for Leissner has stated he will not assert a privilege over, but remain in dispute because there are other privilege holders who need to weigh in: (1) communications on which the defendant has taken the position that there is a third party who breaks privilege; and (2) communications between Leissner and a criminal defense attorney on which his ex-wife, Judy Chan, is copied.

[4] As Leissner testified on direct, the defendant was not involved in the continued money laundering activity and concealment of Leissner's assets, all of which occurred after Leissner left Goldman Sachs. (Tr. 1134:24-1135:1).

2

including his own testimony and 3500 material and documents that have been produced regarding the topics of interest. The Court should not violate a well-established privilege to provide the defense with purely cumulative impeachment evidence. See United States v. Ghavami, 882 F. Supp. 2d 532, 544 (S.D.N.Y. 2012) (rejecting a claim that Giglio required disclosure of attorney-client privileged material); United States v. Dunbar, 590 F.2d 1340, 1343 (5th Cir. 1979) (declining to "breach the attorney-client veil" to permit "questions of a cumulative nature concerning [a witness's] conversations with his attorney").

In fact, even if a Challenged Document were determined not to be attorney-client privileged either on its face or based on some exception to the privilege—presumably after substantial and time-consuming litigation—the document would still concern the same topics for which the defense already has more than sufficient evidence to cross-examine Leissner. See, e.g., Orena, 145 F.3d at 559; see also United States v. Rowland, 826 F.3d 100, 113 (2d Cir. 2016) (evidence is "cumulative, and hence not material" when it "furnishes an additional basis on which to challenge a witness whose credibility has already been shown to be questionable or who is subject to extensive attack by reason of other evidence") (quoting United States v. Avellino, 136 F.3d 249, 257 (2d Cir. 1998)); United States v. Berrios, 279 F. App'x 82, 85 (2d Cir. 2008) (nondisclosure of evidence not material where there was a "wealth of impeachment evidence available"). Moreover, it is not an abuse of discretion to curtail "cross-examination as long as the jury has sufficient information to make a discriminating appraisal of the particular witness's possible motives for testifying falsely." United States v. Scarpa, 913 F.2d 993, 1018 (2d Cir. 1990); accord United States v. Nosov, 221 F. Supp. 2d 445, 449 (S.D.N.Y. 2002), aff'd, 119 F. App'x 311 (2d Cir. 2004); United States v. Devery, 935 F. Supp. 393, 408 (S.D.N.Y. 1996).

As noted above, Leissner has already testified that his post-Goldman criminal conduct with Low did not involve the defendant and that he made purchases and investments using proceeds from the charged criminal conspiracies, including of a yacht and real estate—see, e.g., Feb. 24, 2022 Trial Tr. at 1136-37—and the government anticipates that Leissner will testify that he lied in connection with the submission of his visa application, which are the topics of cross-examination for which the defendant seeks the Challenged Documents. The defense already has significant discovery and 3500 material on these topics, including in more than 265,000 documents from Leissner's laptop, Leissner's Yahoo and Google email accounts that were produced to the defendant before trial, starting on a rolling basis in 2019; from five phones belonging to Leissner that were all produced to the defendant before trial; and from almost 3000 pages of 3500 and/or Giglio material produced to the defendant more than two weeks before trial (which included the entirety of Leissner's A-file that contains evidence of specific false statements Leissner made in order to obtain a United States visa).

In short, because the defense is already well-positioned to cross-examine Leissner regarding the issues covered in the Challenged Documents, and because extrinsic evidence is not admissible to prove specific instances of Leissner's conduct, the Court does not need to reach the question of whether the Challenged Documents are privileged.

II. **The Marital Communications**

As the government advised the Court previously, and as counsel for Leissner and Ms. Simmons Leissner have re-confirmed, neither Leissner nor Ms. Simmons Leissner has

3

waived confidentiality with respect to the Marital Communications. On a phone call on February 27, 2022, counsel for the defendant stated that they may seek to question Leissner about the content of certain Marital Communications and/or introduce certain Marital Communications during cross-examination for the purposes of impeachment. Defense counsel further stated that they would make the determination whether to use Marital Communications at the end of "four or five days" of cross-examination of Leissner because defense counsel believes that by that point, defense counsel will be able to show that the crime-fraud exception would vitiate any marital privilege.[5] Defense counsel declined to identify for counsel for Leissner and Ms. Simmons Leissner the specific Marital Communications at issue (the government advised that it would not object to litigation around the Marital Communications being conducted ex parte), but did indicate that the general areas of interest would be efforts to spend and conceal criminal proceeds and other assets.

Unless and until the Court agrees with defense counsel's analysis that the crime-fraud exception applies to the Marital Communications, the content of the Marital Communications cannot properly be referenced by the defense, and the documents themselves cannot be introduced into evidence.[6] Moreover, even in that circumstance, the Marital Communications—similar to the Challenged Documents—would be used solely as extrinsic evidence to impeach Leissner on a collateral matter, and would be entirely cumulative of the information that the defendant already has about Leissner's efforts to spend, conceal and transfer criminal proceeds. That information includes Leissner's testimony—during which he already admitted engaging in such activities (without the defendant), see, e.g., Feb. 24, 2022 Trial Tr. at 1000-02; 1136-38; 1148-51—and the voluminous production of other materials related to Leissner that are detailed above, as well as financial records.

****

---

[5] The government has not sought, nor will it seek, to use Marital Communications.

[6] Under Second Circuit precedent, the defense could not ask Leissner about the Marital Communications at all without first establishing that "the communications in question were in furtherance of unlawful joint criminal activity." United States v. Estes, 793 F.2d 465, 467 (2d Cir. 1986).

For the reasons set forth above, the Court should deny any attempt by the defense to obtain the Challenged Documents or to use Marital Communications.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     s/
Alixandra E. Smith
Drew G. Rolle
Dylan A. Stern
Assistant U.S. Attorneys

| | |
|---|---|
| DEBORAH L. CONNOR<br>Chief, Money Laundering and Asset<br>Recovery Section, Criminal Division<br>U.S. Department of Justice | JOSEPH BEEMSTERBOER<br>Acting Chief, Fraud Section<br>Criminal Division<br>U.S. Department of Justice |
| s/<br>Jennifer E. Ambuehl<br>Trial Attorney | s/<br>Brent Wible<br>Trial Attorney |

cc:     Counsel for the defendant (via ECF and email)