# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: +1 213 443 4355
Fax: +1 213 443 4310
www.kslaw.com

David K. Willingham
Partner
Direct Dial: +1 415 318 1204
Direct Fax: +1 213 443 4310
dwillingham@kslaw.com

Brian R. Michael
Partner
Direct Dial: +1 213 443 4317
Direct Fax: +1 213 443 4310
bmichael@kslaw.com

February 27, 2022

<u>Via ECF and E-mail</u>

The Honorable Margo K. Brodie
Chief United States District Judge
Easter District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *United States v. Ng Chong Hwa a.k.a. Roger Ng*, 18 Cr. 538 (MKB)

Dear Chief Judge Brodie,

We represent Kimora Lee Simmons Leissner ("our client" or "Mrs. Leissner"), the estranged wife of Tim Leissner. As you know, our client is neither a party nor a trial witness in this matter.

Late Friday, February 25, 2022, we learned <u>for the first time</u> of <u>multiple</u> productions of discovery materials to the defense that we understand include our client's privileged marital communications, as well as the potential future production of materials that may include our client's privileged attorney-client communications. At no time prior to Friday, despite numerous opportunities to do so, was our client made aware by either the government or the defense of these productions.

More specifically, it is our understanding that an unspecified number of our client's privileged marital communications (i.e, communications between Mrs. Leissner and her husband) were produced to defense counsel many months if not years ago pursuant to a protective order (a copy

February 27, 2022
Page 2

of which we only received yesterday), and that just this week, along with a log of our client's potentially attorney-client privileged materials, another tranche of many thousands of privileged marital communications were produced to defense counsel pursuant to the same protective order. Simply put, none of our client's privileged marital communications should have ever been produced to defense counsel, much less without notice and an opportunity to have been heard.

While defense counsel has honored our request made this weekend to not review the materials produced this past week pending resolution of our concerns raised herein, they also confirmed for us that they have in fact reviewed our client's other privileged marital communications produced prior to this past week and, more importantly, that they will likely seek to use some of them during their forthcoming cross-examination of Mr. Leissner. Yet, despite having initiated contact with us in January on other matters, defense counsel never informed us that they were in possession of our client's privileged marital communications, nor that thay may seek to use them at trial. Only today, for the first time, has defense counsel informed us of their intentions, raising the frivolous claim that our client's marriage to Mr. Leissner is invalid, as well as a meritless assertion that our client's confidential spousal communications are discoverable pursuant to the crime-fraud exception despite the fact that there are no allegations in this case that our client has engaged in any criminal conduct. To be clear, Mrs. Leissner was unaware of Mr. Leissner's wrongdoing and has not been told that she is a target of any government investigation. Indeed, Mrs. Leissner is nothing more than an innocent spouse and mother of five children, who should not have to deal with the potential for the public use (or even private review) of her confidential marital communications in a case where she is not involved.

Since learning of these developments, we have been working diligently to gather information and research issues necessary for us to determine the appropriate steps to preserve and protect our client's significant confidentiality and privacy interests that have already been violated, with a clear danger of further compromise. It is unfathomable that she has been put in this situation and forced to respond without advance notice or prior opportunity to be heard. Our efforts have been hindered not only by the limited opportunity thus far to address these issues, but also because we do not yet have access to all of the relevant documents, nor other information necessary for us to properly advise our client.

We are acutely mindful of the urgency to resolve these issues so that trial may proceed in an expeditious and timely manner. We have no interest in causing further delay. Unfortunately, this is a situation not of our client's making, and in which she has much at stake. We believe it is imperative that our client be given a fair opportunity to receive and review the relevant information, as well as to assert and seek to preserve her attorney-client and marital communication privileges. We further believe that it would be wholly inappropriate to use any private communications involving our client and Mr. Leissner for any purpose at trial.

We understand that there is a telephonic hearing to address these and other discovery-related issues scheduled for tomorrow, Monday February 28, 2022, at 10am ET.  We intend to appear and, respectfully, will seek to be heard by the Court.

                Very truly yours,

                David K. Willingham
                Brian R. Michael

BRM:bgk