

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

F. #2016R00467

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 4, 2022

By ECF

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    United States v. Ng Chong Hwa
                 Criminal Docket No. 18-538 (S-2) (MKB)

Dear Chief Judge Brodie:

       The government respectfully submits this letter reply in further support of its motion to preclude the defense from introducing an embedded hearsay statement contained on the Chiyu Bank Transfer Form.[1]  The defendant's opposition, see ECF No. 150 ("Opp."), mischaracterizes the facts and is wrong on the law, and its arguments should be rejected.  The government intends to introduce the document as early as next week[2] and therefore seeks a ruling to determine the form in which the document will be admitted.

       The defense bears the burden, as the proponent of the embedded hearsay statement in the Chiyu Bank Transfer Form, of demonstrating its admissibility.[3]  See, e.g., United States v. Mendlowitz, 2019 WL 6977120, at *9 (S.D.N.Y. Dec. 20, 2019); United States v. Camacho, 353 F. Supp. 2d 524, 535-36 (S.D.N.Y. 2005).  The defense has not carried its burden here.  The mere fact that the government listed the Chiyu Bank Transfer Form, along with numerous other foreign records, on a pretrial notice under Section 3505 of Title 18, United

---

[1]    Capitalized terms not otherwise defined herein are defined in reference to the government's motion, ECF No. 147 ("Mot.").

[2]    The government is in the process of determining its witnesses for next week based on the defendant's projected estimate for the remaining cross-examination of Tim Leissner, and as a result may call Eric Van Dorn, a forensic accountant from the Federal Bureau of Investigation who has reviewed financial records in this case, as early as Wednesday, March 9.

[3]    As the government's motion makes clear, it is seeking to preclude the defense from introducing into evidence only the embedded hearsay statement in the "Remarks" section of the Chiyu Bank Transfer Form.  See Mot. at 4.

States Code, and Federal Rule of Evidence 807 does not entitle the defense to introduce any statement on that form for any purpose without regard for the rules of evidence.  See United States v. Yousef, 327 F.3d 56, 128 (2d Cir. 2003) ("[A] criminal defendant's right to present a full defense and to receive a fair trial does not entitle him to place before the jury evidence normally inadmissible."); United States v. Zayac, 2011 WL 5238823, at *4 (D. Conn. Nov. 1, 2011) (explaining that it is "entirely consistent with the Federal Rules of Evidence for the government to object to the defendant's attempt to admit [certain] statements, while planning to admit [such] statements . . . under a hearsay exception").

The government and the defense are not similarly situated with respect to the Chiyu Bank Transfer Form, and the fact that the government may have a non-hearsay basis to offer the document does not mean that the document is admissible if offered by the defense.  If the government were to offer the statement from the Chiyu Bank Transfer Form, it would not be offered for its truth, but rather "for its patent falsity."  United States v. Pedroza, 750 F.2d 187, 203 (2d Cir. 1984); see Mot. at 2 n.3.  By contrast, if the defendant were to offer the same statement, he would clearly be offering it for the truth of the matter asserted—that the funds transferred from the Capital Place Bank Account to the Silken Waters / Victoria Square Bank Account were, in fact, investment funds.  This is plainly hearsay, and neither of the defense's proffered bases for admission withstands even the slightest scrutiny.[4]

First, the defendant's argument that the statement from the Chiyu Bank Transfer Form is admissible under Rule 803(3) misses the mark.  See Opp. at 5-6.  Rule 803(3) carves out a narrow exception to the hearsay rule for "statement[s] of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)" and excludes "a statement of memory or belief to prove the fact remembered or believed."  Fed. R. Evid. 803(3).  As this Court has explained, "[t]his hearsay exception permits the admission only of statements of future intent."  ECF No. 138 at 27 (citing United States v. Best, 219 F.3d 192, 198 (2d Cir. 2000)); see also United States v. Harwood, 998 F.2d 91, 98 (2d Cir. 1993) (explaining that to satisfy Rule 803(3), "the statement must face forward, rather than backward"); Mendlowitz, 2019 WL 6977120, at *9 (noting that

---

[4] The defense spends more than half of its opposition brief complaining about the timing of the government's motion.  See Opp. at 2-4.  However, there is no basis to the claim that the defense was baited into opening on the provenance of the transferred criminal proceeds.  As laid out in the opposition itself, the defense has long planned to claim that the $35 million in stolen bond proceeds sent to the Silken Waters / Victoria Square Account was tied to legitimate business transactions (although, as the opposition itself again makes clear, the precise formulation of this defense has changed over time).  And the defense has planned since at least early this year—if not much longer than that—to call the defendant's wife to testify about the payments.  In any event, the government produced the Chiyu Bank Transfer Form in discovery in November 2019, and the defendant could have moved at any time to admit the statement on the form, just as the government moved in limine to introduce certain foreign records.  The defense's failure to do so is not attributable to the government, particularly given that the statement in the "Remarks" section of the form is plainly inadmissible hearsay if offered by the defense, as set forth in the government's motion and below.

the "plain text of [Rule 803(3)] does not cover the admission of statements regarding conduct or events that occurred earlier in time").

The "Remarks" are not admissible under Rule 803(3) because they are not a statement of future intent, but rather one that concerns previous events—namely, the purported investment by the defendant's wife, Hwee Bin Lim, in Judy Chan's business at some time in the past. Thus, the defendant's assertion that the statement at issue "did not refer to a past event," Opp. at 5 n.1, is wrong; indeed, it is entirely dependent on conduct that purportedly happened years prior. Moreover, the defendant would clearly be introducing the statement on the Chiyu Bank Transfer Form not "to establish some relevant aspect of [Ms. Chan's] future-facing intent," as Rule 803(3) requires, see ECF No. 138 at 28, but to prove the truth of the matter asserted, which is that the transferred funds were the repayment of an investment made years in the past. This purpose is not covered by Rule 803(3), and the defendant's argument should be rejected.

At bottom, "[w]hether a statement is hearsay depends upon what use the offeror intends the fact-finder to make of it." United States v. Dietrich, 865 F.2d 17, 20 (2d Cir. 1988). Here, the defendant (the offeror) seeks to admit the "Remarks" not to demonstrate Ms. Chan's then-existing state of mind, but rather to prove the truth of her assertion that the criminal proceeds she was transferring to the Silken Waters / Victoria Square Bank Account were, in fact, legitimate funds relating to a prior investment. As described above, this goes well beyond the narrow purpose of Rule 803(3), which only allows a "statement [to] be introduced to prove that the declarant"—here, Ms. Chan and her assistant, Tammy Lee—"thereafter acted in accordance with the stated intent." Best, 219 F.3d at 198. The defendant would not offer this statement to prove that Ms. Chan and Ms. Lee acted in accordance with their stated intent; rather, it would be introduced to prove that the defendant's receipt of $17.5 million was from a legitimate business enterprise. To permit the defendant to offer an out-of-court statement of Ms. Chan, his co-conspirator, about a material fact in dispute under the guise of the co-conspirator's "state of mind," and then argue that the jury should accept this fact as true in the absence of any cross-examination of the declarant, would render Rule 803(3) so broad as to swallow the rule against hearsay. For this reason and the others articulated above, the statement in the Chiyu Bank Transfer Form simply is not admissible under Rule 803(3).

Second, the Court should reject the defendant's argument that the embedded hearsay statement in the Chiyu Bank Transfer Form is admissible under Rule 807. See Opp. at 6-7. The Chiyu Bank Transfer Form itself—with the embedded hearsay statement redacted—could be admitted under Rule 807. Bank records confirm that the transaction in fact occurred as requested, and the document itself (absent the embedded hearsay) is therefore "supported by sufficient guarantees of trustworthiness." Fed. R. Evid. 807(a)(1).

There are no such guarantees with respect to the handwritten, embedded hearsay statement. Indeed, the defendant does not come close to demonstrating that the "Remarks" are "particularly trustworthy," as Rule 807 requires. See, e.g., United States v. Morgan, 385 F.3d 196, 208 (2d Cir. 2004); United States v. Hill, 658 F. App'x 600, 604 (2d Cir. 2016). As the government explained in its motion, any statement that Ms. Chan and/or her assistant may have made to an unknown third-party employee of Chiyu Bank concerning the source of the criminal proceeds that Ms. Chan transferred to the Silken Waters / Victoria Square Bank Account is far from particularly trustworthy. To the contrary, Ms. Chan had ample reason to make a false statement to the banker to ensure that Chiyu Bank would process the transfer. See United States

v. Paulino, 445 F.3d 211, 220 (2d Cir. 2006) (the proponent of the hearsay "must point to evidence that corroborates both the declarant's trustworthiness and the truth of the statement"). Additionally, among other things, Tim Leissner and Ms. Chan used the Capital Place Account to launder the proceeds of the criminal scheme involving 1MDB and to pay bribes and kickbacks, there is abundant documentary evidence that the government will introduce about the steps the defendant and his wife took to conceal their connection to the Silken Waters / Victoria Square Account, and the account representative for the Silken Waters / Victoria Square account was told that the funds were profits from "equity investments in Switzerland" that would be transferred from BSI bank. Accordingly, this Court should deny the defendant's request to admit the "Remarks" under the narrow Rule 807 exception. See ECF No. 138 at 33 ("The residual exception in Rule 807 is used very rarely, and only in exceptional circumstances." (internal quotation marks omitted)).[5]

   Finally, the defendant fails to address that the "Remarks" are, in fact, hearsay-within-hearsay-within-hearsay. The first level is the Chiyu Bank Transfer Form itself, which the government respectfully submits it may offer under Rule 803(6) or Rule 807. The second level is the handwritten note made by an unknown Chiyu Bank employee. The third level is the statements of Ms. Chan and Ms. Lee that were made to that unknown banker. The defendant addresses only the third level of hearsay in his opposition, and for the reasons described above, the defendant has failed to demonstrate that these statements, which he seeks to offer for their truth, are admissible under Rule 803(3), Rule 807 or any other hearsay exception. The defendant completely ignores the second, intermediate level of hearsay. See Mot. at 3 n.4. The defendant has made no argument why this hearsay statement by an unknown banker is admissible. Nor could he successfully do so. This is an independent reason to preclude the defendant from introducing the embedded hearsay statement from the Chiyu Bank Transfer Form.

****

---

[5]  Nor is there any grounds for the defendant to admit the embedded hearsay statement under Rule 803(6). The government obtained a certification that the Chiyu Bank Transfer Form was kept in the usual course of business for Capital Place, but was unable to obtain such a certification from Chiyu Bank, which did not retain the Chiyu Bank Transfer Form. While the Chiyu Bank Transfer Form itself (as opposed to the contents of the "Remarks" section) may be a business record of Capital Place, the embedded notation of the banker reporting a statement of Ms. Chan and Ms. Lee is plainly not a business record of Capital Place.

For the reasons stated above and in the government's February 20, 2022 letter, the Court should preclude the defense from introducing into evidence the embedded hearsay statement in the "Remarks" section of the Chiyu Bank Transfer Form.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  s/_____
Alixandra E. Smith
Drew G. Rolle
Dylan A. Stern
Assistant U.S. Attorneys

DEBORAH L. CONNOR
Chief, Money Laundering and Asset
Recovery Section, Criminal Division
U.S. Department of Justice

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

s/_____
Jennifer E. Ambuehl
Trial Attorney

s/_____
Brent Wible
Trial Attorney

cc:    Counsel for the defendant (via ECF and email)