# Brafman & Associates, P.C.

ATTORNEYS AT LAW

256 FIFTH AVENUE, 2ND FLOOR

NEW YORK, NEW YORK 10001

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

———

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ZACH INTRATER
OF COUNSEL

ANDREA L. ZELLAN

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

March 7, 2022

VIA ECF
The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Ng Chong Hwa a.k.a Roger Ng, 18 Cr. 538 (MKB)

Dear Chief Judge Brodie:

We write to reply to the government's response (Dkt. 166) to the defense letter filed last night (Dkt. 164). The government has an affirmative obligation to take immediate corrective action when, as here, its witness commits perjury or even, suspending common sense for the sake of argument, testifies to things that are objectively false. We have given this prosecution team every opportunity to do what prosecutors are obligated to do, and they have steadfastly refused. We asked to stipulate immediately to the admission of the TECS records. The government refused. We asked to stipulate immediately to the admission of all the TEEMS records to objectively demonstrate that the defendant was not in Las Vegas in early November 2012 but in Singapore and Kuala Lumpur. The government refused.

While in the normal course, the Court cannot compel the government to stipulate to the admission of evidence nor to stipulate to the truth of certain facts, perjury by a central government witness is not in the normal course. We respectfully argue that if the government is not willing to voluntarily correct the record made by its sole cooperator – indeed, the only witness implicating the defendant at this trial – then we ask the Court to do so.

At this point, everyone in Your Honor's Courtroom except the jury knows the truth: that Roger Ng was not in Las Vegas for Jho Low's birthday party. Everyone except the jury knows that Leissner's sworn testimony on this point is unquestionably false. Regardless of whether this amounts to perjury (which the defense claims is self-evident) or simply false testimony by a

BRAFMAN & ASSOCIATES, P.C.

government witness, the result must be the same. The record should be corrected now. The jury should not labor under a falsehood known now to the Court and the government.

We respectfully request that the Court permit counsel for Mr. Ng to admit the relevant TECS records prior Mr. Leissner resuming his testimony. To allow him to continue to testify without the jury knowing that he has testified falsely as to this topic is unfair to the defendant, it impairs the integrity of this trial, and it is not in keeping with the prosecutor's ethical duty to provide only that evidence that the prosecutor believes to be true.

The jury should not be made to falsely believe that Leissner was truthful when he plainly was not as to this testimony as it evaluates his credibility and the balance of his testimony. The government is hoping, apparently, to rehabilitate Leissner on re-direct under the altogether false impression that his testimony on this point was true, when the government knows its false. Moreover, the government is hoping to have the jury weigh Leissner's credibility going forward based on information that the government knows is false, and is actively now keeping from this jury. We should not have to proceed with the jury under the misimpression that Leissner's testimony was anything other than objectively, provably and undoubtedly false.

Respectfully submitted,

Marc A. Agnifilo, Esq.
Zach Intrater, Esq.
Teny R. Geragos, Esq.
Jacob Kaplan, Esq.

cc:    Counsel for the government (via ECF)