# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

256 FIFTH AVENUE, 2ND FLOOR

NEW YORK, NEW YORK 10001

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN
———
MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ZACH INTRATER
OF COUNSEL

ANDREA L. ZELLAN

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

March 16, 2022

VIA ECF
The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: United States v. Ng Chong Hwa a.k.a. Roger Ng, 18 Cr. 538 (MKB)

Dear Chief Judge Brodie:

  We write to respectfully request that the Court strike Robert Pepitone's testimony relating to a document whose contents he never knew and which did not reflect his knowledge. The testimony was permitted, over defendant's contemporaneous and specific objection, pursuant to Federal Rule of Evidence 803(5). However, this exception – which requires all of three factors to be met – does not apply to Mr. Pepitone's testimony.

  The hearsay exception of Federal Rule of Evidence 803(5) is known as "Recorded Recollection. It mandates that all of three factors be met before a record can be admitted as a recorded recollection. The record must be one that: "(A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge." Fed. R. Evid. 803(5).

  In arguing for the admission of the information contained on GX 3003 pursuant to FRE 803(5), the Government misstated the law concerning this rule of evidence. First, the government did not state that all three of the 803(5) factors must be satisfied in order for the Rule to apply. Also, the government did not state that the witness, as opposed to the agency employing the witness

BRAFMAN & ASSOCIATES, P.C.

or some other person, must have had knowledge of the contents of the document in order for the Rule to apply. As a result, the government urged the Court to admit testimony under FRE 803(5) that was inadmissible under the Rule.

The government cannot satisfy Rule 803(5)(A), and it cannot satisfy Rule 803(5)(C). It cannot satisfy either of these prongs because it has not established – either at this trial or in Mr. Pepitone's prior testimony – that Mr. Pepitone himself (as opposed to someone else at The Clearing House) ever personally had knowledge of the events in question. This is an absolute requirement for the admissibility of past recollection recorded generally and for Rule 803(5) in particular.

In Parker v. Reda, 327 F.3d 211 (2d Cir. 2003), the Second Circuit held that before a particular memorandum could be read into evidence pursuant to Rule 803(5), "a showing was required that . . . at the time [the witness] prepared or adopted it, it correctly reflected his knowledge of the events." Id. at 213 (emphasis added). In that case, the witness's personal knowledge was established by asking, "Q. Based on your reading of [the memorandum] is that a document that you yourself wrote? A. Yes it is. Q. And based upon your reading of that document at the time did you in fact have personal knowledge of what occurred during that incident? A. Yes." Id. at 213-14. Accordingly, the Court held that "[t]his testimony sufficiently supports the district court's implicit findings that [the witness] prepared the memorandum on or about the date of the incident and that it accurately reflected his knowledge at that time . . . ." Id. at 214 (emphasis added). See also, e.g., Fincher v. County of Westchester, 979 F. Supp. 989, 1005 (S.D.N.Y. 1997) (holding that Rule 803(5) only applies if, inter alia, "at the time he checked [the record], he knew that [it] correctly reflected his knowledge of the events"); 5 Cotchettt, Federal Courtroom Evidence § 803.6 ("the memorandum is not admissible unless the witness had sufficient personal knowledge of the underlying events.")

First, the government points to two prior trials at which Mr. Pepitone testified – one in 2019, and one in 2017. But a review of the transcripts of those trials show that Mr. Pepitone did not testify, and has never testified, that he "once knew" the precise locations and dates of when CHIPS wires were sent through North Carolina, and when they were sent through New York. That is, there is no "recollection" that has ever been proven. None of Mr. Pepitone's testimony has established that he once knew the information that he must have forgotten in order for 803(5)(A) to be satisfied.

This is unsurprising, and no fault of Mr. Pepitone, because he is not a low-level clerk at the Clearing House; he is the "Vice President, senior product manager of the CHIPS product." (Tr. 2542:2-3.) During his testimony in 2019, Mr. Pepitone never established (again through no fault of his own; he was never asked) if he once knew the precise dates on which CHIPS wires were routed through New York or North Carolina. But to be admissible under FRE 803(5), the government's questions would have to show that Mr. Pepitone himself once had knowledge of the applicable dates, that the writing was made or adopted by Mr. Pepitone when the matter – the precise dates of CHIPS routing – was fresh in his memory, and that it reflected that knowledge correctly.

BRAFMAN & ASSOCIATES, P.C.

The point is that Mr. Pepitone's knowledge was not, and has never been, established in the first place on this topic. In other words, to be admissible under Rule 803(5), either the prior testimony in 2017 or 2019, or Mr. Pepitone's testimony at our trial, would have had to be "on a matter the witness once knew about but now cannot recall." Fed. R. Evid. 803(5)(A). But that is not what the government established. At our trial, the government simply asked whether, at the prior trial in 2019, "[d]uring that proceeding did you testify truthfully and accurately?" (Tr. 2548:23-24.) The truthfulness and accuracy of Mr. Pepitone's testimony is not the issue.

The issue is whether he knew the relevant facts – the precise dates of the location of CHIPS processing facilities – in 2019, or in 2017, or at any other time. His testimony from those prior proceedings is silent on that issue. Instead, during his 2019 testimony, Mr. Pepitone could not remember the relevant dates either. (Tr. 2567:19-21 ("Q: Do you know which facility was used during which time period between 2013 and 2016? A: Not off the top of my head, no."). He was then asked, "Did The Clearing House prepare a document that would refresh your memory?," and Mr. Pepitone answered "Yes. I believe they did." (Tr. 2567:22-24.) "They," meaning The Clearing House – not Mr. Pepitone himself. Similarly, in his 2017 testimony, Mr. Pepitone was asked "Q: [d]o you have access to that information as to which facility was used on which particular date? A: Yes, I do. Q: Do you recall all of that information as you sit here today? A: No, I don't. Q: Is there a document that's been prepared by The Clearing House that would refresh your recollection as to which facility was used on which particular day? A: Yes, there is." (Tr. 984:14-24.) In both of these trials, the dates of which location CHIPS transactions were processed was never established to be Mr. Pepitone's personal knowledge.

This is a different issue than FRE 803(5)(B), which deals with the making or adopting of the witness "when the matter was fresh in the witness's memory." At sidebar, the government apparently believed that the Rule 803(5) test was disjunctive, instead of conjunctive. (Tr. 2549:25-2550:4 "THE COURT: What rule are you relying on? MS. AMBUEHL: Federal Rule of Evidence 803(5) past recollection recorded. MS. SMITH: Subsection B: Was made or adopted by the witness when the matter was fresh in the witness's memory.")

This is incorrect. The matter does not just have to satisfy Rule 803(5)(B) – it has to satisfy all three subsections. Here, Mr. Pepitone certainly adopted someone's knowledge – but it was not his. At least, the government has never established that the knowledge at some point in the past belonged to Mr. Pepitone. But that requirement – of personal knowledge – is exactly what Rule 803(5) requires.

Rule 803(5) only applies when a witness forgets an earlier event but has made a record of that event when the event was still fresh in his mind. The record, because it was made when the witness "knew about" it, is probably accurate, and therefore is excepted from hearsay.

BRAFMAN & ASSOCIATES, P.C.

      Here, the government has not established what Mr. Pepitone – himself – ever actually knew.  Indeed, the record is clear that he himself never knew the information at issue.  Therefore, Rule 803(5) does not apply.  Rather, the testimony is inadmissible hearsay, as the defense stated as part of its objection at the time of the initial offering of the evidence, and should be stricken from the record, along with the portions of any charts relying on the inadmissible testimony.

                                             Respectfully submitted,

                                             Marc A. Agnifilo, Esq.
                                             Zach Intrater, Esq.
                                             Teny R. Geragos, Esq.
                                             Jacob Kaplan, Esq.

cc:       Counsel for the government (via ECF)