

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

F. #2016R00467

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 23, 2022

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ng Chong Hwa
                Criminal Docket No. 18-538 (S-2) (MKB)

Dear Chief Judge Brodie:

      The government respectfully submits this letter in response to the defendant's proposed jury instructions.  See ECF No. 178.  The government's proposed jury instructions are appropriate, based on the facts of this case and relevant precedent.  See ECF No. 177.  However, the government writes to provide additional case law regarding certain of the defendant's proposed charges and revisions, which are not consistent with applicable governing law.

      1.    Definition of "Willfulness"

      Throughout the defendant's jury instructions, he has proposed that "willfulness" be defined as "knowledge that one's conduct is illegal," see ECF No. 158 at 3, and has struck the government's proposed language that "[t]he government need not prove that the defendant was aware of the specific law or rule that his conduct may be violating, but must prove that the defendant acted with knowledge that his conduct was, in a general sense, unlawful."  Striking that language and replacing it with the defendant's proposal runs counter to the law and risks leaving the jury with the misimpression that "willfulness" requires the defendant to know the specific law he is charged with conspiring to violate.  As the Second Circuit recently explained:

> In [Bryan v. United States, 524 U.S. 184 (1998)], the Supreme Court approved the following definition of willfulness:  "[a] person acts willfully if he acts intentionally and purposely with the intent to do something the law forbids, that is, with the bad purpose to disobey or disregard the law."  The Court further held that a person who acts willfully need not be aware of the specific law that his conduct may be violating.  Rather, "knowledge that the conduct is unlawful is all that is required."

United States v. Henry, 888 F.3d 589, 598-99 (2d Cir. 2018) (quoting Bryan, 524 U.S. at 190, 196); see also United States v. Kozeny, 493 F. Supp. 2d 693, 705 (S.D.N.Y. 2007) (interpreting

"willfully" as used in the Foreign Corrupt Practices Act).  Accordingly, the Court should reject these edits by the defendant and use the specific language regarding willfulness from the government's requests to charge, which are derived from Supreme Court and Second Circuit precedent.

        2.      <u>Overt Act Element for Conspiracy to Violate the Foreign Corrupt Practices Act</u>

The defendant repeatedly states the overt act element for conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") requires the government to prove that a member of the conspiracy knowingly committed "one of the overt acts charged in the indictment."  ECF No. 178 at 7, 11.  He also asks the Court to include in its instruction on the overt act element a venue instruction, in addition to the stand-alone venue instruction he requested.  <u>Id.</u> at 11-12.  Each of these proposals is improper and should be rejected.

First, the Second Circuit has held that "the government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant."  <u>United States v. Kozeny</u>, 667 F.3d 122, 132 (2d Cir. 2011) (citing <u>United States v. Kaplan</u>, 490 F.3d 110, 129 (2d Cir. 2007)).  This is because while "proof of at least one overt act is necessary to prove an element of the crime, which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself element of the crime."  <u>Id.</u>  Thus, the Court should reject the defendant's formulation requiring the government to prove that one of the overt acts specifically alleged in the indictment was committed by a member of the conspiracy.  All that is required, under the controlling precedent, is that the jury find that an overt act was committed in furtherance of the conspiracy.  That overt act need not be specifically charged in the indictment.

Similarly, the Court should reject the defendant's attempt to include a venue component in the Court's instruction on the overt act requirement.  As case after case in the Second Circuit has instructed, "because venue is not an element of the offense, 'the government need establish it only by a preponderance of the evidence.'"  <u>United States v. Rutigliano</u>, 790 F.3d 389, 396 (2d Cir. 2015) (quoting <u>United States v. Ramirez</u>, 420 F.3d 134, 139 (2d Cir. 2005)); <u>accord</u> <u>United States v. Chow</u>, 993 F.3d 125, 143 (2d Cir. 2021); <u>United States v. Tzolov</u>, 642 F.3d 314, 318 (2d Cir. 2011).  By incorporating a venue component in the overt act instruction, the defendant's proposal would risk confusing the jury about the standard of proof required for venue.  Indeed, the defendant's proposal suggests that venue is an element that must be proven beyond a reasonable doubt.  In contrast, the government's proposed venue instruction correctly reflects the law and the applicable burden of proof.  The defendant's proposed edits to the overt act instruction should therefore be rejected.

        3.      <u>The Government's Burden Regarding Elements of Substantive Offenses</u>

Throughout the defendant's proposed jury charge, he includes language requiring the government to prove "beyond a reasonable doubt" the various elements of the substantive crimes the defendant is charged with conspiring to violate.   This requirement runs afoul of controlling precedent and should not be included.

"It is elementary that conspiracy is a crime, separate and distinct from the substantive offense."  <u>United States v. Pinckney</u>, 85 F.3d 4, 8 (2d Cir. 1996).  In proving a

conspiracy, "the government need not prove commission of the substantive offense or even that the conspirators knew all the details of the conspiracy." Id.; accord United States v. Coplan, 703 F.3d 46, 66 (2d Cir. 2011). Rather, the government must "prove that the intended future conduct they agreed upon includes all the elements of the substantive crime." Id.; see also United States v. Kozeny, 664 F. Supp. 2d 369, 390 (S.D.N.Y. 2009) (finding that, where a defendant is charged with conspiracy to violate the FCPA, "the jury was correctly instructed that the Government need not prove all of the elements of the substantive crime of violating the FCPA"), aff'd, 667 F.3d 122 (2d Cir. 2011).

Here, the government's proposed instruction properly informs the jury of the substantive elements of an FCPA violation, but also makes clear that the government is not required to prove those elements beyond a reasonable doubt and instead bears the burden of proving the existence of a conspiracy to do so. The defendant's proposed requests to charge, by contrast, repeatedly instructs the jury that the government must prove each element of the substantive offense underlying each conspiracy charge. The defendant's proposed instruction is an incorrect statement of the law and should not be used.

4. The Defendant's Proposed "Official Act" Instruction for FCPA Bribery

With regard to Count One, the defendant proposes the following language: "The government must prove beyond a reasonable doubt a 'quid pro quo' exchange, specifically that the defendant understood that a co-conspirator would provide something of value in exchange for the foreign official engaging in an official act of the type set forth above." ECF No. 178 at 22. This proposed instruction misstates the law in two ways. Not only does this language suggest that the government must prove an actual, consummated bribe (which, for the reasons discussed in the previous point, the government is not required to prove), but the Second Circuit has expressly rejected the defendant's proposed "quid pro quo" language referring to an "official act."

In United States v. Ng Lap Seng, 934 F.3d 110 (2d Cir. 2019), the defendant challenged the district court's instruction on the FCPA charge, which did not include any "quid pro quo" language or reference to an "official act," see id. at 129-30; see also ECF No. 177, Ex. B at 34-44. The Second Circuit affirmed, finding that the "official act quid pro quo" for bribery . . . does not delimit the bribery as proscribed by . . . the FCPA," and that the district court properly instructed the jury on the FCPA counts. Ng Lap Seng, 934 F.3d at 146. This was because the FCPA, unlike the statute that proscribes the bribery of federal officials, does not include any reference to or definition of "official acts." Compare 18 U.S.C. § 201(a)(3), (b)(1)(A). To the contrary, the Second Circuit recognized that the FCPA defines bribery "more expansively" than 18 U.S.C. § 201. Ng Lap Seng, 934 F.3d at 138. Here, the defendant seeks to incorporate a version of the "official act" language that the Ng Lap Seng Court said, "should not have [been] charged . . . at all." Id. at 130. Moreover, the defendant's proposed "quid pro quo" language similarly does not appear in the FCPA. Rather than use this phrase, which is not helpful to the jury, the Court should instead hew closely to the statute's text, as set forth in the government's proposed instructions. For these reasons, the defendant's version of this element should not be included in the jury charge.

3

      5.      <u>Instructions Regarding Internal Accounting Controls</u>

      The defendant proposes a significantly different version of the charge regarding internal accounting controls than that put forward by the government.  <u>See</u> ECF No. 181.  These changes, which distort the statutory language, should each be rejected.

      First, the defendant's proposed instruction gives primacy of place to a single sub-section of the internal accounting controls provision and mentions the other sub-sections only in passing.  The defendant's proposed instruction highlights subsection (ii)(I) of 15 U.S.C. § 78m(b)(2)(B)—the very sub-section the defense has sought to echo in its cross-examination of certain witnesses.  ECF No. 181 at 1 ("<u>First</u>, Goldman Sachs Group had a system of internal accounting controls, which permit the preparation of financial statements in conformity with generally accepted accounting principles"), ("Internal accounting controls are those accounting controls of an issuer that provide reasonable assurances regarding the reliability of the financial statements in accordance with generally accepted accounting principles.").  In doing so, it all but ignores the other three statutory sub-sections, which provide, among other things, that a "system of internal accounting controls" must be sufficient to provide reasonable assurances that "transactions are executed in accordance with management's general or specific authorization" and that "access to assets is permitted only in accordance with management's general or specific authorization."  15 U.S.C. § 78m(b)(2)(B)(i), (iii).  To use the defendant's definition would define "internal accounting controls" far too narrowly and would contradict the plain language of the statute.

      Second, and relatedly, the defendant includes the following language in his requests to charge:

> Internal accounting controls are those accounting controls of an issuer that provide reasonable assurances regarding the reliability of the financial statements in accordance with generally accepted accounting principles.
>
> Internal accounting controls are not the same as all "control functions" at a company such as Goldman Sachs.  "Control functions" means all of the non-revenue generating parts of a company's business, including all risk management.
>
> \*\*\*
>
> In sum, the internal accounting controls of an issuer are only those controls which are specifically designed to provide reasonable safeguards against the unauthorized use or disposition of company assets and reasonable assurances that financial records and accounts are sufficiently reliable for purposes of external reporting.

ECF No. 181 at 1-2.  The defendant provides no support for his proposed definition of "control functions," nor does he explain why it would be proper to draw the distinctions he does.  Indeed, the parties agree that the relevant statute requires issuers to maintain a system of "internal accounting controls" that provides "reasonable assurances" that, among other things,

4

"transactions are executed in accordance with management's general or specific authorization" and "access to assets is permitted only in accordance with management's general or specific authorization." 15 U.S.C. § 78m(b)(2)(B)(i), (iii). The defendant's attempt to minimize the significance of these statutory provisions while emphasizing the preparation of financial statements in conformity with generally accepted accounting principles and "external reporting" should not be endorsed by this Court.

Third, the defendant seeks to define "internal accounting controls" by reference to the Black's Law Dictionary definition of "Accounting," and repeatedly and improperly omits the word "internal" before "accounting controls" in his proposed charge. See ECF No. 181 at 2-3 & n.5. This approach would define "internal accounting controls"—a term of art used in the FCPA—too narrowly, and would risk confusing the jury by attaching more of a lay meaning to a specific statutory phrase. In relying on this dictionary definition, the defendant yet again emphasizes the recording of transactions "to produce a set of financial records," while ignoring the two statutory sub-sections that expressly require issuers to maintain controls reasonably designed to ensure that transactions are executed and assets are accessed only in accordance with management's authorization. Id. at 2-3. Accordingly, this proposed language should be rejected, as should the defendant's other proposed edits to the government's charge.

6. "False in One, False in All" Instruction

The defendant asks the Court to include in its jury charge a "False in One, False in All" instruction. See ECF No. 178 at 67. The Court should not do so. As Judge Friendly once stated, "The maxim 'Falsus in uno, falsus in omnibus' has been well said to be itself absolutely false as a maxim of life." United States v. Weinstein, 452 F.2d 704, 714 (2d Cir. 1972); accord United States v. Sainfil, 2019 WL 4861447, at *6-7 (E.D.N.Y. Oct. 2, 2019). Furthermore, Sand's Modern Federal Jury Instructions advise against providing this instruction, noting the "strong trend to refrain from charging the jury on this issue" and "recommend[ing] that no instruction be given but rather that a general instruction on credibility be given and that this issue be left to the argument of counsel." Sand, et al., Modern Federal Jury Instructions, Instruction 7-17 & cmt.

7. The Defendant's Venue Instruction

The defendant asks the Court to give a novel venue instruction that has no basis in the law and conflates venue and the overt act requirement. In his proposed charge, the defendant agrees that the jury should be instructed that "the Eastern District of New York includes the waters within New York and Bronx Counties, which include the waters surrounding the island of Manhattan that separate Manhattan from the other boroughs of New York City and from the State of New Jersey, as well as the air space above the district or the waters in the district." ECF No. 178 at 55. However, the defendant asks the Court to further instruct the jury that "the Eastern District of New York does not include the land beneath these waters, but only the waters themselves." Id.

The defendant cites no law for this new venue formulation excluding the "land beneath [the] waters" of the Eastern District." Id. But more importantly, the defendant's proposed charge confuses the issues. To be sufficient to confer venue, something or someone need only pass "through or over" the waters of the Eastern District of New York. United States

5

v. Rutigliano, 790 F.3d 389, 397 (2d Cir. 2015) (affirming venue where wire transfers "traveled through or over waters within the" district). See also United States v. Kirk Tang Yuk, 885 F.3d 57, 71-72 (2d Cir. 2018) (conspirator's trip over the Verrazano Bridge passed over the concurrent waters of Southern and Eastern District of New York and supported venue in the Southern District of New York); United States v. Tzolov, 642 F.3d 314, 320 (2d Cir. 2011) ("[V]enue for a conspiracy may be laid in a district through which conspirators passed in order to commit the underlying offense."); United States v. Duque, 123 F. App'x 447, 449 (2d Cir. 2005) (flight from Queens passing over the concurrent waters of the Eastern and Southern Districts of New York sufficient to support venue in the Southern District of New York).

    The defendant also misstates the "reasonable foreseeability" standard in his proposed charge, claiming that, to establish venue, the government must prove "it was reasonably foreseeable to the defendant that the qualifying overt act would occur in the Eastern District of New York." ECF No. 178 at 56. That is not the law. The government does not have to prove that a co-conspirator had actual knowledge that an overt act was committed in the district, but only that it was "reasonably . . . foreseeable that part of the offense would take place in the district." Kirk Tang Yuk, 885 F.3d at 70. There is no requirement to limit the jury's consideration of relevant acts to an overt act, let alone any specific overt act alleged in the indictment. The government must simply prove that it was foreseeable that "part of the offense" would happen in the district. As the Circuit explained in Kirk Tang Yuk, to satisfy the preponderance standard for venue, the government may rely on "any part of the crime or any act in furtherance of the crime." Id.

    Accordingly, the defendant's proposed venue instruction should be rejected, and the Court should include the government's proposed charge, which is anchored by the controlling law of this Circuit.

****

For the foregoing reasons, the Court should reject each of the defendant's proposed jury instructions listed above. Moreover, the government respectfully submits that, based on the applicable case law and jury instruction precedent provided, see ECF No. 177, the government's requests to charge are appropriate to provide to the jury as written.

                            Respectfully submitted,

                            BREON PEACE
                            United States Attorney

By:    s/
         Alixandra E. Smith
         Drew G. Rolle
         Dylan A. Stern
         Assistant U.S. Attorneys

| | |
|---|---|
| DEBORAH L. CONNOR | JOSEPH BEEMSTERBOER |
| Chief, Money Laundering and Asset | Acting Chief, Fraud Section |
| Recovery Section, Criminal Division | Criminal Division |
| U.S. Department of Justice | U.S. Department of Justice |
| | |
| s/ | s/ |
| Jennifer E. Ambuehl | Brent Wible |
| Trial Attorney | Trial Attorney |