

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

F. #2016R00467

*271 Cadman Plaza East
Brooklyn, New York 11201*

March 27, 2022

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ng Chong Hwa
                Criminal Docket No. 18-538 (S-2) (MKB)

Dear Chief Judge Brodie:

      The government respectfully submits this letter to request that the defense be precluded from eliciting improper and inadmissible testimony from the defendant's wife, Hwee Bin Lim, should she testify. Specifically, Lim should not be permitted to testify regarding: (1) irrelevant personal matters, including the circumstances of her daughter's birth and other medical issues, which would be intended to engender sympathy; and (2) her hearsay communications with Tim Leissner, which are barred by the Federal Rules of Evidence.[1]

I.      <u>Irrelevant Testimony on Personal Matters Should Be Precluded</u>

      The defense has produced material to the government pursuant to Federal Rule of Criminal Procedure 26.2 that suggests they may attempt to elicit from Lim testimony regarding her medical history and that of her family, including, but not limited to, her daughter's conception via in vitro fertilization and premature birth. Such testimony is plainly irrelevant and would be designed to play to jurors' sympathies. Accordingly, it should be precluded.

      Evidence is admissible only if it is relevant. <u>See</u> Fed. R. Evid. 401. Even if relevant, courts may exclude evidence if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one," Fed. R. Evid. 403, Adv. Comm. Notes, and "[d]istrict courts have broad discretion to balance the probative value of

---

[1] The defense has produced material to the government regarding statements Lim and others made in connection with statutory declarations that may have resulted in the return of certain funds held in accounts controlled by one or more of Lim's family members to 1MDB. As of March 26, 2022, the defense was not certain whether they intended to elicit this information on Lim's direct examination. Should the defense attempt to elicit such testimony, the government intends to object on various grounds, including because the statements are irrelevant under Rule 403.

evidence against possible undue sympathy or bias as well as prejudice," United States v. Miller, 641 F. Supp. 2d 161, 167 (E.D.N.Y. 2009); see United States v. Helbrans, 2021 WL 4778525, at *13 (S.D.N.Y. Oct. 12, 2021) ("Applying Rule 403, courts have routinely excluded evidence that, even if relevant, might improperly confuse the jury or influence jurors by unduly distracting their attention from the charged crimes through sympathy." (citing cases)).  Indeed, when evidence is of limited probative value, it should be excluded if it has the "potential to engender sympathy in an inappropriate effort to excuse defendant's commission of the charged offenses." Miller, 641 F. Supp. 2d at 167; see also United States v. Paccione, 949 F.2d 1183, 1201 (2d Cir. 1991) (affirming preclusion of evidence that the defendant had son with cerebral palsy); United States v. Kaufman, 2021 WL 51521, at *2 (S.D.N.Y. Jan. 6, 2021) (precluding evidence and argument "concerning defendant's family background, health conditions, other personal factors unconnected to guilt or innocence" as it would "would invite the jury to determine the case on the basis of factors that are not relevant to guilt or innocence").

       Here, any medical issues endured by Lim or any member of her family, including the defendant and their daughter, are completely irrelevant to the charged crimes and devoid of probative value.  Given the defense's previous attempt to improperly elicit testimony on such topics—see Tr. at 1928 (defense counsel's question to Leissner, about the defendant, "Do you recall that he had a very early premature child?")—the government respectfully requests that the Court preclude testimony on any such matters before Lim testifies.

II.     Lim's Hearsay Statements on Recorded Calls Are Still Inadmissible When She Testifies

       In addition, the Rule 26.2 material produced by the defendant suggests that Lim may attempt to testify regarding statements she made on calls with Leissner both before Leissner's arrest, in 2015 and 2017, and while he was cooperating with the government, in 2018. The fact that the defense may try to introduce Lim's statements through Lim herself does not render these hearsay statements admissible, and the Court should preclude Lim from testifying about them.

       As an initial matter, any statements made by Leissner on these calls would clearly be hearsay if offered for their truth.  See Fed. R. Evid. 801(c), 802.  The government's ability to offer Leissner's pre-arrest statements into evidence for their truth, including through his own testimony, does not allow the defendant to do the same.  See Fed. R. Evid. 801(d)(2)(E).  The defendant bears the burden of demonstrating the applicability of a hearsay exception in order to admit through Lim any statements Leissner may have made to her.  See, e.g., United States v. Mendlowitz, 2019 WL 6977120, at *9 (S.D.N.Y. Dec. 20, 2019); United States v. Camacho, 353 F. Supp. 3d 524, 535-36 (S.D.N.Y. 2015); see also Fed. R. Evid. 803, 804.  They cannot carry that burden.

       Nor does Lim's willingness to testify permit the defense to sidestep the hearsay rules as to her own statements.  Rule 801(d)(1) provides the limited set of prior statements that are not hearsay "if the declarant testifies and is subject to cross-examination about [the statement]."  Specifically, a prior statement is not hearsay if it "is consistent with the declarant's testimony and is offered . . . to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying."  Fed. R. Evid.

2

801(d)(1)(B)(i).[2]  However, any of Lim's statements introduced through her testimony would not be offered to rebut a charge of recent fabrication, as the government has alleged—and adduced evidence at trial—that Lim began fabricating a cover story at least as early as 2016, long before her self-serving statements to Leissner in 2018.  Instead, Lim's statements would be offered for the truth of the matter asserted—e.g., statements that purport to explain the provenance of the criminal proceeds transferred into the Silken Waters / Victoria Square Bank Account and/or her relationship with Judy Chan.  See United States v. Check, 582 F.2d 668, 681 (2d Cir. 1978) ("[A]side from the relatively small number of prior statements that are admissible as being within the dispensation conferred by Fed. R. Evid. 801(d)(1)(B), a witness's prior statements offered to prove the truth of the matters asserted therein are not immunized from the proscriptive effect of the hearsay rule."); see also United States v. Dietrich, 865 F.2d 17, 20 (2d Cir. 1988) ("Whether a statement is hearsay depends upon what use the offeror intends the fact-finder to make of it.").  Such statements offered for their truth are hearsay and do not fall within the ambit of Rule 801(d)(1)(B)(i), and the defendant should be precluded from introducing them through Lim.

   Even if Lim's prior statements to Leissner were offered to rebut a charge of recent fabrication—even though the fabrication at issue, as stated above, goes back years—the defense could not satisfy the strict temporal requirements of Rule 801(d)(1)(B)(i), which requires that "the consistent statements must have been made before the alleged influence, or motive to fabricate, arose."  Tome v. United States, 513 U.S. 150, 158 (1995); see also United States v. Caracappa, 614 F.3d 30, 39 (2d Cir. 2010) (noting that "imbedded" in Rule 801(d)(1)(B)(i) is "a temporal limitation that permits the introduction of a declarant's consistent out-of-court statements to rebut a charge of recent fabrication or improper influence or motive only when those statements were made before the charged recent fabrication or improper influence or motive." (quoting Tome, 513 U.S. at 159, 167)).  "A prior consistent statement made after an improper motive exists is simply 'not within the scope' of Rule 801(d)(1)(B)." United States v. Al-Moayad, 545 F.3d 139, 167 (2d Cir. 2008) (quoting United States v. Forrester, 60 F.3d 52, 64 (2d Cir. 1995)).

   In this case, Lim and the defendant discussed with Leissner the need to create a cover story in 2016, after Leissner was served with a grand jury subpoena.  Moreover, when Lim spoke to Leissner in June 2018, she expressed to him concern that "Friend/Everybody was worried you might be compromised," demonstrating that she was already worried at that point about speaking to him honestly.  ECF No. 90, Ex. E; see ECF No. 138 ("Lim's statement in the Admitted Communications that 'Friend/Everybody was worried you might be compromised' shows that she was already concerned about speaking to him honestly [in June 2018], and the fact that news of Leissner's potential cooperation leaked in the interim would only escalate these concerns.").  Thus, Lim was already fabricating facts as of 2016 and, by June 2018, she had a clear motive to fabricate when speaking to Leissner.  Accordingly, at a minimum, Lim's 2016

---

[2]  Rule 801(d)(1) also provides that a declarant-witness's prior statement is not hearsay if it "is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition," "is consistent with the declarant's testimony and is offered . . . to rehabilitate the declarant's credibility as a witness when attacked on another ground," or "identifies a person as someone the declarant perceived earlier." Fed. R. Evid. 801(d)(1)(A), (B)(ii), (C).

and 2018 statements are not properly admissible under Rule 801(d)(1)(B)(i) not only because they would be offered solely for their truth and not to rebut a charge of recent fabrication, but also because she already had a motive not to be honest during her conversations with Leissner.

III.     Conclusion

For the foregoing reasons, the Court should preclude the defense from eliciting through Lim irrelevant testimony concerning personal matters designed to evoke sympathy and hearsay statements made on calls between herself and Leissner.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    s/
Alixandra E. Smith
Drew G. Rolle
Dylan A. Stern
Assistant U.S. Attorneys

DEBORAH L. CONNOR
Chief, Money Laundering and Asset
Recovery Section, Criminal Division
U.S. Department of Justice

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

s/
Jennifer E. Ambuehl
Trial Attorney

s/
Brent Wible
Trial Attorney