

U.S. Department of Justice

United States Attorney
Eastern District of New York

F. #2016R00467

271 Cadman Plaza East
Brooklyn, New York 11201

April 3, 2022

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Ng Chong Hwa
       Criminal Docket No. 18-538 (S-2) (MKB)

Dear Chief Judge Brodie:

    The government respectfully submits this letter in response to the Court's updated jury instructions, as sent to the parties on April 2, 2022 (the "Updated Jury Instructions"). The government requests an addition to the Court's instruction on venue, which appears on pages 22-23 of the redline version of the Updated Jury Instructions, to make clear that venue can be based on actions taken by third parties who were not members of the conspiracy but whose actions were caused by the defendant or a co-conspirator and furthered the aims of the conspiracy.[1]

    In United States v. Svoboda, 347 F.3d 471 (2d Cir. 2003), the Second Circuit recognized that "venue is proper in a district where (1) the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur in the district of venue or (2) it is foreseeable that such an act would occur in the district of venue," id. at 483; see also United States v. Odunaike, 273 F. App'x 58, 60 (2d Cir. 2008) (explaining that the phrase "in a district where the defendant intentionally or knowingly causes an act in furtherance of the charged offense" refers to "actions taken by third parties who are not part of the conspiracy, but whose actions furthered the aims of the conspiracy"). Moreover, a co-conspirator's conduct outside the district that furthers the objective of the conspiracy within the district, even through an innocent third party, can also be sufficient to establish venue. See United States v. Rommy, 506 F.3d 108, 122 (2d Cir. 2007) ("a telephone call placed by a government actor within a district to a

---

[1]  The government proposes three additional edits as well. First, on page 17 of the redline of the Updated Jury Instructions, the government requests that the last sentence of the first paragraph of the "Prior Inconsistent Statements" instruction read, "If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his **or her** trial testimony, if any, to believe." Second, on page 46 of the redline, there is a typographical error that references "1MDBD" rather than "1MDB." Third, on pages 54-55 of the redline, overt acts (f), (j) and (k) can be removed, as the government is not proceeding on these overt acts.

conspirator outside the district can establish venue within the district provided the conspirator uses the call to further the conspiracy").

Consistent with this precedent, the government requests that the Court's instruction on venue be modified as follows:

> To establish that venue for a charged crime is appropriate in this district, the government must prove that some act in furtherance of the crime occurred here, in the Eastern District of New York. This means that with respect to each crime charged, even if other acts were committed outside this district or if the crime was completed elsewhere, venue is established in the Eastern District of New York so long as some act in furtherance of the crime took place in this district. Indeed, a defendant need not personally have been present in the district for venue to be proper. Venue turns on whether any part of the crime or any act in furtherance of the offense was committed in the district. **Venue is proper in a district where the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur or where it is foreseeable that such an act would occur in the district**. In a conspiracy, such as those charged in Counts One, Two, and Three, actions of coconspirators, **as well as actions caused by coconspirators**, may be sufficient to confer venue if it was reasonably foreseeable to the defendant that the acts would occur in the Eastern District of New York.

Redline at 22-23.

For the foregoing reasons, the Court should modify the venue portion of the Updated Jury Instructions and incorporate the changes proposed in footnote 1.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     s/
      Alixandra E. Smith
      Drew G. Rolle
      Dylan A. Stern
      Assistant U.S. Attorneys

DEBORAH L. CONNOR
Chief, Money Laundering and Asset
Recovery Section, Criminal Division
U.S. Department of Justice

s/
Jennifer E. Ambuehl
Trial Attorney

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

s/
Brent Wible
Trial Attorney