

U.S. Department of Justice

United States Attorney
Eastern District of New York

F. #2016R00467

271 Cadman Plaza East
Brooklyn, New York 11201

April 5, 2022

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ng Chong Hwa
                Criminal Docket No. 18-538 (S-2) (MKB)

Dear Chief Judge Brodie:

        The government respectfully submits this letter in response to the defendant's belated and incorrect claim that Section 403 of the Malaysian Penal Code, which prohibits "dishonest misappropriation of property," does not qualify as a felony for purposes of 18 U.S.C. § 1956. The defendant's claim is untimely and utterly lacking in legal support. Because the jury was properly instructed on Malaysian law, the defendant's claim should be denied.

        Under Federal Rule of Criminal Procedure 30(a), a request for a jury instruction "must be made at the close of the evidence or at any earlier time that the court reasonably sets." Having failed to timely raise this claim after the Court gave him numerous opportunities to do so, the defendant has waived it. Indeed, the defendant himself included jury instructions on Section 403 in his proposed charge, and the objections he raised to the charge did not include his latest claim that it does not qualify as a felony. See ECF No. 178 at 38-39 & n.27, 45-46 & n.35.

        In any event, even if it were timely, the defendant's claim lacks any legal basis. Section 403 of the Malaysian Penal Code provides for "imprisonment for a term which shall not be less than six months and not more than five years." Malaysian Penal Code § 403. This offense plainly qualifies as a felony under United States law. Federal law classifies offenses as felonies or misdemeanors by reference to the maximum term of imprisonment authorized for a particular offense. 18 U.S.C. § 3559. Specifically, a felony is defined as any offense for which "the maximum term of imprisonment authorized" is "more than one year." Id. § 3559(a)(5); see also Burgess v. United States, 553 U.S. 124, 130 (2008) ("[T]he term 'felony' is commonly defined to mean a crime punishable by imprisonment for more than one year.") A misdemeanor is defined as any offense for which the maximum authorized term of imprisonment is one year or less. 18 U.S.C. § 3559(a)(6). Under these standards, Section 403 of the Malaysian Penal Code—which authorizes a maximum term of imprisonment of five years—is plainly a felony. That the statute carries a mandatory minimum of six months' imprisonment is of no moment; a host of felonies under United States law contain no mandatory minimum sentence at all, including all of the felonies with which the defendant is charged in this case.

Additionally, in the immigration context, a number of Courts of Appeals have determined whether a criminal offense under a foreign nation's law qualifies as a "felony" for purposes of the Immigration and Nationality Act by looking to analogous offenses under United States law.  See, e.g., Squires v. INS, 689 F.2d 1276, 1278-79 (6th Cir. 1982).  The federal offenses most closely analogous to Section 403 of the Malaysian Penal Code are 18 U.S.C. §§ 641 and 666, both of which prohibit embezzlement.  Section 641 is a felony offense so long as the value of the property at issue exceeds $10,000.  Such an offense is punishable by a term of imprisonment of up to 10 years.  Section 666 similarly carries a statutory maximum sentence of 10 years.  Because the statutory analogues to Section 403 of the Malaysian Penal Code are felonies under United States law, the Malaysian statute plainly qualifies as a felony for purposes of the federal money laundering statute.

For the foregoing reasons, the defendant's untimely challenge to the jury instructions should be rejected.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  s/
Alixandra E. Smith
Drew G. Rolle
Dylan A. Stern
Assistant U.S. Attorneys

DEBORAH L. CONNOR
Chief, Money Laundering and Asset
Recovery Section, Criminal Division
U.S. Department of Justice

s/
Jennifer E. Ambuehl
Trial Attorney

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

s/
Brent Wible
Trial Attorney