

AMSTERDAM & PARTNERS LLP
LONDON                    WASHINGTON

1101 30th ST NW, STE 500
WASHINGTON, DC 20007

Peter J. Sahlas
Senior Counsel
*p.sahlas@amsterdamandpartners.com*

Cameron Ashouripour
Senior Associate
*c.ashouripour@amsterdamandpartners.com*

September 5, 2023

<u>Via ECF</u>

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:  *United States v. Ng Chong Hwa a.k.a. Roger Ng,* 18 Cr. 538 (MKB)**

Dear Chief Judge Brodie,

On September 2, 2023, we were appointed to represent the Federation of Malaysia ("Malaysia" or "our client"). Although Malaysia is not a party in this matter, our client has sought our assistance and representation to act on Malaysia's behalf regarding its temporary surrender of Ng Chong Hwa ("Roger Ng") to the United States.

Based on obligations contained in the extradition treaty between the United States and Malaysia, as well as the commitments made between the United States and Malaysia in a series of letters dating to March 7, 2019, the United States Department of Justice must "seek the U.S. Court's authorization to return Ng to Malaysia before he commences serving any term of imprisonment in the United States" (see March 7, 2019 letter of Jeffrey M. Olson, Associate Director, Office of International Affairs, United States Department of Justice, to Sakina Binti Saad, Attorney General's Chambers of Malaysia; annexed hereto).

September 5, 2023
Page 2

Our client is of the view that since July 2023, the United States has backtracked on those commitments.  Based on correspondence received by Malaysia from July through September 2023, the United States is pushing ahead with a materially divergent interpretation of those commitments.

Yesterday evening we wrote directly to the United States Attorney's Office for the Eastern District of New York, indicating our appointment and our intention to request to you that our client be heard in this matter.  They informed us that they intend to request a one-month adjournment of Roger Ng's surrender date to October 6, 2023.

Such an adjournment would allow us to be heard in this Court, and to advise our client more effectively with respect to the actions of the Office of International Affairs.  An adjournment would further allow the Office of International Affairs and our client additional time to resolve this issue consistent with their mutual treaty obligations.

We have therefore agreed to a teleconference later this week with United States Attorney's Office for the Eastern District of New York, to discuss our positions.  Moving forward, we respectfully request to be heard by this Court as an Interested Party.

In the meantime, our client has asked us to keep you updated on progress made between Malaysia and the United States on this very serious issue.

Respectfully,

Peter J. Sahlas
Cameron Ashouripour


Enc.



**U.S. Department of Justice**

Criminal Division

---

*Office of International Affairs*                                    *Washington, D.C. 20530*

March 7, 2019

Sakina Binti Saad
Attorney General's Chambers of Malaysia
Head of Transnational Crime Unit
45, Persiaran Perdana
Putrajaya, Malaysia

      Subject:     Ng Chong Hwa (also known as "Roger Ng")

Dear Ms. Sakina:

      We are writing to provide the Attorney General's Chambers of Malaysia ("AGC") with further information and details relating to the procedure by which Roger Ng will be extradited to the United States pursuant to the Extradition Treaty Between the Government of the United States and the Government of Malaysia (the "Treaty"). As you know, at the request of the United States, Malaysian authorities arrested Ng on November 1, 2018. In November 2018, the United States also tendered to Malaysia a request that Ng be extradited to the United States and Malaysia thereafter filed a petition for extradition with the Malaysian courts. On February 15, 2019, Ng waived extradition before the Sessions Court of Malaysia, consistent with Article 17 of the Treaty and section 22 of Malaysia's Extradition Act, and agreed to be surrendered to U.S. authorities.

      We have outlined below the proposed process and our understanding of the agreement by which Ng will be surrendered temporarily to the United States, consistent with Article 13(2) of the Treaty, the conditions under which he will be kept in custody in the United States, and his ultimate return to Malaysia so that he may also face criminal charges filed against him by AGC.

      We request that AGC confirm to us by March 11, 2019, its commitment to temporarily surrender Ng to the United States so that we can make appropriate arrangements in advance of our anticipated trip to Malaysia on March 18, 2019. We greatly appreciate Malaysia's cooperation in this case and in support of this extradition request and look forward to continuing our cooperation moving forward.

**<u>Surrender of Ng to U.S. Authorities</u>**

      Upon receipt by the U.S. Embassy in Kuala Lumpur of a warrant of temporary surrender for Ng issued by Malaysia's Minister of Home Affairs, the Federal Bureau of Investigation ("FBI") will coordinate promptly with Malaysian authorities to take custody of Ng and transport him to the United States. The FBI expects to transport Ng from Malaysia to the United States either on a U.S. government aircraft or, if appropriate, a commercial carrier, and will be prepared to do so within several days of the warrant issuing.

## Terms of Custody While Ng Is In the United States

Upon Ng's arrival in the United States, Ng will be promptly presented for an initial hearing before the Honorable Margo K. Brodie of the United States District Court for the Eastern District of New York (the "U.S. Court") in Brooklyn, New York, where the criminal charges are pending. At the initial appearance, the U.S. Court will decide the conditions of custody for Ng. However, the U.S. Department of Justice ("DOJ") has been able to secure the agreement of Ng's counsel to the following conditions of custody that we expect the U.S. Court to impose:

i. Ng will only be permitted to reside in an apartment (the "Relevant Property") located in the Eastern District or Southern District of New York that is approved by the U.S. Court's Pretrial Services Office.

ii. Ng will be monitored 24 hours a day. Ng will be required to wear an electronic ankle bracelet at all times while in the United States, which will allow the U.S. Court's Pretrial Services Office to monitor Ng's location at all times.

iii. Ng will be detained within the Relevant Property and required to remain there. He will only be allowed to exit the Relevant Property with the permission of the U.S. Court's Pretrial Services Office and for him to appear in court, to attend meetings with his U.S. counsel, or go to medical appointments. After arriving in the United States, if Ng agrees to cooperate with DOJ's investigation, we expect that the U.S. Court's Pretrial Services Office will also permit Ng to leave the Relevant Property to attend meetings with DOJ, the FBI and other law enforcement authorities. To otherwise leave the Relevant Property, Ng will have to seek permission from the U.S. Court and DOJ will have an opportunity to object.

iv. Ng will be required to surrender to U.S. authorities any and all passports he may possess.

v. Ng will be required to post a $20 million bond with the U.S. Court secured by $1 million in funds deposited with the Clerk of the U.S. Court. Furthermore, DOJ has also obtained Ng's agreement that only legitimate funds will be used to lease the Relevant Property and to secure the bond.

## Return of Ng to Malaysia

Based on DOJ's conversations with Ng's counsel, the strength of DOJ's charges and evidence against Ng, and the potential benefit to Ng if he cooperates with DOJ, DOJ expects that Ng will cooperate with the U.S. investigation. In connection with Ng's cooperation, Ng will be required to plead guilty to U.S. charges and to agree to forfeit the proceeds he obtained as a result of the crimes he committed. Importantly, Ng will also agree to be fully debriefed by DOJ. DOJ will endeavor to make Ng available to meet with Malaysian authorities at their request. Once Ng is sentenced, DOJ agrees to promptly seek the U.S. Court's authorization to return Ng to Malaysia before he commences serving any term of imprisonment in the United States. DOJ anticipates that this process could be complete by the end of this year. As you

know, if Ng is in a cooperative posture, he may also be willing to plead guilty to Malaysian charges.

If Ng elects not to cooperate with DOJ's investigation, the U.S. Court will set a trial date. Because of the complexity of the facts in this case, DOJ anticipates that (i) the U.S. Court may set a trial date approximately six months from Ng's initial appearance before the U.S. Court, and (ii) Ng's trial may last approximately four weeks. Upon conviction and sentencing, DOJ agrees to seek the U.S. Court's authorization to return Ng to Malaysia before he commences serving any term of imprisonment in the United States. Likewise, in the unlikely circumstance that Ng is acquitted at trial, DOJ agrees to seek the U.S. Court's authorization to return Ng to Malaysia. Furthermore, we appreciate Malaysia's willingness to temporarily surrender Ng to the United States prior to prosecution on Malaysia's pending criminal charges. We understand, however, based on conversations between our offices, that Malaysia is not willing at this time to temporarily surrender Ng for an indefinite amount of time but is willing to temporarily surrender Ng for a period of ten months running from the time Ng is physically surrendered to the United States. At the expiration of the period of temporary surrender, DOJ will undertake best efforts to return Ng within the constraints of the U.S. constitutional and applicable legal framework. This period of temporary surrender may be further extended as agreed upon by the parties.

Upon receiving the U.S. Court's authorization to return Ng to Malaysia after sentencing, the unlikely event of acquittal, or the expiration of the period of temporary surrender, FBI will promptly coordinate with AGC and Malaysian law enforcement authorities to escort and return Ng to Malaysia. Once Ng has been returned to Malaysia, Malaysia agrees to make Ng available to the United States to continue his cooperation or to attend or give testimony in U.S. proceedings.

On behalf of DOJ, we extend to you our highest compliments and look forward to the continued success of the relationship between the United States and Malaysia.

Sincerely,

Vaughn A. Ary
Director

By:

Jeffrey M. Olson
Associate Director
Office of International Affairs
U.S. Department of Justice

3